UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

D. Joseph Kurtz, Individually and on                    :
Behalf of All Others Similarly Situated,                :
                                                        :
                                    Plaintiff,          :
                                                        :
                        vs.                             :     No. 1:14-cv-01142-JBW-RML
                                                        :
Kimberly-Clark Corporation and                          :
Costco Wholesale Corporation                            :
                                                        :
                                    Defendants.         :

---------------------------------------------------------------x

**DEFENDANT KIMBERLY-CLARK CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

James W. Mizgala (*pro hac vice*)
Kara L. McCall (*pro hac vice*)
Daniel A. Spira (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Kimberly-Clark Corporation*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT .............................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT ..........................................................................................................4

I.      PLAINTIFF LACKS STANDING TO BRING CLAIMS REGARDING PRODUCTS HE HAS NEVER PURCHASED. ....................................................6

II.     BECAUSE PLAINTIFF HAS NOT PLED CAUSATION OR RELIANCE, HIS GBL, NJCFA, BREACH OF EXPRESS WARRANTY, AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL....................................................................7

      A.     Plaintiff Has Not Sufficiently Pled Causation. .............................................7

      B.     Plaintiff Has Not Sufficiently Pled Reliance. ...............................................9

III.    PLAINTIFF'S NJCFA CLAIM FAILS BECAUSE HAS NOT PLED WITH PARTICULARITY ANY ASCERTAINABLE LOSS. .......................................11

IV.    PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR NEGLIGENT MISREPRESENTATION....................................................................13

V.     PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR BREACH OF EXPRESS WARRANTY. ................................................................14

      A.     Plaintiff Does Not Stand In Privity With Kimberly-Clark. .......................14

      B.     Plaintiff Did Not Provide Timely Notice to Kimberly-Clark. ...................15

VI.    PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT.......16

      A.     Plaintiff's Duplicative Unjust Enrichment Claim Fails............................16

      B.     Plaintiff's Unjust Enrichment Claim Is Not Cognizable Under New Jersey Law For Additional, Independent Reasons................................................17

           1.     Unjust Enrichment Is Not An Independent Tort Cause Of Action Under New Jersey Law. ................................................................17

           2.     Plaintiff Does Not And Cannot Plead That He Conferred A Benefit Directly On Kimberly-Clark. .......................................................18

i

VII.    PLAINTIFF'S GBL AND NJCFA CLAIMS MUST BE DISMISSED TO THE
        EXTENT THAT THEY ARE BROUGHT ON BEHALF OF NATIONWIDE
        CLASSES. ........................................................................................................20

CONCLUSION....................................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abraham v. Am. Home Mortg. Servicing, Inc.*,
    947 F. Supp. 2d 222 (E.D.N.Y. 2013) ........................................................................5, 7, 8, 9

*AHW Inv. P'ship, MFS v. Citigroup Inc.*,
    No. 09 MD 2070 (SHS), __ F. Supp. 2d __, 2013 WL 5827643 (S.D.N.Y. Oct. 30,
    2013) ........................................................................................................................................4

*Alin v. Am. Honda Motor Co.*,
    No. 08-4825, 2010 WL 1372308 ((D.N.J. Mar. 31, 2010) ....................................................19

*Anschutz Corp. v. Merrill Lynch & Co., Inc.*,
    690 F.3d 98 (2d Cir. 2012)....................................................................................................13

*Arlandson v. Hartz Mountain Corp.*,
    792 F. Supp. 2d 691 (D.N.J. 2011) .......................................................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................4, 5

*Burns v. Volkswagen of Am., Inc.*,
    97 A.D.2d 977 (4th Dep't 1983) ............................................................................................15

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*,
    394 F.3d 126 (3d Cir. 2004)....................................................................................................6

*Castro v. NYT Television*,
    851 A.2d 88 (N.J. Super. Ct. App. Div. 2004)......................................................................17

*Cooper v. NYT Television*,
    No. 07-3853, 2008 WL 4513924 (D.N.J. Sept. 30, 2008) ....................................................19

*Cooper v. Samsung Elecs. Am., Inc.*,
    374 F. App'x 250 (3d Cir. 2010) .....................................................................................20, 21

*Corsello v. Verizon New York, Inc.*,
    18 N.Y.3d 777 (2012) ............................................................................................................16

*Coyle v. Hornell Brewing Co.*,
    Civil No. 08–02797, 2010 WL 2539386 (D.N.J. June 15, 2010) ..........................................15

*Crete v. Resort Condos. Int'l, LLC*,
  No. 09-5665, 2011 WL 666039 (D.N.J. Feb 14, 2011) .........................................................6

*DiBartolo v. Abbott Labs.*,
  914 F. Supp. 2d 601 (S.D.N.Y. 2012) ........................................................................14

*Ebin v. Kangadis Food Inc.*,
  13 CIV. 2311 (JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ..........................14, 15, 17

*Franulovic v. Coca-Cola Co.*,
  No. 07-539, 2007 WL 3166953 (D.N.J. Oct. 25, 2007) ......................................................12

*Gale v. IBM Corp.*,
  9 A.D.3d 446 (2d Dep't 2004) ................................................................................8, 9

*Gatt Commc'ns, Inc. v. PMC Assocs. L.L.C.*,
  711 F.3d 68 (2d Cir. 2013) ........................................................................................4

*Goshen v. Mut. Life Ins. Co. of New York*,
  98 N.Y.2d 314 (2002) ....................................................................................4, 8, 20

*Gray v. Bayer Corp.*,
  No. 08-4716, 2009 WL 1617930 (D.N.J. June 9, 2009).......................................................18

*Green v. Green Mountain Coffee Roasters, Inc.*,
  279 F.R.D. 275 (D.N.J. 2011)..................................................................................6, 7

*Hemy v. Perdue Farms, Inc.*,
  No. 11-888 FLW, 2011 WL 6002463 (D.N.J. Nov. 30, 2011)................................................7

*Horowitz v. Stryker Corp.*,
  613 F. Supp. 2d 271 (E.D.N.Y. 2009) ..........................................................................10

*Hubbard v. Gen. Motors Corp.*,
  No. 95 CIV. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)............................................15

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
  No. 12-MD-2413 (RRM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ...................7, 20, 21

*In re Mercedes-Benz Tele Aid Contract Litig.*,
  267 F.R.D. 113 (D.N.J. 2010) ..................................................................................21

*In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*,
  No. 08-939, 2009 WL 2940081 (D.N.J. Sept. 11, 2009)...................................................9, 12

*Koenig v. Boulder Brands, Inc.*,
  No. 13-CV-1186 (ER), 2014 WL 349706 (S.D.N.Y. Jan. 31, 2014)................................14, 16

iv

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
    211 F.R.D. 228 (S.D.N.Y. 2002) ................................................................20, 21

*Lieberson v. Johnson & Johnson Consumer Cos.*,
    865 F. Supp. 2d 529 (D.N.J. 2011) ................................................ passim

*Mandarin Trading Ltd. v. Wildenstein*,
    16 N.Y.3d 173 (2011) ................................................................10, 13

*Marcus v. BMW of N. Am.*,
    687 F.3d 583 (3d Cir. 2012)................................................................8, 9

*Mason v. Coca-Cola Co.*,
    No 09-0220, 2010 WL 2674445 (D.N.J. June 30, 2010)........................................18

*MLSMK Inv. Co. v. JPMorgan Chase & Co.*,
    651 F.3d 268 (2d Cir. 2011)................................................................5

*Montich v. Miele USA, Inc.*,
    849 F. Supp. 2d 439 (D.N.J. 2012) ................................................................4

*Nelson v. Xacta 3000 Inc.*,
    No. 08-5426, 2010 WL 1931251 (D.N.J. May 12, 2010)................................17, 19

*Parker v. Howmedica Osteonics Corp.*,
    No. 07-2400, 2008 WL 141628 (D.N.J. Jan. 14, 2008)........................................12

*Pinello v. Andreas Stihl Ag & Co. KG*,
    No. 8:08-CV-00452 LEK, 2011 WL 1302223 (N.D.N.Y. Mar. 31, 2011) ............10

*Powers v. Ohio*,
    499 U.S. 400 (1991) ................................................................7

*Premier Pork, L.L.C. v. Westin Inc.*,
    Civ. Action No. 07-1661, 2008 WL 724352 (D.N.J. Mar. 17, 2008) ....................16

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013)................................................................15

*Savage v. Beiersdorf Inc.*,
    No. 13-CV-0696 (DLI), 2013 WL 5532756 (E.D.N.Y. Sept. 30, 2013)................10

*Shannon v. Howmedica Osteonics Corp.*,
    No. 09-4171, 2010 WL 421096 (D.N.J. Feb. 1, 2010) ........................................5, 6

*Singer v. Beach Trading Co., Inc.*,
    876 A.2d 885 (N.J. Super. Ct. App. Div. 2005)................................................................10

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
    171 F.3d 912 (3d Cir. 1999)..................................................................................17, 18

*Sys. v. ADT Sec. Servs., Inc.*,
    Civ. No. 07-3579, 2008 WL 682232 (D.N.J. Mar. 7, 2008)................................................16, 17

*Szymczak v. Nissan N. Am., Inc.*,
    No. 10 CV 7493 (VB), 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011)...................................21

*Thiedemann v. Mercedes-Benz USA, LLC*,
    872 A.2d 783 (N.J. 2005)................................................................................11, 13

*U.S. ex rel. Mooney v. Americare, Inc.*,
    No. 06-CV-1806 (FB), 2013 WL 1346022 (E.D.N.Y. Apr. 3, 2013).......................................5

*Woori Bank v. RBS Sec., Inc.*,
    910 F. Supp. 2d 697 (S.D.N.Y. 2012).....................................................................5

## STATUTES

N.Y. Gen. Bus. Law (GBL) § 349 ............................................................................ passim

GBL § 350.............................................................................................. passim

N.J.S.A. § 56:8-19....................................................................................13

## RULES

Fed. R. Civ. P. 8.........................................................................................10

Fed. R. Civ. P. 9(b) ................................................................................... passim

Fed. R. Civ. P. 12(b) ............................................................................1, 7, 10, 21

## PRELIMINARY STATEMENT

Plaintiff D. Joseph Kurtz brings a class action complaint under New York and New Jersey law (on behalf of nine putative consumer classes, including New York, New Jersey and nationwide consumers), regarding two manufacturers' alleged misrepresentations pertaining to nineteen different "flushable wipe" products.  Plaintiff, however, alleges to have purchased only two of those products.  And with regard to those two products, Plaintiff does not allege what representations he saw, let alone relied on, before purchasing the products, how much of the products he purchased or used, or how much he paid for the products.

Each of Plaintiff's six causes of action should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  *First*, Plaintiff's claims should be dismissed in substantial part pursuant to Federal Rule 12(b)(1), because he does not have standing to bring claims regarding the seventeen products he never allegedly purchased.  *Second*, multiple claims fail under Rule 12(b)(6) because Plaintiff does not plead causation to support his New York General Business Law ("GBL") (Counts III and IV), New Jersey Consumer Fraud Act ("NJCFA") (Count V), and New Jersey-based breach of express warranty (Count II) claims; and fails to sufficiently plead reliance to support his negligent misrepresentation (Count I) and New York law-based breach of express warranty (Count II) claims.  *Third*, Plaintiff also fails to plead an ascertainable loss to support his NJCFA claim (Count IV).  *Fourth*, Plaintiff cannot state a claim for negligent misrepresentation under New York law (Count I), because he is not in privity and lacks a "special relationship" with Kimberly-Clark Corporation ("Kimberly-Clark").  *Fifth*, Plaintiff cannot state a claim for breach of express warranty under New York law (Count II), because he is not in privity with Kimberly-Clark, and did not provide Kimberly-Clark with timely notice of the alleged breach.  *Sixth*, Plaintiff cannot state a claim under either New York or New Jersey law for unjust enrichment (Count VI), because, *inter alia*, his claim is duplicative

1

of his other causes of action.  Accordingly, Plaintiff's complaint should be dismissed in full.
*Finally*, if Plaintiff's GBL and NJCFA claims survive dismissal on the bases noted above, they should be dismissed to the extent they are brought on behalf of out-of-state purchasers.

## BACKGROUND

Plaintiff alleges that Defendants Kimberly-Clark and Costco Wholesale Corporation ("Costco") (collectively "Defendants") have engaged in "deceptive, improper or unlawful conduct in the design, marketing, manufacturing, distribution, and sale of flushable wipes." Compl. [D.E. 1] ¶ 1.  In particular, Plaintiff alleges that despite being marketed as "flushable," Defendants' products "do not disintegrate immediately upon flushing, like toilet paper," and therefore "cause serious problems for homeowners and municipalities alike."  *Id*. ¶ 3.

Plaintiff allegedly "purchased [Kimberly-Clark's] Cottonelle Fresh Flushable Cleansing Cloths from various drug stores such as Walgreens, and supermarkets such as Stop & Shop and ShopRite, near each of his homes."  *Id*. ¶ 6.  He also asserts that he purchased Costco's Kirkland Signature Wipes from two Costco locations.  *Id.*; *see id.* ¶ 73 ("In or about February 2013, Plaintiff purchased Kirkland Signature and Cottonelle flushable wipes products in Brooklyn, New York and Ocean Township, New Jersey, and flushed the products down toilets in both his Brooklyn, New York residence and a home he rented in Elberon, New Jersey.").  Plaintiff does not allege the quantity of Cottonelle® or Kirkland wipes he purchased, the quantity of either product he used, the amount he paid for either product, or the representations he saw or relied upon in purchasing either product.  While he alleges that he flushed "the products" down toilets in his New York and New Jersey homes, it is unclear whether he used *both* products in both locations, or one product in each respective location, or which one he used when.  *See id*. ¶ 73.

Plaintiff claims that he "experienced plumbing issues, including clogging of his home plumbing and sewer back-ups," and that "[w]ipes labeled by Defendants as 'flushable' cost more

2

than similar products without misleading advertisements and misrepresentations regarding their flushability, and would have cost less absent the false and misleading information." *Id*. ¶¶ 74-75. Plaintiff maintains that he suffered damages in the form of "significant plumbing costs," inflated prices over unspecified non-flushable wipes, and/or the unspecified full purchase price for the flushable wipes. *See id*. ¶¶ 76-83.

On these allegations, Plaintiff seeks certification of nine different putative classes regarding the purchase of nineteen different products. *Id.* ¶ 90. Three of the proposed classes involve "Cottonelle Flushable Wipes," which is defined as a group of four products, only one of which plaintiff has allegedly purchased. *Id*. ¶¶ 2 (defining "Cottonelle Flushable Wipes"), 6 (alleging that plaintiff purchased "Cottonelle Fresh Flushable Cleansing Cloths"), 90 (seeking certification of nationwide, New York, and New Jersey classes of consumers of "Cottonelle Flushable Wipes"). Three additional proposed classes pertain to "Kimberly-Clark Flushable Wipes," a group that plaintiff defines to include the four "Cottonelle Flushable Wipes," plus fourteen additional products. *Id*. ¶ 2. Again, Plaintiff only allegedly purchased one of the products in that group, *see id*. ¶ 6, but nonetheless seeks to represent nationwide, New York, and New Jersey classes of consumers of all 14 products, *id*. ¶ 90. Finally, Plaintiff proposes nationwide, New York, and New Jersey classes consisting of all purchasers of "Kirkland Signature Flushable Wipes," a single product—not manufactured by Kimberly-Clark—that Plaintiff allegedly purchased. *Id*. ¶¶ 2, 6, 90. In sum, Plaintiff seeks certification of nine classes of nationwide, New York, and New Jersey consumers regarding nineteen products, seventeen of which he does not allege to have purchased or used.[1]

---

[1] Plaintiff allegedly purchased Kirkland Signature Moist Flushable Wipes and Cottonelle Fresh Flushable Cleansing Cloths. Compl. ¶ 6. He did not allegedly purchase or use Cottonelle Gentle Care Flushable Cleansing Cloths with Aloe & E; Cottonelle Fresh Folded Wipes; Cottonelle

Plaintiff brings six causes of action:  negligent misrepresentation (Count I), breach of express warranty (Count II), violation of GBL §§ 349 and 350 (Counts III and IV), violations of the NJCFA (Count V), and unjust enrichment (Count VI).[2]  In addition to class certification, Plaintiff seeks statutory, compensatory, and punitive damages; disgorgement and restitution; attorneys' fees and costs; and declaratory and injunctive relief.  *Id.* at Prayer for Relief.

## ARGUMENT

"To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." '"  *Gatt Commc'ns, Inc. v. PMC Assocs. L.L.C.*, 711 F.3d 68, 75 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting in turn *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff cannot make "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678

---

Soothing Clean Flushable Moist Wipes with Aloe; Scott Naturals Flushable Moist Wipes; Scott Naturals Flushable Moist Wipes with Aloe Vera; Scott Naturals Folded Flushable Moist Wipes; Pull-Ups Big Kid Flushable Wipes; U by Kotex Refresh Wipes; Poise Intimate Cleansing Cloths; Kleenex Cottonelle Flushable Moist Wipes Refills; Scottex Pure Sensitive Wipes; Scottex Hygienic Comfort Wipes; Scottex Naturally Gentle Wipes; Scottex Junior Wipes; Scottex Fresh Wipes; Andrex Washlets Flushable Toilet Tissue Wipes; and Andrex Kids Flushable Toilet Tissue Wipes.  *Id.* ¶ 2.

[2] While Plaintiff purports to bring claims under the laws of both New York and New Jersey, where he allegedly purchased and used flushable wipe products, *see* Compl. ¶¶ 6, 73, GBL §§ 349 and 350 are inapplicable to any purchase in New Jersey, and the NJCFA is inapplicable to any purchase in New York.  *See Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 325 (2002) (dismissing GBL § 349 claims involving purchases in Florida, because "the intent [of New York's GBL] is to protect consumers in their transactions that take place in New York State"); *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 449-51 (D.N.J. 2012) (dismissing NJCFA claim because the law of consumers' home state (not New Jersey) was applicable).

   With regard to Plaintiff's common law claims (Counts I, II, and VI), "the law of the state with the most significant interest in the litigation" is applicable.  *See AHW Inv. P'ship, MFS v. Citigroup Inc.*, No. 09 MD 2070 (SHS), __ F. Supp. 2d __, 2013 WL 5827643, at *5 (S.D.N.Y. Oct. 30, 2013) (for "conduct regulating" laws like negligent misrepresentation, the state with the most significant interest is typically "the place of the tort").  While it is unclear from the Complaint whether New York or New Jersey would have "the most significant interest in the litigation," for purposes of this motion the law of both states is applied to Plaintiff's common law claims.

4

(internal citations omitted), and the court "need not credit legal conclusions couched as factual statements," *MLSMK Inv. Co. v. JPMorgan Chase & Co.*, 651 F.3d 268, 270 (2d Cir. 2011). Furthermore, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Moreover, pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." At a minimum, Rule 9(b) requires that a plaintiff support his allegations of fraud with the "'who, what, when, where and how'" of the events at issue.  *U.S. ex rel. Mooney v. Americare, Inc.*, No. 06-CV-1806 (FB), 2013 WL 1346022, at *2 (E.D.N.Y. Apr. 3, 2013).  "Conclusory allegations" will not suffice.  *Id.* at *3; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 557 ("conclusory allegation" is insufficient).  Rule 9(b)'s heightened pleading standard has been applied to both the NJCFA and common law claims where, as here, those claims are premised on allegedly fraudulent conduct.  *See*, *e.g.*, *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013) (claims for negligent misrepresentation and unjust enrichment are "subject to the heightened pleading standards of Rule 9(b)"); *Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 705 (S.D.N.Y. 2012) (holding that Rule 9(b) "is applicable to negligent misrepresentation claims that are premised on fraudulent conduct," and applying Rule 9(b) because plaintiff's "negligent misrepresentation claim . . . 'sounds in fraud'"); *Shannon v. Howmedica Osteonics Corp.*, No. 09-4171, 2010 WL 421096, at *3 (D.N.J. Feb. 1, 2010) (Rule 9(b) applies to NJCFA claims); *Cal. Pub. Employees' Ret. Sys. v. Chubb*

*Corp.*, 394 F.3d 126, 161 (3d Cir. 2004) ("Rule 9(b) does not discriminate between various allegations of fraud.  Instead it applies to any claim that includes 'averments of fraud or mistake.'") (emphasis omitted); *Crete v. Resort Condos. Int'l, LLC*, No. 09-5665, 2011 WL 666039, at *5 (D.N.J. Feb 14, 2011) (dismissing unjust enrichment claim because "[t]he District of New Jersey has required a party setting forth an unjust enrichment claim to state the fraudulent acts underlying the unjust enrichment claim with the 'particularity' required by Rule 9(b).").

## I.   PLAINTIFF LACKS STANDING TO BRING CLAIMS REGARDING PRODUCTS HE HAS NEVER PURCHASED.

Plaintiff's claims pertain to nineteen different products, seventeen of which he does not allege to have purchased.  Compl. [D.E. 1] ¶¶ 2, 6.  But Plaintiff has no standing to pursue any of his six causes of action to the extent they relate to those seventeen products.  In *Green v. Green Mountain Coffee Roasters, Inc.*, for instance, the District of New Jersey addressed NJCFA, breach of warranty, and unjust enrichment claims brought by a plaintiff on behalf of all individuals in New Jersey who purchased any of several coffee machine models manufactured by defendant.  279 F.R.D. 275, 279-80 (D.N.J. 2011).  The court explained that the "injury-in-fact" element for federal standing exists only where the alleged injury "affect[s] the plaintiff in a personal and individual way."  *Id*. at 280 (quotation omitted).  "[S]tanding cannot be predicated on an injury which the plaintiff has not suffered, nor can it be acquired through the back door of a class action. . . . [I]ndeed, the class plaintiff cannot rely on injuries suffered by other, unidentified members of the class.'"  *Id*. (quotations omitted).  Accordingly, the court held that "Plaintiff does not have standing to pursue a claim that products []he neither purchased nor used did not work as advertised.  Consequently, the Court will only consider Plaintiff's allegations

pertaining to the model [purchased and used by the plaintiff].  [Plaintiff's] claims relating to the other brewing systems are dismissed."  *Id*. (quotation omitted).[3]

Similarly, Plaintiff here "'does not have standing to pursue a claim that products he neither purchased nor used did not work as advertised.'"  *Green*, 279 F.R.D. at 280 (alteration in original omitted).  Accordingly, his claims should be dismissed to the extent they relate to the seventeen flushable wipe products he never allegedly purchased or used.  *See* Compl. ¶¶ 2, 6 (listing nineteen products included in Plaintiff's claims, and the two that he allegedly purchased).[4]

## II.   BECAUSE PLAINTIFF HAS NOT PLED CAUSATION OR RELIANCE, HIS GBL, NJCFA, BREACH OF EXPRESS WARRANTY, AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL.

### A.   Plaintiff Has Not Sufficiently Pled Causation.

To state a claim under GBL §§ 349 and 350, the NJCFA, or breach of express warranty pursuant to New Jersey law (Counts II, III, IV, and V), Plaintiff must plead that Defendants' misrepresentations *caused* his injury or loss.  *See, e.g.*, *Abraham*, 947 F. Supp. 2d at 234 (for a

---

[3] *See also*, *e.g.*, *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (dismissing NJCFA and breach of warranty claims pursuant to Federal Rule 12(b)(1) for products that plaintiff did not purchase or use, reasoning that "[b]ecause Plaintiff has not alleged that she purchased or used two of the four baby bath products at issue here, Plaintiff cannot establish an injury-in-fact with regard to those products"); *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2011 WL 6002463, at *11 (D.N.J. Nov. 30, 2011) (limiting named plaintiffs' claims to those product brands that plaintiffs purchased, and dismissing claims for products plaintiffs had not purchased).

[4] While some courts, including judges in this district, have preserved the issue of standing until class certification, *see, e.g.*, *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RRM), 2013 WL 4647512, at *12-13 (E.D.N.Y. Aug. 29, 2013), others recognize that dismissal of claims based on products that a named plaintiff never purchased are proper at the pleading stage, because "'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties,'" a rule that "does not change in the context of a putative class action."  *Hemy*, 2011 WL 6002463, at *11 (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)).  Consistent with this reasoning and body of case law, Plaintiff's claim based on products he never purchased should be dismissed.

GBL § 349 claim "'[t]he causation element is essential:  The plaintiff must show that the defendant's material deceptive act caused the injury'"); *Goshen*, 98 N.Y.2d at 324 n.1 ("The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349."); *Lieberson*, 865 F. Supp. 2d at 538 ("To state a prima facie case under the NJCFA, a plaintiff must demonstrate . . . a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss"); *Marcus v. BMW of N. Am.*, 687 F.3d 583, 600 n.8 (3d Cir. 2012) ("A claim for breach of express warranty [under New Jersey law] similarly requires proof of proximate cause.").

Plaintiff alleges he purchased and used only two flushable wipe products, Compl. ¶¶ 6, 73, that he and class members were "misled by the false and misleading labeling and advertisements and misrepresentations complained of herein," *id*. ¶ 76, and that he and class members "purchase[d] flushable wipes instead of competing products based on the false statements and representations described herein," *id*. ¶ 81.[5]  While Plaintiff identifies certain statements allegedly made on labeling and websites—many of which pertain to products he never purchased, and others that were made by non-parties to this lawsuit, *see*, *e.g.*, *id*. ¶¶ 19-20 (other products), 28-30 (non-parties)—Plaintiff never identifies any representations that he actually saw that caused him to purchase or use any of the products in question.

More is required to plead causation.  For instance, in *Gale v. IBM Corp.*, the Second Department considered a complaint—like Plaintiff's here—that "cite[d] particular misleading statements," but plaintiff "nowhere states in his complaint that he saw any of these statements before he purchased or came into possession of" the product at issue.  9 A.D.3d 446, 447 (2d

---

[5] *See also* Compl. ¶¶79 ("Plaintiff and members of the Class would not have purchased Defendants' flushable wipes at the prices they did, or would not have purchased the flushable wipes at all, absent Defendants' false and misleading misrepresentations."), 82 ("Plaintiff and members of the Class lost money as a result of Defendants' deception.").

Dep't 2004).  The court accordingly affirmed the dismissal of the plaintiff's GBL § 349 claim, recognizing that "plaintiff must show that the defendant's material deceptive act caused the injury," and "[i]f the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiffs injury."  *Id.*  Similarly, Judge Kuntz recently dismissed a § 349 claim for lack of causation where the complaint contained "only general allegations about disclosures to all Plaintiffs, and [did] not contain any allegations about the specific disclosures [the named plaintiff] did or did not receive."  *Abraham*, 947 F. Supp. 2d at 235.  Here, because Plaintiff similarly fails to sufficiently plead causation, his GBL §§ 349 and 350 claims (Counts III and IV) should be dismissed.

Because Plaintiff's NJCFA and New Jersey-based breach of express warranty claims (Counts II & V) likewise require Plaintiff to prove causation, they should be dismissed on the same grounds.  *See*, *e.g.*, *In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, No. 08-939, 2009 WL 2940081, at *13 (D.N.J. Sept. 11, 2009) (dismissing NJCFA claim for failure to plead causation with sufficient particularity to satisfy Rule 9(b), where plaintiffs failed to allege "when, if ever, the Plaintiffs were exposed to those misrepresentations"); *see also Marcus*, 687 F.3d at 600 n.8 (requiring causation for breach of express warranty claim); *Lieberson*, 865 F. Supp. 2d at 538 (requiring causation for NJCFA claim).[6]

### B.    Plaintiff Has Not Sufficiently Pled Reliance.

Just as Plaintiff has failed to plead *causation* as to the claims discussed above, he has failed to plead *reliance*, a required element of his negligent misrepresentation and New York-

---

[6] The court in *Lieberson*—assessing whether plaintiff sufficiently pled "unlawful conduct" to state her NJCFA claim pursuant to Rule 9(b)—rejected plaintiff's claims about alleged misrepresentations made in commercials, print ads, websites, and magazines, because plaintiff did not allege, *inter alia*, "whether or when she viewed these advertisements."  865 F. Supp. 2d at 539.  The court further held that plaintiff sufficiently pled "unlawful conduct" with regard to defendant's labeling statements because—unlike Plaintiff here—she "allege[d] that the labels 'reinforced' her decision to purchase the products."  *Id.* at 540.

based breach of express warranty claims (Counts I and II).  *See*, *e.g.*, *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) ("It is well settled that '[a] claim for negligent misrepresentation requires the plaintiff to demonstrate . . . reasonable reliance"); *Singer v. Beach Trading Co., Inc.*, 876 A.2d 885, 890-91 (N.J. Super. Ct. App. Div. 2005) ("A negligent misrepresentation constitutes '[a]n incorrect statement, negligently made and justifiably relied on'"); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) ("Under New York law, an action for breach of express warranty requires both the existence of an express promise or representation and reliance on that promise or representation.").

Specifically, where, as here, Plaintiff has failed to allege which of Defendants' alleged representations he *saw*, it is axiomatic that he has also failed to allege which alleged misrepresentations he *relied on* in purchasing or using the products at issue.  *See*, *e.g.*, *Savage v. Beiersdorf Inc.*, No. 13-CV-0696 (DLI), 2013 WL 5532756, at *3 (E.D.N.Y. Sept. 30, 2013) (dismissing negligent misrepresentation claim for lack of reliance, noting that "[e]ven if Plaintiff had properly pled causation, there are no allegations that Plaintiff relied on Defendant's marketing statements when using Defendant's product.  In fact, it is unclear whether Plaintiff even read the marketing statement[s] before using [defendant's product] that allegedly caused his [injuries].") (citations omitted; collecting cases); *Pinello v. Andreas Stihl Ag & Co. KG*, No. 8:08-CV-00452, 2011 WL 1302223, at *17 (N.D.N.Y. Mar. 31, 2011) (dismissing breach of express warranty claim, where plaintiff failed to "identify the terms of the purported warranty he claims to have relied on").  Plaintiff's negligent misrepresentation and New York-based breach of express warranty claims should therefore be dismissed pursuant to Federal Rules 8, 9(b), and 12(b)(6) for failure to state a claim.

**III.  PLAINTIFF'S NJCFA CLAIM FAILS BECAUSE HAS NOT PLED WITH PARTICULARITY ANY ASCERTAINABLE LOSS.**

Plaintiff's NJCFA claim fails for the independent reason that he failed to plead with particularity any "ascertainable loss."  *See, e.g., Lieberson*, 865 F. Supp. 2d at 538 ("To state a prima facie case under the NJCFA, a plaintiff must demonstrate . . . an ascertainable loss by the plaintiff").  Under the NJCFA, an "ascertainable loss" is an actual loss that is "quantifiable or measurable" and capable of calculation within a reasonable degree of certainty.  *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 793 (N.J. 2005).  "[W]hat New Jersey Courts require for that loss to be 'ascertainable' is for the consumer to quantify the difference in value between the promised product and the actual product received.'"  *Lieberson*, 865 F. Supp. 2d at 541 (citation omitted).  A "hypothetical or illusory" or "speculative" loss will not suffice.  *Thiedemann*, 872 A.2d at 792, 795.  The ascertainable loss, like all other elements of an NJCFA claim, "must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b)."  *Lieberson*, 865 F. Supp. 2d at 538.

Here, Plaintiff alleges that "[w]ipes labeled by Defendants as 'flushable' cost more than similar products without misleading advertisements and misrepresentations regarding their flushability, and would have cost less absent the false and misleading information."  Compl. ¶¶ 74-75.  He further maintains that he suffered "significant plumbing costs," *id.* ¶ 77, inflated prices over unspecified non-flushable wipes, and/or the unspecified full purchase price for the flushable wipes.  *See id.* ¶¶ 76-83.  He does not allege, however, how much he paid for his flushable wipes, how many wipes he purchased, how much he would have paid for "competing

products," *id*. ¶ 81, what "plumbing costs" he incurred, or any other measure of his alleged damages.[7]

Courts routinely hold that similar allegations are insufficient to state an ascertainable loss under the NJCFA.  In *Lieberson*, for example, the District of New Jersey considered plaintiff's NJCFA claim brought on behalf of all purchasers of the defendant's baby bath products.  865 F. Supp. 2d at 533.  Dismissing the claim for failure to plead an ascertainable loss, the court explained that

> Plaintiff has not alleged the price she paid for the Products . . . .  Moreover, although Plaintiff alleges that comparable products cost twenty five percent less than [defendant's] products, Plaintiff has not alleged the identity or the cost of any allegedly comparable products.  Thus, the Court is unable "to quantify the difference in value between the promised product and the actual product received."  As a result, . . . Plaintiff's allegations concerning the ascertainable loss are nothing more than unsupported conclusory statements that are insufficient to withstand a motion to dismiss.

*Id*. at 541-42 (internal citations omitted); *see also*, *e.g.*, *In re Toshiba*, 2009 WL 2940081, at *13 (dismissing claims because "[r]egarding the ascertainable loss, the Plaintiffs fail to allege . . . how much they paid for the HD DVD Players; and how much regular DVD players cost at the time"); *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, at *4 (D.N.J. Jan. 14, 2008) (allegation that plaintiffs' losses were "the purchase price of the" product "do not stack up to state an 'ascertainable loss' as required by the [NJ]CFA"); *Franulovic v. Coca-Cola Co*., No. 07-539, 2007 WL 3166953, at *7 (D.N.J. Oct. 25, 2007) (dismissing NJCFA claim for failure "to plead a particularized ascertainable loss," where plaintiff did not plead the price she paid for defendant's beverage or how much of the beverage she purchased and consumed).

---

[7] Although Plaintiff does allege what he purports to be the "cost . . . per wipe" for "Cottonelle Fresh Care Flushable Cleansing Cloths Refill," "Kirkland Signature Moist Flushable Wipes," and unspecified "comparable wipes by Huggies and Pampers that are not labeled as flushable," he does not specify that he paid or would have paid these prices, the geographic location or stores at which these prices are offered, the quantity of wipes that must be purchased to obtain those prices, or the specific "comparable wipes" that he purports to compare to flushable wipes.

By failing to allege how much he paid for flushable wipes, the quantity of flushable wipes purchased or used, or the price he would have paid for comparable products, Plaintiff has failed to assert an ascertainable loss with the particularity required by Rule 9(b).  Similarly, Plaintiff's alleged "significant plumbing costs" and "plumbing issues," Compl. ¶¶ 74, 77—without sufficient detail or any valuation—are not "quantifiable or measurable," *Thiedemann*, 872 A.2d at 793, and therefore do not satisfy Rule 9(b) or the NJCFA's ascertainable loss element.  *See* N.J.S.A. § 56:8-19 (NJCFA requires that any "loss of moneys *or property*" be "ascertainable") (emphasis added).  Plaintiff's NJCFA claim (Count V) should therefore be dismissed.

## IV.   PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR NEGLIGENT MISREPRESENTATION.

Plaintiff's claim for negligent misrepresentation (Count I) should be dismissed under New York law for the additional reason that he has not, and cannot, allege privity of contract or the requisite special relationship between himself and Kimberly-Clark.  *See*, *e.g.*, *Mandarin Trading Ltd.*, 16 N.Y.3d at 180 ("It is well settled that '[a] claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff'") (citations omitted); *Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012) ("New York strictly limits negligent misrepresentation claims to situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity.") (quotation and citation omitted).

Plaintiff alleges that he purchased "Cottonelle Fresh Flushable Cleansing Cloths from various drug stores such as Walgreens, and supermarkets such as Stop & Shop and ShopRite." Compl. ¶ 6.  With specific regard to his negligent misrepresentation claim, Plaintiff asserts only

that "Defendants owed a duty to Plaintiff and the Class to exercise reasonable care when issuing

statements or disclosures regarding the nature of flushable wipes." *Id.* ¶ 102. Nowhere in

support of his negligent misrepresentation claim, or elsewhere in his complaint, does Plaintiff

reference anything approaching privity between himself and Kimberly-Clark. Accordingly, his

negligent misrepresentation claim should be dismissed. *See*, *e.g.*, *DiBartolo v. Abbott Labs.*, 914

F. Supp. 2d 601, 624 (S.D.N.Y. 2012) (dismissing product consumer's negligent

misrepresentation claim, because plaintiff alleged neither "privity of contract with [defendant],"

nor "that [plaintiff] was a 'known party' to [defendant] or that [defendant] undertook specific

conduct linking it to [plaintiff] and evincing its understanding of her alleged reliance on its ads").

## V.   PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR BREACH OF EXPRESS WARRANTY.

### A.   Plaintiff Does Not Stand In Privity With Kimberly-Clark.

Because Plaintiff is not in privity with Kimberly-Clark, his claim for breach of express

warranty (Count II) similarly fails under New York law. A plaintiff must plead privity with the

defendant to state a claim for breach of express warranty, "unless the plaintiff claims to have

been personally injured." *Koenig v. Boulder Brands, Inc.*, No. 13-CV-1186 (ER), 2014 WL

349706, at *13 (S.D.N.Y. Jan. 31, 2014) (citation omitted).

Plaintiff alleges only economic injury resulting from Kimberly-Clark's conduct, *see*

Compl. ¶¶ 74-83 (alleging damages in the form of "significant plumbing costs" and unspecified

prices and premiums), but as explained above, has not, and cannot, assert privity between

himself and Kimberly-Clark. *See id.* ¶ 6 (alleging that Plaintiff purchased flushable wipes "from

various drug stores such as Walgreens, and supermarkets such as Stop & Shop and ShopRite").

Because Plaintiff has allegedly suffered only economic injuries and is not in privity with

Kimberly-Clark, his breach of express warranty claim should be dismissed under New York law.

14

*See Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 (JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) ("Here, because no personal injury is alleged, privity is thus required to assert a breach of warranty claim under New York law.  Plaintiffs have not alleged that they were in privity with [defendant] and thus any breach of warranty under New York law must fail.").

### B.      Plaintiff Did Not Provide Timely Notice to Kimberly-Clark.

Plaintiff's breach of express warranty claim (Count II) should also be dismissed because he did not notify Kimberly-Clark of its alleged breach of express warranty or his damages.  To state a claim for breach of express warranty, New York law requires a plaintiff to plead that he timely notified the defendant of "the breach and resultant damages."  *Hubbard v. Gen. Motors Corp.*, No. 95 CIV. 4362, 1996 WL 274018, at *4 (S.D.N.Y. May 22, 1996); *see also Burns v. Volkswagen of Am., Inc.*, 97 A.D.2d 977, 977 (4th Dep't 1983) (affirming grant of summary judgment where owner of a car manufactured by defendant did not give timely notice of the alleged defect in his Volkswagen Rabbit automobile).  Accordingly, because Plaintiff has not alleged that he gave notice to Kimberly-Clark, his breach of express warranty claim (Count II) should be dismissed under New York law.  *See, e.g.*, *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claim, where plaintiffs failed to allege that they provided defendant with timely notice of the alleged breach of warranty); *Hubbard*, 1996 WL 274018, at *4-5 (dismissing breach of express and implied warranty claims, because "[p]laintiff's Complaint lack[ed] any allegation that plaintiff notified [defendant], or the dealer from which he purchased the vehicle, of the claimed defect").[8]

---

[8] Kimberly-Clark does not raise lack of notice as a basis for dismissing the warranty claim under New Jersey law, because under that State's law "notice of breach of either express or implied warranty is not required in an action against a remote manufacturer who is not the immediate seller of a product."  *Coyle v. Hornell Brewing Co.*, Civil No. 08–02797, 2010 WL 2539386, at *6 (D.N.J. June 15, 2010).

## VI.    PLAINTIFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiff's unjust enrichment claim (Count VI) should be dismissed under both New York and New Jersey law.  In particular, an unjust enrichment claim cannot stand where, as here, it is duplicative of Plaintiff's other five causes of action.  Plaintiff's unjust enrichment claim is not cognizable under New Jersey law for the additional reasons that (1) unjust enrichment is not an independent tort claim, and (2) even if based on quasi-contact, no "direct relationship" exists between Plaintiff and Kimberly-Clark.

### A.    Plaintiff's Duplicative Unjust Enrichment Claim Fails.

Plaintiff's unjust enrichment claim is duplicative of his negligent misrepresentation, breach of express warranty, GBL §§ 349 and 350, and NJCFA claims.  Under New York and New Jersey law, unjust enrichment claims fail where they "simply duplicate[], or replace,[] a conventional contract or tort claim."  *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790  (2012); *see also*, *e.g.*, *Koenig*, 2014 WL 349706, at *13 (dismissing unjust enrichment claim as duplicative of GBL § 349 and breach of express warranty claims, because "an unjust enrichment claim cannot survive where it simply duplicates, or replaces, a conventional contract or tort claim") (quotation omitted); *Sys. v. ADT Sec. Servs., Inc.*, Civ. No. 07-3579, 2008 WL 682232, at *4 (D.N.J. Mar. 7, 2008) ("[u]njust enrichment is an equitable remedy only available when there exists no contract to otherwise provide compensation"); *Premier Pork L.L.C. v. Westin, Inc.*, Civil Action No. 07-1661, 2008 WL 724352, at *13 (D.N.J. Mar. 17, 2008) ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.").

In support of his unjust enrichment claim, Plaintiff alleges only that "[a]s a result of Defendants' fraudulent and misleading labeling, advertising, marketing and sale of its flushable wipes, Defendants were enriched at the expense of Plaintiff and members of the Class," and that

16

"[i]t would be against equity and good conscience to permit Defendants to retain the ill-gotten

benefits they received . . . in light of the fact that flushable wipes were not flushable."  Compl.

¶ 129-130.  But his five other claims are premised on the same alleged conduct.[9]  Thus,

Plaintiff's unjust enrichment claim is "merely duplicative of [his] other causes of action," and

should therefore be dismissed.  *Ebin*, 2013 WL 6504547, at *7; *see also Sys.*, 2008 WL 682232,

at *4 (dismissing unjust enrichment claim under New Jersey law in light of a valid contract

covering the dispute).

**B.    Plaintiff's Unjust Enrichment Claim Is Not Cognizable Under New Jersey Law For Additional, Independent Reasons.**

**1.    Unjust Enrichment Is Not An Independent Tort Cause Of Action Under New Jersey Law.**

Plaintiff's unjust enrichment claim also should be dismissed under New Jersey law

because "New Jersey does not recognize unjust enrichment as an independent tort cause of

action."  *Nelson v. Xacta 3000 Inc.*, No. 08-5426, 2010 WL 1931251, at *9 (D.N.J. May 12,

2010).  Rather, in tort, unjust enrichment is "limited for the most part to its use as a justification

for other torts such as fraud or conversion."  *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J.

Super. Ct. App. Div. 2004).  Accordingly, courts applying New Jersey law consistently dismiss

unjust enrichment claims that are based on a tort theory, rather than quasi-contract, as subsumed

by, and not independent of, other tort claims.  *See, e.g., Steamfitters Local Union No. 420*

---

[9] *See* Compl. ¶¶ 100 (alleging in negligent misrepresentation claim that "Defendants misrepresented to Plaintiff and the Class the effects of flushing flushable wipes down toilets"), 107 (alleging in support of breach of express warranty that "Defendants made representations to the public, including Plaintiff, by their advertising, packaging and other means, that flushable wipes were safe to flush down the toilet"), 113 (alleging violation of GBL § 349 because Defendants "represent[ed] and market[ed] their flushable wipes as able to be flushed without adverse effect"), 119 (alleging violation of GBL § 350 because Defendants "represent[ed] and market[ed] their flushable wipes as able to be flushed without adverse effects"), 124 (alleging violations of NJCFA "in connection with the marketing, distributing, sale, and advertisement of the flushable wipes").

17

*Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936-37 (3d Cir. 1999) (finding no justification for permitting plaintiffs to proceed on their unjust enrichment claim once it determined that their traditional tort claims were properly dismissed); *Mason v. Coca-Cola Co.*, No 09-0220, 2010 WL 2674445, at *7 (D.N.J. June 30, 2010) (dismissing plaintiff's unjust enrichment claim with prejudice because the claim sounded in tort rather than quasi-contract).

Plaintiff's unjust enrichment claim therefore fails if it is based on tort.  For instance, in *Gray v. Bayer Corp.*, No. 08-4716, 2009 WL 1617930 (D.N.J. June 9, 2009), the court dismissed unjust enrichment claims where plaintiff brought a putative class action on behalf of vitamin purchasers, asserting claims for violations of the NJCFA, negligent misrepresentation, intentional misrepresentation, and unjust enrichment.  Concluding that the plaintiff's unjust enrichment claim sounded in tort, not quasi-contract, the court explained that "her theory of recovery is based on the assertion that Bayer misled her and that as a result of its tortious conduct, she is allowed to recover damages."  *Id*. at *3.  Accordingly, the court dismissed her unjust enrichment claim with prejudice.  *Id.* at *3-4.  As in *Gray*, Plaintiff's unjust enrichment claim seeks damages "[a]s a result of Defendants' fraudulent and misleading labeling, advertising, marketing and sale of its flushable wipes."  Compl. ¶ 129.  And as in *Gray*, "[t]his argument . . . takes Plaintiff directly back to a tort theory of recovery."  2009 WL 1617930, at *3.  Because such a cause of action does not exist under New Jersey law, Plaintiff's unjust enrichment claim should be dismissed with prejudice.

### 2.      Plaintiff Does Not And Cannot Plead That He Conferred A Benefit Directly On Kimberly-Clark.

Even if Plaintiff's unjust enrichment claim is based on quasi-contract, it should still be dismissed as insufficiently pled.  To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that:

> (1) a defendant received a benefit from the plaintiff; (2) retention of the benefit by the defendant without payment would be unjust; (3) plaintiff expected remuneration from defendant at the time he performed or conferred a benefit on defendant; and (4) the failure of remuneration enriched the defendant beyond its contractual rights.

*Alin v. Am. Honda Motor Co.*, No. 08-4825, 2010 WL 1372308, at *14 (D.N.J. Mar. 31, 2010). To meet these requirements, a plaintiff must plead a "'direct relationship' between the parties." *Id*. at *14-15. Purchase of a product through a retailer who does not share profits with the manufacturer does not result in the requisite "direct relationship." *Id*. at *15 ("a benefit conferred upon a retailer not sharing in profits with the product manufacturer does not result in the manufacturer's unjust enrichment").

However, as detailed *supra* §§ IV, V.A, Plaintiff does not allege that he purchased flushable wipe products directly from Kimberly-Clark, or that he conferred any benefit directly on Kimberly-Clark. *See* Compl. ¶ 6 (alleging purchase from drug stores and supermarkets). As such, Plaintiff's unjust enrichment claims should be dismissed with prejudice. *See Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008) (dismissing plaintiff's unjust enrichment claim after determining that "there was no relationship conferring any direct benefit on [defendant] through [plaintiff's] purchase, as the purchase was through a retailer"); *Nelson*, 2010 WL 1931251, at *2, 9 (dismissing plaintiffs' unjust enrichment claim with prejudice because plaintiffs did not allege that they purchased the products from the defendant, but rather from a Wal-Mart store); *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011) (dismissing unjust enrichment claim against manufacturer because "[w]hen consumers purchase a product from a third party, they confer a benefit on that third party, not on the manufacturer").

## VII.   PLAINTIFF'S GBL AND NJCFA CLAIMS MUST BE DISMISSED TO THE EXTENT THAT THEY ARE BROUGHT ON BEHALF OF NATIONWIDE CLASSES.

If Plaintiff's GBL and NJCFA claims (Counts III-V) are not dismissed in full for the reasons stated *supra* §§ I-II.A, III, they should additionally be dismissed to the extent Plaintiff purports to represent nationwide classes of consumers under these statutes.  In particular, Plaintiff seeks to represent three nationwide classes of consumers of flushable wipe products, Compl. ¶ 90, and incorporates those class definitions into his GBL and NJCFA causes of action. *See id.* ¶¶ 111, 117, 123.  Indeed, Plaintiff identifies alleged violations of "New York General Business Law §§ 349 and 350 and New Jersey Consumer Fraud Act" as questions of law common to *all* class members.  *Id.* ¶ 93.

But the GBL and NJCFA are inapplicable to purchases made outside of New York and New Jersey, respectively.  In particular, GBL § 349 explicitly states that it pertains to "[d]eceptive acts or practices . . . *in this state*," GBL § 349(a) (emphasis added), such that it "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York. . . .  Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York."  *Goshen*, 98 N.Y.2d at 324-25 (dismissing out-of-state plaintiffs' GBL § 349 claims); *see also*, *e.g.*, *Frito-Lay*, 2013 WL 4647512, at *17 (dismissing GBL §§ 349 and 350 claims brought on behalf of out-of-state consumers, because "[s]ections 349 and 350 of the GBL, by their terms, apply only to transactions occurring in New York State").  Similarly, the courts have rejected NJCFA claims that—like Plaintiff's class claim here—are asserted on behalf of out-state plaintiffs who purchased products outside of New Jersey.  *See*, *e.g.*, *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (dismissing non-New Jersey purchaser's NJCFA claim because the law of the state where the product was "marketed, purchased, and used" was applicable); *see also Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211

20

F.R.D. 228, 233 (S.D.N.Y. 2002) (denying certification of a nationwide NJCFA claim because "[t]here is no basis from which to conclude that sales made by the defendants, to class members who are scattered throughout the country would provide a basis for those individuals or entities to bring claims under the NJCFA," given that "plaintiffs have provided no legal basis from which to conclude that the NJCFA covers sales occurring outside New Jersey, to non-New Jersey residents without any connection to New Jersey").[10]

Therefore, because Plaintiff asserts his GBL and NJCFA claims on behalf of nationwide consumers—and because dismissal of such overbroad claims is appropriate on the pleadings—these causes of action should be dismissed as to purchases that occurred in New York and New Jersey, respectively. *See Frito-Lay*, 2013 WL 4647512, at *17, 19 (dismissing GBL §§ 349 and 350 claims on the pleadings "to the extent [they] are brought by and on behalf of non-New York plaintiffs and putative class members," because "[s]ections 349 and 350 of the GBL, by their terms, apply only to transactions occurring in New York State"); *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 (VB), 2011 WL 7095432, at *12-13 (S.D.N.Y. Dec. 16, 2011) (dismissing GBL §§ 349 and 350 claims under Rule 12(b)(6) "as to those plaintiffs who d[id] not reside in New York or did not purchase their vehicles in New York," because their GBL claims "do not apply to transactions occurring outside the state."); *see also Cooper*, 374 F. App'x at 255 n.5 ("reject[ing] [plaintiff's] argument that the District Court erred in resolving the choice-of-law

---

[10] In the rare instances where the NJCFA has been applied extra-territorially, courts clarify that New Jersey has an "interest in deterring fraudulent behavior by a *resident corporation*." *In re Mercedes-Benz Tele Aid Contract Litig.*, 267 F.R.D. 113, 123 (D.N.J. 2010) (emphasis added) (affirming the court's earlier holding that "only New Jersey has the additional interest of regulating a corporation which is headquartered—and allegedly committed the acts in question—within its borders"). No such "interest" exists here. No defendant is headquartered in New Jersey, and no alleged misrepresentations emanated from New Jersey. *See* Compl. ¶¶ 7, 8.

determination as to his statutory consumer fraud act claim at the motion to dismiss stage, rather than wait until the class certification stage").

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed.

Dated: May 5, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/  *Eamon P. Joyce*
Eamon P. Joyce
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

James W. Mizgala (*pro hac vice*)
Kara L. McCall (*pro hac vice*)
Daniel A. Spira (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Kimberly-Clark Corporation*