James M. Bergin
Kayvan B. Sadeghi
Adam J. Hunt
MORRISON & FOERSTER LLP
255 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| D. JOSEPH KURTZ,<br><br>               Plaintiff,<br><br>   v.<br><br>KIMBERLY-CLARK CORPORATION and<br>COSTCO WHOLESALE CORPORATION,<br><br>           Defendants. | No. 1:14-cv-01142 (JBW)(RML) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COSTCO WHOLESALE
CORPORATION'S MOTION TO DISMISS COUNTS I, II, V AND VI AND CERTAIN
CLASS ALLEGATIONS OF THE COMPLAINT**

James M. Bergin
Kayvan B. Sadeghi
Adam J. Hunt
MORRISON & FOERSTER LLP
255 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

THE ALLEGATIONS ............................................................................................... 3

ARGUMENT ........................................................................................................... 4

I.    THE EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE
      PLAINTIFF DID NOT NOTIFY COSTCO OF A BREACH PRIOR TO
      BRINGING SUIT .............................................................................................. 4

II.   THE NEGLIGENT MISREPRESENTATION CLAIM BASED ON THE SAME
      ALLEGED BREACH OF CONTRACT IS BARRED BY THE ECONOMIC
      LOSS DOCTRINE .............................................................................................. 6

III.  THE UNJUST ENRICHMENT CLAIM SHOULD ALSO BE DISMISSED AS
      DUPLICATIVE OF PLAINTIFF'S BREACH OF WARRANTY CLAIM .................... 8

IV.   THE NEW JERSEY CONSUMER FRAUD ACT CLAIM SHOULD BE DISMISSED
      FOR FAILURE TO MEET THE PARTICULARITY REQUIREMENTS OF
      FED. R. CIV. P. 9(b) .......................................................................................... 9

V.    THE NATIONAL CLASS ALLEGATIONS SHOULD BE DISMISSED
      BECAUSE THE REMAINING CLAIMS UNDER THE NEW YORK
      GENERAL BUSINESS LAW AND THE NJCFA CLAIM CANNOT SUPPORT
      A NATIONAL CLASS .......................................................................................... 11

CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

CASES

*Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*,
7 F.2d 565 (2d Cir. 1925) ...........................................................................6

*Arcand v. Brother Intern. Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ...............................................................9

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
949 F. Supp. 2d 486 (S.D.N.Y. 2013)............................................................7

*Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.*,
206 A.D.2d 177, 620 N.Y.S.2d 196 (4th Dep't 1994)............................................6

*Caparrelli v. Rolling Greens, Inc.*,
39 N.J. 585, 190 A.2d 369 (1963)................................................................5

*Cooper v. Samsung Elecs. Am., Inc.*,
374 F. App'x 250 (3d Cir. 2010) ................................................................12

*Corsello v. Verizon N.Y., Inc.*,
18 N.Y.3d 777, *reargument denied,* 19 N.Y.3d 937 (2012) ....................................8

*Dutton Rd. Assocs. LP v. Sunray Solar, Inc.*,
CIV.A. 10-5478 (FLW), 2011 WL 1375681 (D.N.J. Apr. 12, 2011) .......................6

*Fabbis Enters., Inc. v. Sherwin-Williams Co.*,
40 Misc. 3d 1203(A), 975 N.Y.S.2d 708 (City Ct., Chautauqua County 2013)......................7

*Frederico v. Home Depot*,
507 F.3d 188 (3rd Cir. 2007 )......................................................................9

*Goshen v. Mut. Life Ins. Co.*,
98 N.Y.2d 314 (2002) ..............................................................................12

*Haag v. Hyundai Motor Am.*,
12-CV-6521L, 2013 WL 4812344 (W.D.N.Y. Sept. 10, 2013) ..............................9

*Hammer v. Vital Pharms., Inc.*,
CIV.A. 11-4124, 2012 U.S. Dist. LEXIS 40632 (D.N.J. 2012) .............................5

*Hubbard v. Gen. Motors Corp.*,
No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)..............................5

*In re Ford Motor Co. Ignition Switch Products Liab. Litig.*,
Nos. 96–3125, 96–1814, 96–3198, 1997 WL 1266317 (D.N.J. Sept. 30, 1997).....................5

ny-1138904

## TABLE OF AUTHORITIES

**Page(s)**

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
No. 12-MD-2413 (RMM)(RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)..........5, 6, 12

*In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*,
CIV. 08-939 (DRD), 2009 WL 2940081 (D.N.J. Sept. 11, 2009)...........................10

*JOC, Inc. v. ExxonMobil Oil Corp.*,
CIV. Case No. 08-5344 (FSH), 2010 U.S. Dist. LEXIS 32305 (D.N.J. Apr. 1, 2010) .............5

*Joy Sys. v. ADT Sec. Servs., Inc.*,
CIV. 07-3579 (GEB), 2008 WL 682232 (D.N.J. Mar. 7, 2008)...........................8, 9

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,
865 F. Supp. 2d 529 (D.N.J. 2011) ...................................................9, 10

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
211 F.R.D. 228 (S.D.N.Y. 2002) ......................................................12

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
244 F.R.D. 204 (S.D.N.Y. 2007) .......................................................7

*Martin v. Ford Motor Co.*,
765 F. Supp. 2d 673 (E.D. Pa. 2011) ...................................................6

*Mason v. Coca-Cola Co.*,
CIV.A. 09-0220-NLH-JS, 2010 WL 2674445 (D.N.J. June 30, 2010) ...................................9

*Moxie Indus., Inc. v. Hayden*,
677 F. Supp. 187 (S.D.N.Y. 1988)......................................................5

*Parker v. Howmedica Osteonics Corp.*,
CIV.A. 07-2400 (JLL), 2008 WL 141628 (D.N.J. Jan. 14, 2008)..........................11

*Praxair, Inc. v. Gen. Insulation Co.*,
611 F. Supp. 2d 318 (W.D.N.Y. 2009) ..................................................6

*Premier Pork L.L.C. v. Westin, Inc.*,
CIV.A. 07-1661, 2008 WL 724352 (D.N.J. Mar. 17, 2008)...................................8

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013)...................................................5

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*,
646 F. Supp. 2d 668 (D.N.J. 2009) ....................................................8

-iii-

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

*Statler v. Dell, Inc.*,
    775 F. Supp. 2d 474 (E.D.N.Y. 2011) ...............................................................8, 9

*Suffolk Laundry Servs., Inc. v. Redux Corp.*,
    238 A.D.2d 577, 656 N.Y.S.2d 372 (2d Dep't 1997) ............................................7

*Szymczak v. Nissan N. Am., Inc.*,
    10 CV 7493, 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011)..................................2

*Weiss v. Polymer Plastics Corp.*,
    21 A.D.3d 1095, 1096, 802 N.Y.S.2d 174 (2d Dep't 2005)..................................6

**STATUTES**

N.J.S.A. 12A:2-607(3)(a).............................................................................................4

N.Y. Gen. Bus. Law (McKinney 1963)
    § 349..................................................................................................................12
    § 350..................................................................................................................12

N.Y. U.C.C. (1964)
    § 2-607(3)(a) .......................................................................................................4
    § 2-607, cmt. 4 .....................................................................................................6

ny-1138904

## PRELIMINARY STATEMENT

Plaintiff claims he experienced clogged drains in two separate residences.  He attributes the clogs to two different flushable wipe products, marketed by Costco Wholesale Corporation and by Kimberly-Clark Corporation.  His complaint is silent as to how long he used each product, in what quantities or combinations, whether he used any other flushable products, or whether he or anyone else in his household flushed any non-flushable products or objects down the drains.  Plaintiff asserts that in each case, a plumber attributed the blockage to flushing flushable wipes down the toilet.  On that basis, Plaintiff asserts six causes of action seeking to represent a nationwide class of consumers who purchased any of Defendants' flushable wipes products.

The deficiencies in Plaintiff's case are legion.  The Complaint relies extensively on comments pulled from the Internet or news media, few of which purport to relate to Costco's flushable wipes.  (Class Action Complaint, filed February 21, 2014 ("Compl.") ¶¶ 31-37, 48-72, 86-89.)  Those that do relate to Costco's flushable wipes make clear that consumers' experiences vary significantly: some use Costco's flushable wipe products for months, a year, or more, without problems, and if plumbing issues occur that some people attribute to flushable wipes—rightly or wrongly—the alleged problems vary greatly.  (*Id.* ¶¶ 86-87.)

The question whether such highly individualized experiences are suitable for consideration as a putative class action will be addressed in due course.  The present motion focuses on five clear pleading failures that require dismissal of Counts I, II, V and VI and the narrowing of Counts III and IV (and, to the extent it survives, Count V).  Further proceedings can then address what remains of the case.

*First*, Plaintiff asserts a claim for breach of express warranty on the basis that Costco's flushable wipe labeling and advertising constitute an express warranty that the wipes are "flushable" and "safe for well-maintained septic and sewer systems."  (*See id.* ¶¶ 23-24.)  However, New York and New Jersey both expressly require that a plaintiff give notice prior to

1

bringing a claim for breach of express warranty.  Plaintiff fails to allege that he gave any such notice to Costco, and that failure is fatal to Count II.  *See* Section I.

*Second*, Plaintiff recasts the same allegations on which he based his purported breach of warranty claim as a tort claim for negligent misrepresentation.  (Compl. ¶¶ 99-105.)  But the law does not allow Plaintiff to circumvent the prerequisites to bringing a contract claim by simply recharacterizing the claim as a tort.  Under both New York and New Jersey law, the economic loss rule defines the boundary between tort and contract theories by barring the recovery in tort for claims that sound in contract, including claims for damages allegedly caused when a product fails to perform as intended.  Count I must therefore be dismissed.  *See* Section II.

*Third*, Plaintiff is similarly barred from recasting his contract claim as one for unjust enrichment.  The equitable claim of unjust enrichment is a quasi-contract claim that arises in the absence of any agreement.  Where, as here, there is an alleged contractual warranty with respect to the very subject matter at issue—flushability—the duplicative claim for unjust enrichment, Count VI, should be dismissed.  *See* Section III.

*Fourth*, Plaintiff's claim under the New Jersey's Consumer Fraud Act ("NJCFA") must be dismissed for failure to plead, *with particularity*, both an "ascertainable loss" and a causal connection to Costco's alleged conduct.  The NJCFA is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), and Plaintiff failed to meet that burden because he did not plead any of the particular facts concerning his purchases or use of Costco's products, any alternative products he might otherwise have purchased, or the facts concerning his alleged plumbing problems.

*Fifth*, Plaintiff purportedly seeks to represent a national class of consumers, in addition to state-specific classes, with respect to his remaining claims under New York's General Business Law and the NJCFA.  (*See* Compl. ¶¶ 90, 11, 117-122, 123-127.)  But those statutes provide no basis for out-of-state consumers to bring claims against Costco, so the national class allegations should be dismissed as well.   *See* Section IV.

ny-1138904

## THE ALLEGATIONS[1]

The six causes of action asserted in the Complaint are all based on Plaintiff's alleged use of two different "flushable wipes" products, one of which is marketed by Costco. (Compl. ¶¶ 2, 73-74.) The Complaint defines "flushable wipes" as a category of "pre-moistened wipes" that are "marketed and advertised … as able to be flushed without causing harm to plumbing and sewer systems." (*Id.* ¶¶ 1, 12.)

Costco is a national membership retailer based in Washington State that is not alleged to have any more connection to New York or New Jersey than it has to any other state in the nation in which Costco warehouses are located. (*See id.* ¶ 8.) The Complaint alleges that Costco manufactures one of twenty-nine specifically identified brands of flushable wipes: Kirkland Signature Moist Flushable Wipes. (*See id.* ¶ 2 (alleging 18 different flushable wipe products manufactured by Defendant Kimberly-Clark and one manufactured by Coscto); ¶ 28 (alleging that, other than Defendants' products, "many other brands of wipes are being marketed as 'flushable'," and identifying four such brands); ¶¶ 29-30 (identifying six more brands). Costco's Kirkland Signature Moist Flushable Wipes are marketed as "moist flushable wipes" that are "safe for well-maintained sewer & septics" and accompanied by a warning on the packaging to "never flush more than one wipe at a time." (*See id.* ¶¶ 23-24.)

Plaintiff allegedly purchased Costco's and Kimberly-Clark's flushable wipes in February 2013. (*Id.* ¶ 73.) He then experienced plumbing issues in his "New York residence and a home he rented in Elberon, New Jersey" (*id.*), requiring a plumber to unclog his piping in each home. (*Id.* ¶ 74.) However, the Complaint does not allege when or how often Plaintiff used either of Defendants' products in either home; whether he followed the products' directions for use; what other products he or others may have flushed, if any; or when in relation to such use he

---

[1] Costco disputes many of the allegations in the Complaint but accepts them for purposes of this motion.

ny-1138904

experienced plumbing issues in either home.  Plaintiff does not allege that he contacted either Defendant about either of his alleged plumbing problems at any time prior to bringing suit.[2]

Rather than alleging the details concerning Plaintiff's alleged plumbing issues, the Complaint instead devotes twenty-eight paragraphs to recounting press coverage of municipal water treatment issues that are not tied to Costco or to Plaintiff.  (*See id.* ¶¶ 48-72.)  The Complaint also recounts various customer complaints posted on the Internet, including ten complaints regarding Kirkland Signature Moist Flushable Wipes. (*Id.* ¶¶ 86-87.)

## ARGUMENT

Counts I, II, and VI of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state cognizable claims for relief as a matter of law. Count V should be dismissed for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  For the remaining Counts III and IV (and for Count V to the extent it survives), the Court should dismiss with prejudice the national class allegations because those state statutes do not provide a basis for national relief.

### I.   THE EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF DID NOT NOTIFY COSTCO OF A BREACH PRIOR TO BRINGING SUIT.

Plaintiff's express warranty claim must be dismissed because the Complaint nowhere alleges that Plaintiff notified Costco of any purported breach prior to bringing suit.  Both New York and New Jersey have adopted the Uniform Commercial Code, which requires that, in order to bring a breach of express warranty claim in connection with the sale of goods, "[w]here a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy*."  N.Y. U.C.C. § 2-607(3)(a) (emphasis added); N.J.S.A. 12A:2-607(3)(a) (same).

---

[2] The Complaint also includes a conclusory allegation that Defendants' flushable wipes "cost more than similar products without misleading advertisements and misrepresentations regarding their flushability" (Compl. ¶ 75), but does not allege the cost he paid for the flushable wipes or the cost of any alternative product.

Here, the Complaint fails to allege that Plaintiff ever gave notice of any breach to Costco, let alone within a reasonable time after he discovered clogged plumbing allegedly related to Defendants' flushable wipes.  Courts routinely dismiss express warranty claims under both New York and New Jersey law for failure to abide by the Code's clear notice requirement.  *See, e.g., In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RMM)(RLM), 2013 WL 4647512, at \*27-28 (E.D.N.Y. Aug. 29, 2013) ("*Frito-Lay*") (dismissing express warranty claim concerning defendant's "all natural" representation on chips and dip where the complaint did not allege notice required by § 2-607(3)(a)); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing express warranty claim concerning dietary supplements sold by defendant for failure to allege notice required by § 2-607(3)(a)); *Hammer v. Vital Pharms., Inc.*, CIV.A. 11-4124, 2012 U.S. Dist. LEXIS 40632, at \*30 (D.N.J. Mar. 26, 2012) (dismissing express warranty claim under N.J.S.A. 12A:2-607(3)(a) because "this statutory notice is a condition precedent to filing any suit for breach of warranty") (internal quotation marks and citation omitted); *Caparrelli v. Rolling Greens, Inc.*, 39 N.J. 585, 593, 190 A.2d 369 (1963) (observing that with the advent of the Uniform Sale of Goods Laws, "notice became an 'absolute condition' of an action for breach of warranty") (citation omitted).[3]

Plaintiff's failure to notify Costco of a breach prior to bringing suit is fatal to the express warranty claim regardless of whether Costco "knew or should have known that the labeling on the flushable wipes was false when issued."  (Compl. ¶ 93(d).)  "The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than,

---

[3] *See also Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at \*5 (S.D.N.Y. May 22, 1996) ("Plaintiff's Complaint lacks any allegation that plaintiff notified [the seller] of the claimed defect.  Accordingly, the Court grants defendant's motion to dismiss plaintiff's claims for breach of ... warranty for failure to allege notice"); *Moxie Indus., Inc. v. Hayden*, 677 F. Supp. 187, 192 (S.D.N.Y. 1988) (dismissing warranty claim for failure to notify); *JOC, Inc. v. ExxonMobil Oil Corp.*, CIV. Case No. 08-5344 (FSH), 2010 U.S. Dist. LEXIS 32305 (D.N.J. Apr. 1, 2010) (dismissing warranty claim for failure to notify); *In re Ford Motor Co. Ignition Switch Products Liab. Litig.*, Nos. 96–3125 (JBS), 96–1814 (JBS), 96–3198 (JBS), 1997 WL 1266317, \*14 (D.N.J. Sept. 30, 1997) (dismissing express warranty claims because "[n]owhere in the pleadings do any of these particular named plaintiffs claim to have given this required notice").

the buyer, but of buyer's claim that they constitute a breach." *Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.,* 7 F.2d 565, 566 (2d Cir. 1925).  The comments to Section 2-607 make clear that a primary purpose of the notice requirement is that it "opens the way for normal settlement through negotiation." N.Y. U.C.C. § 2-607, cmt. 4.  *See also Frito-Lay*, 2013 WL 4647512, at *28 ("Even assuming that Defendants were aware that the fentanyl patches were defective, Defendants may not have been aware of Plaintiffs' intent to file a class action lawsuit, and were denied the opportunity to negotiate or settle this claim without judicial involvement.") (quoting *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 682-83 (E.D. Pa. 2011) (alteration omitted)).  Accordingly, because Plaintiff's breach of warranty claim is plainly deficient, it should be dismissed.

## II.   THE NEGLIGENT MISREPRESENTATION CLAIM BASED ON THE SAME ALLEGED BREACH OF CONTRACT IS BARRED BY THE ECONOMIC LOSS DOCTRINE.

Plaintiff's attempt to recast his breach of express warranty claim as a tort claim for negligent misrepresentation fails as a matter of law under the economic loss rule.  "Because the damage allegedly suffered by plaintiff arises from the failure of the [product] to perform as intended and not from any accidental occurrence, plaintiff is relegated to contractual remedies for economic loss." *Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.*, 206 A.D.2d 177, 180, 620 N.Y.S.2d 196, 198 (4th Dep't 1994); *Weiss v. Polymer Plastics Corp.*, 21 A.D.3d 1095, 1096, 802 N.Y.S.2d 174, 176 (2d Dep't 2005) (tort claim properly dismissed as "'economic loss' due to product failure" where stucco siding failed to "perform properly to protect their home and, as a consequence, they have suffered direct loss to the stucco siding itself and consequential damages to the plywood substrate attached to their home"); *cf. Praxair, Inc. v. Gen. Insulation Co.*, 611 F. Supp. 2d 318, 326 (W.D.N.Y. 2009) ("Critical to a determination of whether a tort claim is barred by the economic loss doctrine is whether damages are sought for the failure of the product to perform its intended purpose, in which case recovery is barred by the economic loss doctrine").  The same holds true under New Jersey law. *Dutton Rd. Assocs. LP v. Sunray Solar,*

6

*Inc.*, CIV.A. 10-5478 (FLW), 2011 WL 1375681, at *3 (D.N.J. Apr. 12, 2011) ("under New Jersey law, a plaintiff typically may not recover in tort for damages caused by a breach of contract … [t]he economic loss rule defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort") (citations omitted).

Here, Plaintiff's contract claim is based on allegations that Costco's representations that its flushable wipes are "sewer and septic safe" and that they "break up after flushing . . . constituted an express warranty." (*See* Compl. ¶ 107.)   Plaintiff further alleges that "the goods did not, in fact, flush without adverse consequences to home plumbing and sewer systems." (*Id.* ¶ 109.)

Plaintiff's negligent misrepresentation claim is factually identical:  Plaintiff alleges that "Defendants misrepresented to Plaintiff and the Class the effects flushing flushable wipes down toilets has on plumbing and sewer systems," the *same* representation that Plaintiff claims is the subject of an express warranty. (*Id.* ¶ 100.) At heart, both claims are premised on the allegation that Costco's flushable wipes did not function as intended. (*Id.* ¶¶ 100, 109.)

Thus, Plaintiff's attempt to plead his contract claim under a negligent misrepresentation theory falls squarely within the ambit of the economic loss rule:  "since these alleged damages arise from the failure of the [product] to perform as intended … they are economic losses which are not recoverable in tort." *Suffolk Laundry Servs., Inc. v. Redux Corp.*, 238 A.D.2d 577, 579, 656 N.Y.S.2d 372, 374 (2d Dep't 1997).  Accordingly, the Court should dismiss Plaintiff's negligent misrepresentation claim as duplicative of his breach of contract claim and barred by the economic loss rule.  *See, e.g.*, *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 509 (S.D.N.Y. 2013) ("Plaintiffs' claims fail for the same reason as their negligence claims: they improperly attempt to transform contract duties into tort duties"); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007) (applying the economic loss doctrine to dismiss a negligent misrepresentation claim and finding that the defendant was "limited to an action in contract for the benefit of its bargain"); *Fabbis Enters.,*

7

*Inc. v. Sherwin-Williams Co.*, 40 Misc. 3d 1203(A), 975 N.Y.S.2d 708 (City Ct., Chautauqua County 2013) (dismissing negligent misrepresentation claim where defendant represented that a paint product had a "durable, high gloss marine finish" and plaintiff alleged that "the product is neither durable nor high gloss nor suitable for marine use"); *see also State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 678 (D.N.J. 2009) (noting that "[New Jersey] district courts have consistently applied the economic loss doctrine to fraud and negligent misrepresentation claims.").

### III.   THE UNJUST ENRICHMENT CLAIM SHOULD ALSO BE DISMISSED AS DUPLICATIVE OF PLAINTIFF'S BREACH OF WARRANTY CLAIM.

Similarly, Plaintiff cannot reframe his breach of contract claim based on an express warranty as an equitable claim for unjust enrichment.  "A claim of unjust enrichment is in the nature of a 'quasi-contract,' *i.e.*, it is 'an obligation the law creates *in the absence of any agreement*.'" *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485 (E.D.N.Y. 2011) (emphasis added, citations omitted); *see also Premier Pork L.L.C. v. Westin, Inc.*, CIV.A. 07-1661, 2008 WL 724352, at *13 (D.N.J. Mar. 17, 2008) ("[r]estitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law").  Thus, "[w]here a valid contract governs the subject matter in a lawsuit, a plaintiff may not recover in quasi-contract, and it is appropriate to dismiss a claim for unjust enrichment."  *Statler*, 775 F. Supp. 2d at 485; *see also Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract … claim."), *reargument denied*, 19 N.Y.3d 937 (2012); *see also Joy Sys. v. ADT Sec. Servs., Inc.*, CIV. 07-3579 (GEB), 2008 WL 682232, at *4 (D.N.J. Mar. 7, 2008) ("[u]njust enrichment is an equitable remedy only available when there exists no contract to otherwise provide compensation").

Plaintiff's unjust enrichment claim is factually identical to his other claims, alleging that Defendants can be held liable under an unjust enrichment theory "in light of the fact that flushable wipes were not flushable, as Defendants purported them to be."  (Compl. ¶ 130.)  And

ny-1138904

just as with his claim for negligent misrepresentation, Plaintiff cannot maintain a duplicative unjust enrichment claim based on the same alleged "fraudulent and misleading labeling" that Plaintiff claims forms the basis of an express warranty.  (*See* Compl. ¶ 129); *Statler v. Dell, Inc.*, 775 F. Supp. 2d at 485 (dismissing unjust enrichment claim in part because plaintiff's breach of contract claim was premised on breach of "specific warranty obligations"); *Haag v. Hyundai Motor Am.*, 12-CV-6521L, 2013 WL 4812344, at *317 (W.D.N.Y. Sept. 10, 2013) ("It is well settled that where a valid warranty governs the subject matter of a suit, a plaintiff cannot recover in quasi-contract, and it is appropriate to dismiss an unjust enrichment claim"); *Joy Sys. v. ADT Sec. Servs., Inc.*, 2008 WL 682232 at *4 (dismissing unjust enrichment claim under New Jersey law in light of a valid contract covering the dispute).[4]   Accordingly, Count VI must be dismissed as well.

### IV.    THE NEW JERSEY CONSUMER FRAUD ACT CLAIM SHOULD BE DISMISSED FOR FAILURE TO MEET THE PARTICULARITY REQUIREMENTS OF FED. R. CIV. P. 9(b).

Plaintiff's NJCFA claim should be dismissed because the Complaint lacks the particularity required by Federal Rule of Civil Procedure 9(b).  "It is well-established that NJCFA claims must meet the heightened pleading requirements of Fed.R.Civ.P. 9(b)." *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Arcand v. Brother Intern. Corp.,* 673 F. Supp. 2d 282 (D.N.J. 2009)).

To state a claim under the NJCFA, Plaintiff must allege "an ascertainable loss by the plaintiff" and "a causal connection between the defendant's unlawful conduct and the plaintiff's

---

[4] Plaintiff's unjust enrichment claim also fails if it is construed as sounding in tort (as might be suggested by plaintiff's isolated use of the phrase "fraudulent and misleading"), rather than contract, because "New Jersey law does not recognize unjust enrichment as an independent tort cause of action."  *Mason v. Coca-Cola Co.*, CIV.A. 09-0220-NLH-JS, 2010 WL 2674445, at *7 (D.N.J. June 30, 2010) (dismissing plaintiff's unjust enrichment claim with prejudice because the claim sounded in tort rather than quasi-contract) (citation omitted).  Moreover, Plaintiff has failed to allege fraudulent intent in even a conclusory fashion and, as set forth in Section IV, *infra*, falls far short of pleading his claims with the particularity required by Rule 9(b).

ascertainable loss." *Lieberson*, 865 F. Supp. 2d at 538 (dismissing NJCFA claim for failure to plead an ascertainable loss caused by the alleged unlawful conduct with the particularity required by Rule 9(b)). Plaintiff's threadbare allegations concerning his purchases of Defendants' wipes, and subsequent plumbing problems, fail to allege either element with the requisite particularity.

Plaintiff alleges that he purchased Costco's and Kimberly-Clark's flushable wipes in February 2013 and that he experienced plumbing issues in his "New York residence and a home he rented in Elberon, New Jersey," requiring a plumber to unclog his piping in each home (Compl. ¶¶ 73-74). The Complaint also includes a conclusory allegation that Defendants' flushable wipes "cost more than similar products without misleading advertisements and misrepresentations regarding their flushability" and that "Plaintiff and the members of the Class paid more." (Compl. ¶¶ 75-76) Those conclusory allegations fail to provide the *facts* necessary to establish an ascertainable loss arising from his purchases: i.e. the cost Plaintiff paid for Costco's flushable wipes, in what quantity he purchased them, what alternative product he might have purchased, and the cost of any alternative product then available to him.

Conclusory allegations of the sort offered by Plaintiff cannot sustain a NJCFA claim. *See, e.g., Lieberson*, 865 F. Supp. 2d at 541-42. In *Lieberson*, plaintiff alleged that Johnson & Johnson "charges a premium of at least $1.00" for baby bath products she purchased based on allegedly false representations. However, plaintiff failed to plead the necessary facts of the price she paid at any time or of comparable products. "[A]bsent any specific information concerning the price of the Products or the price of any comparable products, Plaintiff's allegations concerning the ascertainable loss are nothing more than unsupported conclusory statements that are insufficient to withstand a motion to dismiss." *Id.* at 541 (internal citations and quotation marks omitted). *See also In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*, CIV. 08-939 (DRD), 2009 WL 2940081, at *13 (D.N.J. Sept. 11, 2009) (dismissing NJCFA claim for failure to sufficiently plead ascertainable loss where plaintiffs failed to allege "how much they paid for the HD DVD Players; and how much regular DVD players cost at the time").

The Complaint also fails to allege with particularity a causal connection between Costco's product and Plaintiff's thinly-alleged plumbing problems.  For example, Plaintiff does not allege in which residence(s) he used Costco's product, in what quantities, over what length of time, whether he followed the instructions for use, or what else he flushed down his drains during the same time period.  The Complaint simply jumps to the allegation that, at some unspecified time(s), Plaintiff had to "employ the help of professional plumbers to unclog the piping" in both residences.  (Compl. ¶ 74.)  Plaintiff fails to allege whether he paid the plumbers specifically for that service at all (or whether they unclogged those drains in connection with providing some other service), let alone how much he paid specifically for these services.

Even if plumbing problems could support an ascertainable loss theory, the allegations in the Complaint simply lack the specificity required to state a NJCFA claim.  *See Parker v. Howmedica Osteonics Corp.*, CIV.A. 07-2400 (JLL), 2008 WL 141628, at *4 (D.N.J. Jan. 14, 2008) (dismissing NJCFA claim even though alleged "out-of-pocket costs of medical tests and treatments" could, in theory, constitute an ascertainable loss, because plaintiff did not "provide the Court with a measurable specificity of the costs of these tests and treatments" and thus failed to sufficiently allege "the particulars of the alleged 'medical tests and treatments'") (internal citations and quotation marks omitted).  Accordingly, Plaintiff's NJCFA cause of action must be dismissed for failure to allege with the particularity required by Rule 9(b) that Plaintiff suffered an ascertainable loss causally connected to Costco's alleged misrepresentations.

## V. THE NATIONAL CLASS ALLEGATIONS SHOULD BE DISMISSED BECAUSE THE REMAINING CLAIMS UNDER THE NEW YORK GENERAL BUSINESS LAW AND THE NJCFA CLAIM CANNOT SUPPORT A NATIONAL CLASS.

The Complaint's allegations purporting to define a national class for the remaining New York GBL, and with respect to the NJCFA claims to the extent those claims survive, should be dismissed with prejudice.  The Complaint obfuscates the scope of the proposed classes by alleging a laundry list of alternative class definitions including New York purchasers, New Jersey purchasers, and national purchasers, without specifying which of those proposed class

definitions relate to which causes of action.  (*See* Compl. ¶ 90.)  Counts III through V then incorporate the alternative class allegations wholesale, thereby asserting claims under the New York and New Jersey statutes on behalf of a nationwide class of consumers. (Compl. ¶¶ 111-127.)  But Plaintiff's awkward pleading cannot circumvent the boundaries of these state-specific statutes, and the national class allegations should therefore be dismissed.

It is well-established that GBL §§ 349 and 350 apply only to purchases made in New York state because those statutes—on their face—apply only to allegations of misconduct "in this state."  N.Y. Gen. Bus. Law § 349(a) (McKinney 1963); *id*. § 350. *See also Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324-25 (2002) (noting that the statutory text "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York"). The same logic applies to the NJCFA.  While no in-state purchase limitation appears on the face of the NJCFA, courts have recognized that there is no basis to apply the New Jersey statute to out-of-state transactions between out-of-state plaintiffs and an out-of-state defendant. *See, e.g., Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (applying choice of law analysis to bar a non-New Jersey purchaser from pursuing claims under the NJCFA); *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 233 (S.D.N.Y. 2002) (denying certification of a national class based on the NJCFA because it would not "result in the application of a common legal rule to claims of class members").  Plaintiff admits that Costco is incorporated in Washington State (*see* Compl. ¶ 8), and there is no possible basis upon which a non-New Jersey purchaser might bring a NJCFA claim against Costco.

While the broader problems with Plaintiff's proposed state classes will be addressed on class certification, it is appropriate to dismiss these facially improper national class allegations at the pleading stage.  *See Frito-Lay*, 2013 WL 4647512, at *18 (rejecting plaintiffs' request to postpone dismissal of national class allegations for GBL §§ 349 and 350 claims and noting that "[t]he *Szymczak* court decided the issue on a motion to dismiss.  This Court will, as well.") (citing *Szymczak v. Nissan N. Am., Inc.*, 10 CV 7493 (VB), 2011 WL 7095432, at *12 (S.D.N.Y.

Dec. 16, 2011) (dismissing under Rule 12(b)(6) because GBL §§ 349 and 350 "do not apply to transactions occurring outside the state.")).

## **CONCLUSION**

For the reasons set forth above, Costco respectfully requests that this Court dismiss Counts I, II, V, and VI, and dismiss the national class allegations with respect to the remaining Counts III through V of the Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  May 5, 2014                          MORRISON & FOERSTER LLP


                                             /s/ James M. Bergin
                                             James M. Bergin
                                             Kayvan B. Sadeghi
                                             Adam J. Hunt
                                             255 West 55th Street
                                             New York, NY 10019
                                             Telephone:  (212) 468-8000
                                             Facsimile:   (212) 468-7900
                                             jbergin@mofo.com
                                             ksadeghi@mofo.com
                                             ahunt@mofo.com

                                             *Attorneys for Defendant*
                                             *Costco Wholesale Corporation*

13