UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
D. Joseph Kurtz, Individually and on                 :
Behalf of All Others Similarly Situated,             :
                                                     :
                        Plaintiff,                   :
                                                     :
            vs.                                      :        No. 1:14-cv-01142-JBW-RML
                                                     :
Kimberly-Clark Corporation and                       :
Costco Wholesale Corporation                         :
                                                     :
                        Defendants.                  :
-----------------------------------------------------------------x
```

### DEFENDANT KIMBERLY-CLARK CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

James W. Mizgala (*pro hac vice*)
Kara L. McCall (*pro hac vice*)
Daniel A. Spira (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Kimberly-Clark Corporation*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

I.  PLAINTIFF LACKS STANDING TO BRING CLAIMS REGARDING PRODUCTS
HE HAS NEVER PURCHASED. ........................................................................1

II.  BECAUSE PLAINTIFF HAS NOT PLED CAUSATION OR RELIANCE, HIS GBL,
NJCFA, BREACH OF EXPRESS WARRANTY, AND NEGLIGENT
MISREPRESENTATION CLAIMS FAIL.........................................................4

III.  PLAINTIFF'S NJCFA CLAIM FAILS BECAUSE HAS NOT PLED WITH
PARTICULARITY ANY ASCERTAINABLE LOSS. .......................................6

IV.  PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR
NEGLIGENT MISREPRESENTATION...........................................................9

V.  PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR BREACH
OF EXPRESS WARRANTY. ...........................................................................10

VI.  PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT. ..............12

A.  PLAINTIFF'S UNJUST ENRICHMENT CLAIMS FAIL BECAUSE THEY
ARE DUPLICATIVE. ........................................................................12

B.  PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS NOT COGNIZABLE
UNDER NEW JERSEY LAW FOR ADDITIONAL, INDEPENDENT
REASONS. ......................................................................................13

VII.  THE GBL AND NJCFA CLAIMS MUST BE DISMISSED TO THE EXTENT THAT
THEY ARE BROUGHT ON BEHALF OF NATIONWIDE CLASSES. .......................15

CONCLUSION................................................................................................17

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Abraham v. Am. Home Mortg. Servicing, Inc.,*
   947 F. Supp. 2d 222 (E.D.N.Y. 2013) ...............................................................4, 5

*Ault v. J.M. Smucker Co.,*
   No. 13 Civ. 3409, 2014 WL 1998235 (S.D.N.Y. May 15, 2014)....................... 11-12

*Avola v. Louisiana-Pac. Corp.,*
   No. 11-CV-4053 (PKC), 2013 WL 4647535 (E.D.N.Y. Aug. 23, 2013) ..............................12

*Bldg & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.,*
   448 F.3d 138 (2d Cir. 2006) ...............................................................................11

*Carcone v. Gordon Heating & Air Conditioning Co.,*
   212 A.D.2d 1017 (4th Dep't 1995).......................................................................11

*Castro v. NYT Television,*
   851 A.2d 88 (N.J. Super. Ct. App. Div. 2004)......................................................14

*Cornejo v. Bell,*
   592 F.3d 121 (2d Cir. 2010) ......................................................................... 14-15

*Corsello v. Verizon N.Y., Inc.,*
   18 N.Y.3d 777 (N.Y. 2012) ..........................................................................12, 13

*DiBartolo v. Abbott Labs.,*
   914 F. Supp. 2d 601 (S.D.N.Y. 2012)..................................................................11

*DiMuro v. Clinique Labs., LLC,*
   No. 13–4551–cv, --- F. App'x ---, 2014 WL 3360586 (2d Cir. July 10, 2014).............1, 2, 3, 4

*Dupler v. Costco Wholesale Corp.,*
   705 F. Supp. 2d 231 (E.D.N.Y. 2010) .................................................................16

*Ebin v. Kangadis Food Inc.,*
   No. 13 Civ. 2311, 2013 U.S. Dist. LEXIS 174174, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) .....................................................................................................9, 10, 11

*Ebin v. Kangadis Food Inc.,*
   No. 13 Civ. 2311, 2014 WL 737960 (S.D.N.Y. Feb. 25, 2014) .............................6

*Elias v. Ungar's Food Products, Inc.,*
   252 F.R.D. 233 (D.N.J. 2008)..........................................................................5-6

*Fasching v. Kallinger*,
 510 A.2d 694 (N.J. Super. Ct. App. Div. 1986)................................................................14

*Fishman v. Gen. Elec. Co.*,
 No. 2:12-cv-00585, 2013 WL 1845615 (D.N.J. Apr. 30, 2013)................................14

*Franulovic v. Coca-Cola Co.*,
 No. 07-539, 2007 WL 3166953 (D.N.J. Oct. 25, 2007) ...........................................7

*Gaelick v. Conn. Gen. Life Ins. Co.*,
 No. 11-2464, 2011 WL 3794228 (D.N.J. Aug. 25, 2011) ........................................14

*Gale v. IBM Corp.*,
 9 A.D.3d 446 (2d Dep't 2004) ..................................................................................5

*Goshen v. Mutual Life Ins. Co.*,
 98 N.Y.2d 314 (2002) ...............................................................................................16

*Gray v. Bayer Corp.*,
 No. 08-4716, 2009 WL 1617930 (D.N.J. June 9, 2009)............................................15

*Green v. Green Mountain Coffee Roasters, Inc.*,
 279 F.R.D. 275 (D.N.J. 2011)....................................................................................2

*Hemy v. Perdue Farms, Inc.*,
 No. 11-888, 2011 WL 6002463 (D.N.J. Nov. 30, 2011) ..........................................2

*Hoffman v. Supplements Togo Mgmt, LLC*,
 18 A.3d 210, 211-12 (N.J. Super. Ct. App. Div. 2011) ...........................................13

*Hubbard v. Gen. Motors Corp.*,
 No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)........................... 10-11

*Hughes v. Ester C Co.*,
 930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................................10

*In re Frito-Lay North America, Inc.*,
 No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)......................16, 17

*In re Gerber Probiotic Sales Practices Litig.*,
 No. 12-835, 2014 WL 3446667 (D.N.J. July 11, 2014) ..........................................7, 8

*In re Mercedes-Benz Tele Aid Contract Litig.*,
 267 F.R.D. 113 (D.N.J. 2010)....................................................................................16

*Jesmer v. Retail Magic, Inc.*,
 55 A.D.3d 171 (2d Dep't 2008)..................................................................................12

*Koenig v. Boulder Brands, Inc.*,
  No. 13-CV-1186 (ER), 2014 WL 349706 (S.D.N.Y. Jan. 31, 2014)................................11, 12

*Lamont v. OPTA Corp.*,
  No. L-2226-05, 2006 WL 1669019 (N.J. Super. Ct. App. Div. June 16, 2006)......................7

*Lieberson v. Johnson & Johnson Consumer Cos.*,
  865 F. Supp. 2d 529 (D.N.J. 2011) ...............................................................................2, 7, 8

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
  265 F.R.D. 106 (S.D.N.Y. 2010) ........................................................................................3

*Maniscalco v. Brother Int'l Corp. (USA)*,
  627 F. Supp. 2d 494 (D.N.J. 2009) .....................................................................................7

*McGill v. Gen. Motors Corp.*,
  231 A.D.2d 449 (1st Dep't 1996) .......................................................................................9

*Medinol Ltd. v. Boston Sci. Corp.*,
  346 F. Supp. 2d 575 (S.D.N.Y. 2004).................................................................................11

*Mickens v. Ford Motor Co.*,
  900 F. Supp. 2d 427 (D.N.J. 2012) .....................................................................................7

*Napier v. Pub. Serv. Elec. & Gas. Co.*,
  No. L–0070–13, 2014 WL 3444670 (N.J. Super. Ct. App. Div. July 15, 2014) ....................14

*Nelson v. Xacta 3000 Inc.*,
  No. 08-5426, 2010 WL 1931251 (D.N.J. May 12, 2010).....................................................15

*Pahuta v. Massey-Ferguson, Inc.*,
  170 F.3d 125 (2d Cir. 1999)..............................................................................................15

*Premier Pork L.L.C. v. Westin, Inc.*,
  No. 07-1661, 2008 WL 724352 (D.N.J. Mar. 17, 2008) ................................................. 12-13

*Savage v. Beiersdorf Inc.*,
  No. 13-CV-0696 (DLI), 2013 WL 5532756 (E.D.N.Y. Sept. 30, 2013) ............................4, 5

*Smajlaj v. Campbell Soup Co.*,
  782 F. Supp. 2d 84 (D.N.J. 2011) .......................................................................................7

*Stewart v. Beam Global Spirits & Wine, Inc.*,
  877 F. Supp. 2d 192 (D.N.J. 2012)................................................................................14, 15

*Thiedemann v. Mercedes-Benz USA, LLC*,
  872 A.2d 783 (N.J. 2005)...................................................................................................8

*Wright v. Ernst & Young LLP,*
    152 F.3d 169 (2d Cir. 1998)..................................................................................3

**STATUTES**

New York General Business Law ("GBL")................................................................ passim

New Jersey Consumer Fraud Act ("NJCFA") ........................................................ passim

**RULES**

Fed. R. Civ. P. 8 ...............................................................................................................4

Fed. R. Civ. P. 9(b) .....................................................................................................4, 6

Fed. R. Civ. P. 12(b)(6).................................................................................................13

## PRELIMINARY STATEMENT

Plaintiff cannot refute that he brings claims on behalf of nine putative classes with regard to nineteen different "flushable wipe" products, only two of which he alleges to have purchased. Nor can Plaintiff point to any allegations in his Complaint identifying the specific representations that he saw, let alone representations that caused him to purchase Defendants' products or upon which he relied. Plaintiff likewise cannot point to any allegations setting forth a quantifiable or measurable loss. Instead, Plaintiff repeatedly cites facts *never alleged in his Complaint*, but rather contained in Plaintiff's and his counsel's Declarations attached to his Omnibus Opposition to Defendants' Motions to Dismiss [D.E. 30] ("Opposition" or "Opp."). Plaintiff's reliance on these extrinsic documents is improper and does not save his deficient pleading. For the reasons set forth below and in Kimberly-Clark Corporation's Memorandum of Law in Support of Motion to Dismiss ("Opening Brief" or "Br.") [D.E. 19], Plaintiff's action should be dismissed.

## I.   PLAINTIFF LACKS STANDING TO BRING CLAIMS REGARDING PRODUCTS HE HAS NEVER PURCHASED.

Plaintiff purchased one Kimberly-Clark product, but seeks to bring claims about 17 other Kimberly-Clark products. Compl. [D.E. 1] ¶¶ 2, 6. Accordingly, Kimberly-Clark moved to dismiss for lack of standing Plaintiffs' claims as to the other products. Br. 6-7. Plaintiff argues that he has standing as to all 18 products because they all purportedly are part of "one product line," and that Kimberly-Clark "employs a uniform marketing strategy for these products." Opp. 8, 12. This fails to show that Plaintiff's claims withstand dismissal for lack of standing.

*First*, Plaintiff's arguments are mistaken on the law. Less than a month ago, the Second Circuit rejected similar arguments in affirming the dismissal of consumers' putative class action claims as to products they did not purchase. *DiMuro v. Clinique Labs., LLC*, No. 13–4551–cv,

1

--- F. App'x ---, 2014 WL 3360586, at *1 (2d Cir. July 10, 2014).  In *DiMuro*, plaintiffs alleged

claims concerning "marketing of seven different cosmetic products sold under the 'Repairwear'

*product line.*"  *Id.* (emphasis added).  But the Second Circuit held that plaintiffs had standing

only with respect to the "three of the seven products" they allegedly purchased and used.  *Id.*

Furthermore, far from suggesting that standing exists if defendant had a "uniform marketing

strategy," Opp. 11, 12, the Second Circuit held that "different advertising claims for each

product" will defeat standing, and that plaintiffs must show that "claims brought by a purchaser

of one product would raise a 'set of concerns' nearly identical to that of a purchaser of another

. . . product [in the same line]."  *DiMuro*, *supra*, at *1 (internal quotations omitted).  As detailed

below, Plaintiff does not allege such claims.[1]

   *Second*, even if Plaintiff's "product line" theory had a basis in law, it would fail here

because the *Complaint* does not assert that all eighteen identified Kimberly-Clark products are

part of the same line.  Tellingly, Plaintiff does not cite his Complaint in support of this argument,

but instead cites an exhibit to his attorney's Declaration.  Opp. 8 (citing Exhibit A to Reich Decl.

[D.E. 31] ¶ 4).  Plaintiff offers no authority supporting this Court's ability to consider this

Declaration—rather than the Complaint itself—in resolving this motion.  In fact, the Second

---

[1] Even if Plaintiff *had* pleaded facts supporting "a uniform marketing strategy" for the products he identifies, he errs in claiming that such a strategy would distinguish Kimberly-Clark's cited cases. Opp. 11-12.  For instance, in holding that "[b]ecause Plaintiff has not alleged that she purchased or used two of the four baby bath products at issue here, Plaintiff cannot establish an injury-in-fact with regard to those products," *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (*cited in* Br. 7, n.3), the court did not rest on the lack of a "uniform marketing strategy."  Opp. 11-12.  Instead, as Plaintiff recognizes, the plaintiff in *Lieberson* lacked standing to bring those claims regarding an un-purchased product that included the *same* allegedly misleading "marketing strategy" as the two products the plaintiff had purchased.  *See* Opp. 11; *Lieberson*, 865 F. Supp. 2d at 533; *see also*, *e.g.*, *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2011 WL 6002463, at *1, 11 (D.N.J. Nov. 30, 2011) (*cited in* Br. 7, n.3) (dismissing claims as to un-purchased chicken products, despite that products plaintiff had and had not purchased were *both* labeled and marketed as "humanely raised"); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 278 (D.N.J. 2011) (holding plaintiff did not have standing regarding products he did not purchase, despite alleging that all models were marketed with the same claim that "one K-cup would brew a programmed quantity of coffee").

Circuit has made clear that "a party is not entitled to amend its complaint through statements made in motion papers." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (citations omitted).[2]  Counsel's Declaration, therefore, should be ignored in construing the Complaint, and Plaintiff's assertion that Kimberly-Clark's products are part of a single "product line" is unfounded for purposes of Defendants' motions.

*Third*, even if Plaintiff's reliance on the Declaration were proper, neither it nor its Exhibit A would give rise to a plausible claim that all eighteen Kimberly-Clark products are part of one "product line."  He pleads otherwise.  Compl. ¶ 7 (different "segments" and "brands"); *infra* n.3.

*Fourth*, even if Plaintiff's contention that "Kimberly-Clark employs a uniform marketing strategy" for the eighteen products that he has identified were legally meaningful (which it is not), it also is not supported by the Complaint.  *See* Opp. 12.  Plaintiff relies on paragraphs 2, 4, 14-17, 19-20, and 23-25 of his Complaint, but they implicate only *four* of the eighteen Kimberly-Clark products at issue.[3]  Moreover, even as to those products, Plaintiff's pleadings do not identify representations sufficiently uniform to raise "nearly identical" issues.  *DiMuro*, 2014 WL 3360586, at *1.  Rather, the Complaint implies variance from product to product.  *Compare, e.g.*, Compl. ¶¶ 15-16 ("sewer and septic safe" representation on label), *with id.* ¶ 19 (no such representation on label, and "break[up] after flushing" representation), *with id.* at 5 n.2 (citing website promoting "SafeFlush Technology™").  Therefore, the Opposition's assertions

---

[2] *Accord Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to defendant's motion to dismiss.") (collecting cases, including *Wright*, 152 F.3d at 178).

[3] *See* Compl. ¶¶ 2, 4 (no labeling or marketing), 14-17 (only [1] Cottonelle Fresh Care Flushable Cleansing Cloths), 19-20 (identifying packaging or marketing for [2] Scott Naturals Flushable Moist Wipes, [3] U by Kotex Refresh Wipes, and [4] Poise Intimate Cleansing Cloths, along with Huggies Pull-Ups, which is not part of this lawsuit), 23-25 (Costco's product).

regarding Kimberly Clark's purportedly "uniform marketing"—without support from allegations in his Complaint—do not suffice.  *See*, *e.g.*, *DiMuro*, 2014 WL 3360586, at *1.

Plaintiff's claims about the seventeen products he never purchased should be dismissed.

## II.   BECAUSE PLAINTIFF HAS NOT PLED CAUSATION OR RELIANCE, HIS GBL, NJCFA, BREACH OF EXPRESS WARRANTY, AND NEGLIGENT MISREPRESENTATION CLAIMS FAIL.

As to the products that Plaintiff did purchase, his claims for negligent misrepresentation (Count I), breach of express warranty (Count II), and violations of New York General Business Law ("GBL") (Counts III and IV) and the New Jersey Consumer Fraud Act ("NJCFA") (Count V) should be dismissed because Plaintiff never alleges which of Defendants' representations he *saw*, much less those that *caused* him to purchase the products in question or upon which he *relied*.  *See* Br. 7-10.  In response, Plaintiff argues that his pleading is "ironclad" with regard to causation, because his Complaint "*presuppose[s]* that Plaintiff saw or read the misrepresentations contained on the labels of the Flushable Products."  Opp. 13 (emphasis added).  But Plaintiff must actually plead factual allegations that are necessary to establish the elements of his claims, and he therefore must allege which representations he actually saw and read.  *See*, *e.g.*, *DiMuro*, 2014 WL 3360586, at *1 (affirming dismissal of consumer claims because "[p]laintiffs' group-pleading as to the products and the advertisements at issue is inconsistent with Rule 9(b)'s particularity requirement"); *id.* at *4 (similar under Rule 8 as to plaintiffs' warranty claims); *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 235 (E.D.N.Y. 2013) (dismissing GBL § 349 claim for lack of causation where complaint contained "only general allegations about disclosures to all Plaintiffs, and [did] not contain any allegations about the specific disclosures [the named plaintiff] did or did not receive"); *Savage v. Beiersdorf Inc.*, No. 13-CV-0696 (DLI), 2013 WL 5532756, at *4 (E.D.N.Y. Sept. 30, 2013) (dismissing negligent misrepresentation claim for lack of reliance, noting that "there are no

allegations that Plaintiff relied on Defendant's marketing statements when using Defendant's product.  In fact, it is unclear whether Plaintiff even read the marketing statement[s] before using [defendant's product] that allegedly caused his [injuries]."); *see also* Br. 8-10 (collecting cases). Nowhere does Plaintiff address—much less distinguish—*Abraham*, *Savage*, or several other cases cited by Kimberly-Clark that require a plaintiff to plead the specific representations that caused his purchase or upon which he relied.  *See* Br. 7-10; Opp. 12-18.  Moreover, the Second Department's affirmance of dismissal of GBL claims in *Gale v. IBM Corp.*, 9 A.D.3d 446 (2d Dep't 2004), turned on circumstances indistinguishable from those here.  *Contra* Opp. 15-16. The plaintiff identified allegedly misleading "press releases and other forms of advertisements" but "nowhere state[d] . . . that he saw any of these statements before he purchased."  *Gale*, 9 A.D.3d at 446-47; *id.* at 447 (dismissing claims requiring proof of reliance for the same reason).[4]

To support his contention that he has adequately pled causation, Plaintiff specifically points to paragraphs 1, 3, 4, 31, 74-83, and 125 of his Complaint.  But *none* of those paragraphs alleges any representations by either Defendant that Plaintiff actually saw, that caused him to purchase any products, or upon which he relied.  At best, those paragraphs include "general allegations about disclosures to all Plaintiffs" or the class in general, and therefore do not suffice. *Abraham*, 947 F. Supp. 2d at 235; *see Gale*, 9 A.D. at 447.  Plaintiff again attempts to enhance his pleading, "[s]hould the Court call for more detail," by citing to supplemental facts only now alleged in his Declaration.  Opp. 14, n.11.  But consideration of this document remains improper in this posture.  *Supra* at 3 & n.2.[5]  Plaintiff has therefore failed to sufficiently plead either

---

[4] Plaintiff erroneously casts aside *Gale* as turning on the "failure to plead the name of the seller," but that was only an additional basis for the Second Department's dismissal of express warranty (which requires privity) and unjust enrichment claims.  Opp. 16; *Gale*, 9 A.D. at 447.

[5] The cases Plaintiff relies on under New Jersey law do not eliminate the requirement that he support the causation and reliance elements of his claims with factual allegations regarding the representations that he actually saw.  *See* Opp.14-15.  *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233 (D.N.J. 2008), for

causation or reliance, and his negligent misrepresentation, breach of express warranty, GBL, and

NJCFA claims should be dismissed.

## III.   PLAINTIFF'S NJCFA CLAIM FAILS BECAUSE HAS NOT PLED WITH PARTICULARITY ANY ASCERTAINABLE LOSS.

Plaintiff's NJCFA claim should be dismissed for the independent reason that he has not

sufficiently pled an ascertainable loss pursuant to Federal Rule 9(b).  *See* Br. 11-13.  Plaintiff

contends that he has done so by asserting that he (1) paid a premium for flushable wipes and did

not receive the "benefit of the bargain;" (2) suffered "plumbing costs . . . as a result of using the

Flushable Products;" and (3) lost his full purchase price because the products were "essentially

worthless."  Opp. 20-25.  The Complaint's allegations do not suffice under any of these theories.

*First*, Plaintiff maintains that he has adequately pled an ascertainable loss because his

Complaint sets forth the cost per wipe for "Cottonelle Fresh Care Flushable Cleansing Cloths

Refill" and "Kirkland Signature Moist Flushable Wipes," along with unspecified Huggies and

Pampers brand "wipes 'that are not labeled as flushable.'"  Opp. 21 (quoting Compl. ¶ 89).  But

Plaintiff does not specify the prices he actually paid for Defendants' products, the prices he

would have paid for alternative non-flushable wipes, the quantity of wipes he purchased, the

geographic location or stores at which these prices are offered, the quantity of wipes that must be

purchased to obtain those prices, or the specific "comparable wipes" that he purports to compare

---

instance, addressed causation in the context of Rule 23's predominance requirement, not the pleading standard for this element.  *Id*. at 248-49; *see Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311, 2014 WL 737960, at *7 (S.D.N.Y. Feb. 25, 2014) (same).  Moreover, even if Plaintiff was *not* required to identify the representations that caused his purchase and upon which he relied, his Complaint does not support his argument that Defendants' "representations are in written and uniform materials presented to each prospective plaintiff."  Opp. 14.  As discussed, Plaintiff identifies labeling or marketing statements associated with only four of the Kimberly-Clark products at issue.  Compl. ¶¶ 14-17, 19-20.  Similarly, while Plaintiff argues that causation and reliance are "presum[ed]" where a misrepresentation is "contained within the products' name," Opp. 14, the word "flushable" does not appear in the name of eight products here.  Compl. ¶ 2 (Cottonelle Fresh Folded Wipes; U by Kotex Refresh Wipes; Poise Intimate Cleansing Cloths; Scottex Pure Sensitive Wipes; Scottex Hygienic Comfort Wipes; Scottex Naturally Gentle Wipes; Scottex Junior Wipes; and Scottex Fresh Wipes).

to Defendants' products.  Br. 12 n.7.  Without such information, his alleged loss is not

quantifiable, and more is required under the NJCFA.  *See, e.g., Lieberson*, 865 F. Supp. 2d at

541-42 (dismissing NJCFA claim where plaintiff "ha[d] not alleged the price she paid for the

Products" or "the identity or the cost of any allegedly comparable products"); *Franulovic v.

Coca-Cola Co.*, No. 07-539, 2007 WL 3166953, at *7 (D.N.J. Oct. 25, 2007) (similar).

Although Plaintiff suggests *Smajlaj v. Campbell Soup Co.* supports that he is *not* required

to quantify the difference in value between what he purchased and received in order to state an

ascertainable loss, Opp. 20-21, the court there explicitly held that "what New Jersey Courts

require for [a] loss to be 'ascertainable' is for the consumer to quantify the difference in value

between the promised product and the actual product received. . . .  *Failure to quantify this

difference in value results in the dismissal of a claim*." 782 F. Supp. 2d 84, 99, 101 (D.N.J.

2011) (emphasis added); *accord In re Gerber Probiotic Sales Practices Litig.*, No. 12-835, 2014

WL 3446667, at *3 (D.N.J. July 11, 2014).[6]

*Second*, Plaintiff again attempts to supplement his insufficient pleading by citing his

attorney's Declaration.  *See* Opp. 20 n.17 (citing Reich Decl. ¶ 2).  Even if this were proper, the

Declaration only provides the prices of certain products "[a]s of July 1, 2014."  *Id.*  It says

nothing about prices that Plaintiff actually paid, the quantity of wipes he purchased, or then-

current prices of alternative non-flushable wipes—all information that is necessary in order to

---

[6] Indeed, Plaintiff cites cases (Opp. 21-22) consistent with the requirement that plaintiffs "quantify [the] difference in value" between products allegedly promised and received.  *See, e.g., Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 503 (D.N.J. 2009) (plaintiff pled a "specific loss by including the cost of replacing their [allegedly defective] machines"); *Lamont v. OPTA Corp.*, No. L-2226-05, 2006 WL 1669019, at *1, 8 (N.J. Super. Ct. App. Div. June 16, 2006) (plaintiff pled an ascertainable loss by specifying that "[h]e paid $408.40" for the "purchase of a product that does not do what it . . . purported to do"); *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 446 (D.N.J. 2012) (plaintiff specifically alleged "(1) the cost of replacing the [allegedly defective car part] . . . and (2) the amount he paid to rent a car while his car was at the dealership for repairs").

"quantify the difference in value between the promised product and the actual product received." *In re Gerber*, 2014 WL 3446667, at *3 (quotation omitted).

*Third*, Plaintiff argues that he has alleged an ascertainable loss in the form of "out of pocket" expenses, equaling the cost of "repairing the plumbing issues" in his home.  Opp. 23. But again the *Complaint* does not allege the actual cost of repairing his own "plumbing issues." Plaintiff notes only that he "alleges general cost ranges associated with plumbing repairs" sustained by *other individuals*, *id.* at 23 n.18 (citing Compl. ¶¶ 86-87), whose plumbing costs have no bearing on those incurred by Plaintiff.  *See* Compl. ¶¶ 86-87 (quoting a "sampling" of "[c]ustomer complaints displayed on the Internet").  Plaintiff provides no support for his conclusion that this "sampling" of unverified internet posts is in any way representative of his own costs.[7]  As explained in the Opening Brief, Plaintiff's alleged "significant plumbing costs" and "plumbing issues" (Compl. ¶¶ 74, 77), without sufficient detail or valuation, are not "quantifiable or measurable," *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 793 (N.J. 2005), and therefore cannot satisfy the NJCFA's ascertainable loss element with the required particularity.  *See, e.g.*, *Lieberson*, 865 F. Supp. 2d at 541-542.

*Finally*, Plaintiff argues that he has alleged "out-of-pocket" expenses in the form of the full purchase price for Defendants' products, because Defendants' alleged misrepresentations "rendered the products 'essentially worthless.'"  Opp. 24.  This still is not a cognizable ascertainable loss pleading given that Plaintiff never alleges price or quantity.  Moreover, Plaintiff's allegations do not plausibly support the conclusion that Defendants' products were "essentially worthless."  The products are intended for cleaning and personal hygiene, functions that Plaintiff never alleges they failed to perform.  On the contrary, Plaintiff alleges "the very

---

[7] Yet again, Plaintiff improperly attempts to supplement his Complaint with facts alleged only in his Declaration.  *See* Opp. 24 n.19 (citing Kurtz Decl. ¶¶ 11-12).

thing that makes a wet wipe *good at its job* makes it a problem once it's discarded."  Compl. ¶ 3 (emphasis added).

## IV.    PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR NEGLIGENT MISREPRESENTATION.

Plaintiff has not, and cannot, allege privity of contract or the required "special relationship" between himself and Kimberly-Clark to state a negligent misrepresentation claim under New York law.  Br. 7-10.

*First*, Plaintiff's is improperly coy about the requirement that privity or a comparable "special relationship" exist to establish negligent misrepresentation claims.  Opp. 28 n.22 (attempting to cast aside as fact-bound a holding by the New York Court of Appeals that privity or a special relationship is required).  It is well-established, including in consumer cases, that this requirement is steadfast and cannot be satisfied on pleadings like those here.  *See*, *e.g.*, *McGill v. Gen. Motors Corp.*, 231 A.D.2d 449, 450 (1st Dep't 1996) (affirming dismissal of negligent misrepresentation claim car purchaser brought against manufacturer because "plaintiffs have not alleged that they had any particular contact with GM or that GM had any knowledge of their identities so as to create a relationship that approaches contractual privity," and rejecting argument that "'contact' was made when GM took out advertisements that allegedly were deceptive; [because], this kind of mass communication cannot establish 'privity' with unidentified members of the public").

*Second*, Plaintiff's heavy reliance (Opp. 27-28) on *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311, 2013 U.S. Dist. LEXIS 174174, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013), is notable for what it *ignores*.  Specifically, in denying the motion to dismiss the negligent misrepresentation claim, Judge Rakoff did not address (apparently he was not presented with) the privity or special relationship element.  *See* 2013 WL 6504547 at *5 (stating elements without

9

any mention of this requirement); *id.* (defendant argued only that allegations regarding timing and injury were impermissibly vague, and that plaintiffs failed to plead scienter). *Ebin* plainly never held, as Plaintiff suggests, that the standard "manufacturer-consumer relationship[]" is sufficient to establish privity or the analogous special relationship. Opp. 28. This is clear because in the very next section of the opinion, Judge Rakoff emphasized that he "dismissed all of plaintiff's New York breach of warranty claims, express and implied, for failure to plead privity or agency." *Ebin*, 2013 WL 6504547 at *6. Contrary to Plaintiff's contention (Opp. 28-29), *Ebin* itself illustrates that in consumer cases such as this, the privity determination is easily made "at the motion to dismiss stage."[8]  Plaintiff's claim should be dismissed.

## V.    PLAINTIFF CANNOT STATE A CLAIM UNDER NEW YORK LAW FOR BREACH OF EXPRESS WARRANTY.

Plaintiff fails to rehabilitate his New York law express warranty claim. Opp. 31-35. As the Opening Brief showed, the claim fails for lack of notice and for lack of privity.

*First*, Plaintiff does not dispute that he failed to plead that he himself provided timely pre-suit notice to Kimberly-Clark. Opp. 33-35. This alone is basis for dismissal. Br. 15. Although Plaintiff asks to be excused from the notice requirement by arguing that Kimberly-Clark was not "unaware of the consumer complaints with their Flushable Products" because those problems were "well known," Opp. 33, neither his Complaint nor the law support him.

At the threshold, Plaintiff's constructive "notice" theory is nowhere to be found in his Complaint. His failure to allege that Defendants were on *any* form of notice of his breach of express warranty claim is dispositive. *See Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362,

---

[8] Plaintiff also invokes (Opp. 28) *Hughes v. Ester C Co.*, but that court found a "special relationship" existed on plaintiff's allegations that defendants "held themselves out as holding a type of special expertise regarding the purported health benefits" they asserted, and represented "medical or scientific backing for [their] claims." 930 F. Supp. 2d 439, 475 (E.D.N.Y. 2013). No such allegations exist here.

1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) (dismissal was proper because "Plaintiff's Complaint lacks any allegation that plaintiff notified" defendant).

Moreover, even if the Complaint alleged that "publicized grievances" and "outcry" from *other* individuals sufficed to support the notice requirement for *his* breach of express warranty claim, Opp. 34, the argument is fatally flawed.  The New York district court cases upon which he relies (*id.*) hold, at best, that where *plaintiffs* actually provide notice before filing suit, the specific *form* of that notice is immaterial.[9]  Indeed, the very purpose of pre-suit notice requirements is the avoidance of unnecessary litigation with the aggrieved *potential plaintiff.* *See, e.g., Bldg & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 158 (2d Cir. 2006) ("the purpose of notice is to allow a potential defendant to promptly rectify the problem") (quotation omitted).  Because Mr. Kurtz himself neither alleged, nor provided, any form of notice of his breach of warranty claim, he deprived Kimberly-Clark of any way to rectify the alleged problem, and his warranty claim fails as a result.

*Second*, the express warranty claim fails for lack of privity.  As discussed above, *Ebin*— upon which Plaintiff otherwise relies—demonstrates that privity is required, and the absence of privity can be found on a pleading such as this.  2013 WL 6504547 at *6; *see also*, *e.g.*, *Carcone v. Gordon Heating & Air Conditioning Co.*, 212 A.D.2d 1017, 1018 (4th Dep't 1995) ("Privity is also an essential element of a cause of action for express warranty"); *Koenig v. Boulder Brands, Inc.*, No. 13-CV-1186 (ER), 2014 WL 349706, at *13 (S.D.N.Y. Jan. 31, 2014); *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 624-25 (S.D.N.Y. 2012).[10]

---

[9] *See, e.g., Medinol Ltd. v. Boston Sci. Corp.*, 346 F. Supp. 2d 575, 620-21 (S.D.N.Y. 2004) (finding issue of fact as to sufficiency of notice where plaintiff sent multiple pre-suit letters to defendant relating to the breach of warranty claims ultimately pled as part of the parties' "ongoing and multifaceted relationship").

[10] The cases Plaintiff cites in which breach of express warranty claims were permitted despite lack of privity between manufacturer defendants and plaintiffs, Opp. 32-33, are limited to those situations in which a purchaser alleges "*specific representations* made by a manufacturer . . . *upon which [the]*

11

## VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

### A.    Plaintiff's Unjust Enrichment Claims Fail Because They Are Duplicative.

Kimberly-Clark showed (Br. 16-17)—and Plaintiff does not actually dispute (notwithstanding a heading in his Opposition (at 36))—that Plaintiff's unjust enrichment claim is premised on the exact same alleged conduct as his negligent misrepresentation, breach of express warranty, GBL, and NJCFA claims.  Nor does Plaintiff dispute that where an unjust enrichment claim merely "duplicates . . . a conventional contract or tort claim," it "cannot survive."  *Koenig*, 2014 WL 349706, at *13.

Instead, Plaintiff argues that "a claim for unjust enrichment can be pled as an alternative theory of recovery."  Opp. 35; *id.* at 36-37 (his claim is an alternative to his primary contract-based warranty theories).  Kimberly-Clark does not dispute that point.  But in order to plead such an alternative claim, a plaintiff must identify a set of facts that gives rise to a plausible basis for finding that his unjust enrichment claim does not merely collapse into his other theories that exist at law.  *See*, *e.g.*, *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012) (dismissing unjust enrichment claim despite being pled as one of four theories, because "unjust enrichment is not a catchall cause of action to be used when others fail.  It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.");  *Premier Pork L.L.C. v. Westin, Inc.*, No. 07-1661, 2008 WL 724352, at *14 (D.N.J. Mar. 17,

purchaser relies."  *Ault v. J.M. Smucker Co.*, No. 13 Civ. 3409, 2014 WL 1998235, at *7 (S.D.N.Y. May 15, 2014) (emphasis added); *Avola v. Louisiana-Pac. Corp.*, No. 11-CV-4053 (PKC), 2013 WL 4647535, at *6 (E.D.N.Y. Aug. 23, 2013) (permitting breach of express warranty despite lack of privity with regard to advertisements "upon which the buyer relied").  As shown above, because Plaintiff pleads no reliance on Kimberly-Clark's "specific representations," Plaintiff, in all events, cannot invoke those cases here. *See also Jesmer v. Retail Magic, Inc.*, 55 A.D.3d 171, 173 (2d Dep't 2008) (suggesting that plaintiff could bring an express warranty claim against a manufacturer if she "personally accept[ed], agree[d] to, [and] rel[ied] upon the terms of [an] on-line digital licensing agreement").

2008) ("Although litigants may plead alternative and inconsistent claims, courts have on numerous occasions dismissed under Rule 12(b)(6) unjust enrichment claims that relate to the same subject matter as valid contracts.") (internal citation omitted).

Plaintiff identifies no unusual circumstances that would allow his unjust enrichment claims to survive here.  Rather, Plaintiff's "alternative" unjust enrichment claims are premised on the same alleged wrongdoing as *all* his other causes of action.  Thus, even if this Court were to hold that because it is an open question whether a valid contract exists such that unjust enrichment may be a valid alternative to warranty claims, *see* Opp. 36-37,[11] Plaintiff fails to answer for his other claims.

Indeed, Plaintiff does not, and cannot, dispute that his unjust enrichment is premised on the same conduct alleged to support his other causes of action.  Instead, he confirms the point: "Defendants were enriched through their *misrepresentations*."  Opp. 36 (emphasis added).  Because that is the crux of his statutory consumer claims and his negligent misrepresentation claims, just as in *Corsello*, the unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim. . . .  To the extent [plaintiff's other] claims succeed, the unjust enrichment claim is duplicative; *if plaintiff's other claims are defective, an unjust enrichment claim could not remedy the defects*."  18 N.Y.3d at 790-791.

### B.   Plaintiff's Unjust Enrichment Claim Is Not Cognizable Under New Jersey Law For Additional, Independent Reasons.

Additionally, whether considered a contract or a tort theory, Plaintiff's unjust enrichment claim fails for independent reasons under New Jersey law.

---

[11] Plaintiff cites no cases under New Jersey law permitting unjust enrichment claims to survive on the basis that a dispute exists as to the existence of a contract.  Opp. 36-37.  Indeed, *Hoffman v. Supplements Togo Mgmt, LLC* (*cited in* Opp. 37) did not involve an unjust enrichment claim.  18 A.3d 210, 211-12 (N.J. Super. Ct. App. Div. 2011) (addressing only NJCFA and common law fraud claims).

*First*, if the unjust enrichment claim is based on quasi-contract, it fails because Plaintiff does not, and cannot, allege a direct relationship between himself and Kimberly-Clark, such that he could have conferred the requisite direct benefit on Kimberly-Clark.  Br. 18-19; *Gaelick v. Conn. Gen. Life Ins. Co.*, No. 11-2464, 2011 WL 3794228, at *6 (D.N.J. Aug. 25, 2011) (dismissing unjust enrichment claim because rather than a direct benefit, "Plaintiffs refer to an allegedly unjust action committed by Defendants which earned them a benefit from . . . a non-party").  Plaintiff asks this Court to reject the majority rule that no direct relationship is required based on *one* district court case.  Opp. 39-40 (citing *Stewart v. Beam Global Spirits & Wine, Inc*., 877 F. Supp. 2d 192, 199-200 (D.N.J. 2012)).  In *Stewart*, the court acknowledged that it was choosing to depart from a large body of law within the District of New Jersey.  877 F. Supp. 2d at 196-97 (noting defendants "accurately represent[ed] the holdings" of "approximately twelve decisions by other courts within this District").  Moreover, cases following *Stewart* have rejected its holding.  *Fishman v. Gen. Elec. Co*., No. 2:12-cv-00585, 2013 WL 1845615, at *6 (D.N.J. Apr. 30, 2013).  They have done so with good reason.  The Appellate Division of the New Jersey Superior Court repeatedly has held that "'unjust enrichment d[oes] not apply" where "no direct relationship existed between the parties."  *Castro v. NYT Television*, 851 A.2d 88, 98-99 (N.J. Super. Ct. App. Div. 2004) (quoting *Fasching v. Kallinger*, 510 A.2d 694, 699-700 (N.J. Super. Ct. App. Div. 1986); *accord Napier v. Pub. Serv. Elec. & Gas. Co.*, No. L–0070–13, 2014 WL 3444670, at *4 (N.J. Super. Ct. App. Div. July 15, 2014) (collecting cases).  This Court, sitting in diversity, is "bound 'to apply the law as interpreted by [the state's] intermediate appellate courts . . . unless [it] find[s] persuasive evidence that the [state's highest court] . . . would reach a different conclusion.'"  *Cornejo v. Bell*, 592 F.3d 121, 130 (2d Cir. 2010) (citation omitted).  Here, Plaintiff has "has not provided . . . any reason to believe that the [state's highest court]

14

would disagree." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) (following intermediate appellate decision as a result).

*Second*, if the unjust enrichment claim sounds in tort, it fails because Plaintiff does not dispute that "New Jersey does not recognize unjust enrichment as an independent tort cause of action." *Nelson v. Xacta 3000 Inc.*, No. 08-5426, 2010 WL 1931251, at *9 (D.N.J. May 12, 2010); Br. 17-18. To the extent that Plaintiff argues that he can avoid this rule based on the notion that the existence of his breach of warranty claim alone transforms his unjust enrichment claim into a quasi-contract claim, he is mistaken. Opp. 40. Plaintiff attempts (Opp. 41) to distinguish *Gray v. Bayer Corp.*, No. 08-4716, 2009 WL 1617930 (D.N.J. June 9, 2009), because the plaintiff there did not bring an express warranty claim. But the *Gray* court examined the *allegations* underlying plaintiffs' unjust enrichment claim, and held that it sounded in tort because her "theory of recovery is based on the assertion that Bayer misled her and that as a result of its tortious conduct, she is allowed to recover damages." 2009 WL 1617930, at *3. Here, if, as Plaintiff now suggests, "misrepresentations" and "false and misleading statements" are the basis for his unjust enrichment claim, Opp. 36-37; *see* Compl. ¶ 129 (similar), as in *Gray* it is based in tort and fails for the same reason. *See also*, *e.g.*, Br. 17-18 (collecting cases).[12]

## VII.   THE GBL AND NJCFA CLAIMS MUST BE DISMISSED TO THE EXTENT THAT THEY ARE BROUGHT ON BEHALF OF NATIONWIDE CLASSES.

Kimberly-Clark showed that Plaintiff's statutory consumer claims should be dismissed to the extent that they are brought on behalf of consumers outside New York and New Jersey, respectively, under each state's statute. Br. 20-22. The Opposition is largely non-responsive.

---

[12] Plaintiff's reliance on *Stewart*, 877 F. Supp. 2d 192, is unavailing in this context. There, no dispute was raised and the court never addressed whether the unjust enrichment claim sounded in tort or contract.

*First*, Plaintiff states that his common law claims "routinely have been certified on a nationwide basis," Opp. 42, but certification is irrelevant here. And Kimberly-Clark has not asserted an extraterritoriality defense here as to Plaintiff's "common law claims." Opp. 42.

*Second*, Plaintiff ducks the crux of Kimberly-Clark's showing that the NJCFA claim should be dismissed to the extent it is brought on behalf of purchasers outside of New Jersey. Br. 20-22. As explained in the Opening Brief, the rare instances in which the NJCFA has been applied extraterritorially involve findings that New Jersey has an "interest in deterring fraudulent behavior by a *resident corporation*," a situation not present in this case. *In re Mercedes-Benz Tele Aid Contract Litig.*, 267 F.R.D. 113, 123 (D.N.J. 2010) (emphasis added). The cases upon which Plaintiff relies do not hold otherwise. *See* Opp. 42-43.

*Third*, Plaintiff is similarly evasive about the GBL. Opp. 43. But New York law is unmistakably clear on the point pressed in Kimberly-Clark's motion: "to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York." *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 325 (2002).[13]

---

[13] The two district court cases plaintiff cites in the class settlement posture do not change this rule. Even Plaintiff's lead authority (Opp. 43) recognized that "before the parties agreed to the nationwide Settlement, this Court had certified only a class of New York purchasers. . . . It is unlikely that such a nationwide class could proceed to trial, at least with respect to the claims arising under New York General Business Law § 349," because "[t]he transaction in which the consumer is deceived must occur in New York." *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 241 (E.D.N.Y. 2010) (citations omitted). Moreover, Plaintiff's argument that "it is more appropriate to defer ruling on this issue until class certification," Opp. 43-44, should be rejected just as Judge Mauskopf did in *In re Frito-Lay North America, Inc.*, No. 12-MD-2413, 2013 WL 4647512, at *18-19 (E.D.N.Y. Aug. 29, 2013) (finding the issue appropriate for adjudication on the pleadings, and explaining that "the state rule defines the very conduct prohibited by the GBL – solely conduct that occurs in New York. . . . As such, to the extent [plaintiff's GBL claims] are brought by and on behalf of non-New York plaintiffs and putative class members, they are dismissed.").

**CONCLUSION**

For the foregoing reasons, and those set forth in Kimberly-Clark's Memorandum,

Plaintiff's action should be dismissed.

Dated:  August 1, 2014                    Respectfully submitted,

                                          SIDLEY AUSTIN LLP

                                          By:/s/  Eamon P. Joyce
                                          Eamon P. Joyce
                                          787 Seventh Avenue
                                          New York, New York  10019
                                          Telephone:  (212) 839-5300
                                          Facsimile:  (212) 839-5599

                                          James W. Mizgala (*pro hac vice*)
                                          Kara L. McCall (*pro hac vice*)
                                          Daniel A. Spira (*pro hac vice*)
                                          SIDLEY AUSTIN LLP
                                          One South Dearborn Street
                                          Chicago, Illinois 60603
                                          Telephone: (312) 853-7000
                                          Facsimile: (312) 853-7036

                                          *Attorneys for Kimberly-Clark Corporation*

17