James M. Bergin
Kayvan B. Sadeghi
Adam J. Hunt
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| D. JOSEPH KURTZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>KIMBERLY-CLARK CORPORATION and<br>COSTCO WHOLESALE CORPORATION,<br><br>                    Defendants. | No. 1:14-cv-01142 (JBW)(RML) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COSTCO
WHOLESALE CORPORATION'S MOTION TO DISMISS COUNTS I, II, V AND VI
AND CERTAIN CLASS ALLEGATIONS OF THE COMPLAINT**

James M. Bergin
Kayvan B. Sadeghi
Adam J. Hunt
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 2

I.     PLAINTIFF'S OPPOSITION HIGHLIGHTS WHY COUNTS I, II, V, AND VI
MUST BE DISMISSED ................................................................................... 3

     A.     Plaintiff Concedes That He Failed To Meet The Statutory Notice
Requirement To Bring An Express Warranty Claim And His Policy
Argument Seeking To Ignore The Statute Is Unavailing...................................... 3

     B.     Plaintiff's Negligent Misrepresentation Claim Must Be Dismissed
Because All Of The Alleged Damages Are Barred By The Economic Loss
Doctrine.......................................................................................................... 5

     C.     Plaintiff's Unjust Enrichment Claim Should Be Dismissed As Duplicative
Because There Is No Dispute As To The Existence Of The Sales Contract
Between Plaintiff and Costco.................................................................................. 8

     D.     The New Jersey Consumer Fraud Act Claim Should Be Dismissed
Because Plaintiff Cannot Use Supplemental Declarations To Meet The
Particularity Requirement of Fed. R. Civ. P. 9(b). ................................................ 9

II.    PLAINTIFF'S NATIONAL CLASS ALLEGATIONS SHOULD BE
DISMISSED BECAUSE THE REMAINING CLAIMS UNDER THE NEW
YORK GENERAL BUSINESS LAW CANNOT SUPPORT A NATIONAL
CLASS. .......................................................................................................... 13

CONCLUSION ........................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*18 KT.TV, LLC v. Entest Biomedical, Inc.*,
   No. 3:11cv244, 2011 U.S. Dist. LEXIS 128435 (M.D. Pa. Nov. 7, 2011)..............................9

*Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*,
   793 N.Y.S.2d 576 (3d Dep't 2005)...................................................................................8

*Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*,
   No. 93-CV-3068, 1996 U.S. Dist. LEXIS 9013 (S.D.N.Y. June 27, 1996) ............................8

*Blennis v. Hewlett-Packard Co.*,
   No. 07-00333 JF, 2008 U.S. Dist. LEXIS 106464 (N.D. Cal. Mar. 25, 2008)........................9

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) .....................................................................................15

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (N.Y. 2012) ...............................................................................................8

*Curley v. AMR Corp.*,
   153 F.3d 5 (2d Cir. 1998) ................................................................................................14

*Dal Ponte v. Am. Mortg. Express Corp.*,
   No. 04-2152, 2006 U.S. Dist. LEXIS 57675 (D.N.J. Aug. 17, 2006) ............................14, 15

*Dicuio v. Brother Int'l Corp.*,
   No. 11-1447 (FLW), 2012 U.S. Dist. LEXIS 112047 (D.N.J. Aug. 9, 2012) ........................12

*DiMuro v. Clinique Labs., LLC*,
   No. 13-4551, 2014 WL 3360586 (2d Cir. July 10, 2014)......................................................12

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
   784 F. Supp. 2d 508 (D.N.J. 2011) ...................................................................................11

*Dupler v. Costco Wholesale Corp.*,
   705 F. Supp. 2d 231 (E.D.N.Y. 2010) ...........................................................................13, 14

*Elias v. Ungar's Food Prods., Inc.*,
   252 F.R.D. 233 (D.N.J. 2008)...........................................................................................15

*Goshen v. Mut. Life Ins. Co.*,
   98 N.Y.2d 314 (2002) .......................................................................................................13

*Graco, Inc. v. PMC Global, Inc.*,
   No. 08-1304 (FLW), 2009 U.S. Dist. LEXIS 26845 (D.N.J. Mar. 31, 2009) .........................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                       **Page(s)**

*Haag v. Hyundai Motor Am.*,
    No. 12-CV-6521L, 2013 WL 4812344 (W.D.N.Y. Sept. 10, 2013)........................................9

*Hammer v. Vital Pharms., Inc.*,
    No. CIV.A. 11-4124, 2012 U.S. Dist. LEXIS 40632 (D.N.J. Mar. 26, 2012)........................4

*Hemming v. Certainteed Corporation*,
    468 N.Y.S.2d 789 (4th Dep't. 1983)........................................................................7

*Henry Builders, Inc. v. United States*,
    No. 1:09-CV-0288 (ENV) (JMA), 2009 WL 185419 (E.D.N.Y. Jan. 26, 2009), *aff'd*,
    372 F. App'x 104 (2d Cir. 2010) ........................................................................10

*Hodgson, Russ, Andrews,Woods & Goodyear, LLP v. Isolatek Int'l Corp.*,
    752 N.Y.S.2d 767 (4th Dept. 2002)........................................................................6

*Hubbard v. Gen. Motors Corp.*,
    No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)........................................4

*In re Bridgestone/Firestone, Inc. v. Wilderness Tires Prods. Liab. Litig.*,
    155 F. Supp. 2d 1069 (S.D. Ind. 2001) ..............................................................3, 4

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
    Nos. 96–3125 (JBS), 96–1814 (JBS), 96–3198 (JBS), 2001 WL 1266317 (D.N.J.
    Sept. 30, 1997) ........................................................................................4

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
    No. 12-MD-2413 (RMM)(RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)3, 4, 5, 13, 14

*In re Grand Theft Auto Video Game Consumer Litig.*,
    No. 06 MD 1739, 2006 U.S. Dist. LEXIS 78064 (S.D.N.Y. Oct. 25, 2006)....................13, 14

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
    No. 2:06-CV-5774 (SRC), 2009 WL 2043604 (D.N.J. July 10, 2009) ..................................11

*In re: Mercedes-Benz Tele Aid Contract Litig.*,
    257 F.R.D. 46 (D.N.J. 2009)..............................................................................15

*Int'l Union of Operating Eng'rs Local 68 Welfare Fund v. Merck & Co.*,
    894 A.2d 1136 (N.J. App. Div. 2006)....................................................................15

*JOC, Inc. v. ExxonMobil Oil Corp.*,
    No. 08-5344 (FSH), 2010 U.S. Dist. LEXIS 32305 (D.N.J. Apr. 1, 2010)..............................4

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Joy Sys. v. ADT Sec. Servs., Inc.*,
    No. CIV. 07-3579 (GEB), 2008 WL 682232 (D.N.J. Mar. 7, 2008)........................................9

*Kalow & Springut, LLP v. Commence Corp.*,
    No. 07-3442, 2012 U.S. Dist. LEXIS 173785 (D.N.J. Dec. 7, 2012)....................................14

*Lieberson v. Johnson & Johnson Consumer Cos.*,
    865 F. Supp. 2d 529 (D.N.J. 2011) ....................................................................................11

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
    244 F.R.D. 204 (S.D.N.Y. 2007) .........................................................................................7

*MK Strategies, LLC v. Ann Taylor Stores Corp.*,
    567 F. Supp. 2d 729 (D.N.J. 2008) .....................................................................................9

*Moxie Indus., Inc. v. Hayden*,
    677 F. Supp. 187 (S.D.N.Y. 1988)......................................................................................4

*Noble v. Porsche Cars N. Am., Inc.*,
    694 F. Supp. 2d 333 (D.N.J. 2010) .....................................................................................7

*Palmeri v. LG Elecs. USA, Inc.*,
    No. 07-5706 (JAG), 2008 U.S. Dist. LEXIS 58374 (D.N.J. July 30, 2008) ...........................9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985).........................................................................................................14

*Praxair v. Gen. Insulation Co.*,
    611 F. Supp. 2d 318 (W.D.N.Y. 2009) ..........................................................................5, 6, 7

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013)..................................................................................4

*Rodriguez v. Goetz*,
    No. 09–CV–3728, 2010 WL 451032 (S.D.N.Y. Feb. 1, 2010) ............................................10

*Simone v. United States*,
    No. 09-CV-3904 TCP AKT, 2012 WL 4891617 (E.D.N.Y. Oct. 9, 2012) ............................10

*Simpson v. O'Sullivan*,
    No. 09-CV-2334 JS ETB, 2010 WL 4608741 (E.D.N.Y. Nov. 2, 2010) ..............................10

*Smajlaj v. Campbell Soup Co.*,
    782 F. Supp. 2d 84 (D.N.J. 2011) ..............................................................................9, 11, 12

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*Space Hunters, Inc. v. United States*,
  No. 10 CIV. 6335 CM, 2011 WL 1899627 (S.D.N.Y. May 17, 2011), *aff'd*, 500 F.
  App'x 76 (2d Cir. 2012)..................................................................................................10, 11

*Space, Inc. v. Simowitz*,
  No. 08–CV–2854, 2008 WL 2676359 (S.D.N.Y. July 8, 2008).........................................10

*St. John's Univ. v. Bolton*,
  757 F. Supp. 2d 144 (E.D.N.Y. 2010) ...................................................................................9

*Statler v. Dell, Inc.*,
  775 F. Supp. 2d 474 (E.D.N.Y. 2011) ..............................................................................8, 9

*Szymczak v. Nissan N. Am., Inc.*,
  No. 10 CV 7493 (VB), 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011)..........................13, 14

*Triple R Farm P'ship v. IBA, Inc.*,
  801 N.Y.S.2d 666 (4th Dep't 2005).......................................................................................8

*Vertex Constr. Corp. v. T.F.J. Fitness L.L.C.*,
  No. 10 Civ. 683, 2011 U.S. Dist. LEXIS 135453 (E.D.N.Y. Nov. 23, 2011) .........................9

*Wade v. Tiffin Motorhomes, Inc.*,
  686 F. Supp. 2d 174 (N.D.N.Y 2009).....................................................................................7

*Weiss v. Polymer Plastics Corp.*,
  802 N.Y.S.2d 174 (2d Dep't 2005)....................................................................................5, 6

**STATUTES**

N.J. Stat. Ann. § 12A:2-607(3)(a)..............................................................................................3

N.Y. Gen. Bus. Law  (McKinney 1963)
  § 349(a)...............................................................................................................................13
  § 350...................................................................................................................................13

N.Y. U.C.C. Law
  § 2-607(3)(a) .......................................................................................................................3
  § 2-607, cmt. 4 .....................................................................................................................4

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to meaningfully address any of the five pleading failures defendant Costco Wholesale Corporation ("Costco") identified in its moving brief, and thus Counts I, II, V and VI and portions of Counts III and IV (and Count V, to the extent it survives at all) should be dismissed.

*First*, New York and New Jersey both expressly require that a plaintiff give notice prior to bringing a claim for breach of express warranty. Plaintiff acknowledges that he gave no such notice to Costco, and that failure is fatal to Count II. Plaintiff's argument that the Court should ignore the statutory requirement because doing so would be good policy (Opp'n[1] at 34), should be rejected out of hand. *See* Section I.A.

*Second*, Plaintiff appears to agree that his negligent misrepresentation claim is barred by the economic loss doctrine to the extent it relies on the price of the wipes to establish damages, but he tries to preserve some claim for damage to "other property." (Opp'n at 29-30.) The argument fails under the authority on which both Plaintiff and Costco rely—including *Weiss* and *Praxair*—which make clear that claims for consequential damage to other property *are* barred when they arise from a product's failure to perform its intended purpose. In any event, Plaintiff's Complaint merely alleges maintenance costs, i.e. the cost of removing clogs, with no suggestion of actual property damage to the plumbing itself. *See* Section I.B.

*Third*, Plaintiff may not recast his contract claim as one for unjust enrichment. Plaintiff acknowledges that the claim is duplicative, but argues that he should be permitted to plead unjust enrichment as an alternative to his contract claim at this stage in the case. (*See* Opp'n at 36-38.) That sort of alternative pleading is proper only where the existence or scope of the contract is in dispute. Here, there is no dispute as to the existence or scope of the sales contract between Plaintiff and Costco, from which Plaintiff directly purchased wipes, so there is no basis to plead a quasi-contractual theory in the alternative against Costco. *See* Section I.C.

---

[1] Omnibus Memorandum of Law in Opposition to the Motions of Defendants Kimberly-Clark Corporation and Costco Wholesale Corporation to Dismiss Plaintiff's Class Action Complaint ("Opp'n") (July 1, 2014), ECF No. 30.

*Fourth*, Plaintiff's attempt to supplement his pleading with two factual declarations is not only improper; it also highlights the lack of particularity in the Complaint that requires dismissal of the New Jersey Consumer Fraud Act ("NJCFA") claim for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  While Plaintiff tries (unsuccessfully) to augment his damages allegations, he has no response to the Complaint's fundamental failure to allege *with particularity* any facts that could support causation.  Plaintiff allegedly experienced clogged drains in two separate residences.  He attributes the clogs to two different flushable wipe products, marketed by Costco and by Kimberly-Clark, without providing any details as to which products were used in which locations, in what quantities or at what times in relation to the clogs, or what other products were flushed down his toilets.  Plaintiff's attempt to augment his damages allegations is unavailing, and his inability to cure his pleading defects, even with two improper declarations, shows that any amendment would be futile and that his NJCFA claim should be dismissed with prejudice.  *See* Section I.D

*Fifth*, Plaintiff offers no basis upon which to maintain a national class under either the New York General Business Law ("GBL") or the NJCFA.  The cases on which Plaintiff relies merely hold that New Jersey companies are subject to the NJCFA with respect to their nationwide customers.  (*See* Opp'n at 42-43.)  But Costco is a Washington company and there is thus no basis upon which consumers outside New York and New Jersey can bring claims against Costco using those states' statutes.  There is therefore no benefit to delaying the inevitable dismissal of those allegations.  *See* Section II.

## ARGUMENT

Counts I, II, and VI of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state cognizable claims for relief as a matter of law.  Count V should be dismissed for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  For the remaining Counts III and IV (and for Count V to the extent

it survives), the Court should dismiss with prejudice the national class allegations because those state statutes provide no basis for nationwide relief.

## I.   PLAINTIFF'S OPPOSITION HIGHLIGHTS WHY COUNTS I, II, V, AND VI MUST BE DISMISSED

### A.   Plaintiff Concedes That He Failed To Meet The Statutory Notice Requirement To Bring An Express Warranty Claim And His Policy Argument Seeking To Ignore The Statute Is Unavailing.

Plaintiff does not and cannot dispute that he failed to give Costco notice of a purported breach of warranty prior to filing suit.  (*See* Opp'n 33-35.)  Plaintiff also does not dispute the statutory requirement, adopted by both New York and New Jersey, that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy*."  (*Id.* at 34 (emphasis added)); *see also* N.Y. U.C.C. Law § 2-607(3)(a); N.J. Stat. Ann. § 12A:2-607(3)(a).  Costco cites numerous recent cases dismissing similar claims for failure to meet the notice requirement (*see* Opening Br.[2] at 4-6 (citing, *e.g.*, *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RMM)(RLM), 2013 WL 4647512, at *27-28 (E.D.N.Y. Aug. 29, 2013) ("*Frito-Lay*")).  Plaintiff, however, fails to address *any* of those cases.

Instead, Plaintiff argues that "[t]he policies underlying § 2-607(3)(a)'s notice requirement are best served by finding that Defendants were on notice," purportedly on the basis of complaints posted online and "intense media scrutiny" concerning Defendants' flushable wipes products.  (Opp'n at 33-34.)  The only case that Plaintiff cites in support of this "generalized notice" argument, *In re Bridgestone/Firestone, Inc. v. Wilderness Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001), is inapposite.  There, the Southern District of Indiana considered whether the state Supreme Courts in Tennessee and Michigan would find their states' respective versions of Section 2-607's notice requirement to be satisfied based on generalized

---

[2] Memorandum of Law in Support of Defendant Costco Wholesale Corporation's Motion to Dismiss Counts I, II, V and VI and Certain Class Allegations of the Complaint ("Opening Br.") (May 5, 2014), ECF No. 21.

3

notice.  *Id.* at 1109 (noting the lack of any authority on point in either state).[3]  The court noted that some states' interpretations of Section 2-607 allowed a complaint to constitute notice and "conclude[d] that a per se rule that the filing of a lawsuit can never satisfy the notice of breach requirement would be improper, and we find nothing in either Michigan or Tennessee law suggesting that the Supreme Courts of those states would not also so hold."  *Id.* at 1109-10.

Plaintiff's reliance on *In re Bridgestone/Firestone* is unavailing for numerous reasons. As a threshold matter, Plaintiff effectively concedes that New York and New Jersey require pre-suit notice by arguing that pre-suit media and internet complaints should suffice.  (*See* Opp'n at 33-35.)  More important, Plaintiff has no answer to the numerous and more recent cases applying New York and New Jersey law to require pre-suit notice and dismissing similar breach of express warranty claims where notice by the plaintiff was lacking.[4]

Plaintiff's policy argument is also flawed.  The comments to Section 2-607 make clear that a primary purpose of the notice requirement is that it "opens the way for normal settlement through negotiation." N.Y. U.C.C. Law § 2-607, cmt. 4.  Following this logic, Judge Mauskopf recently explained that "generalized notice" of the type urged by Plaintiff here "is likely insufficient as to any plaintiff other than on whose behalf it was provided" because defendants "were denied the opportunity to negotiate or settle this claim without judicial involvement."

---

[3] The *Bridgestone/Firestone* plaintiffs also alleged that defendant not only knew of the defect, but had already instituted a product recall in response to a regulatory investigation.  *See In re Bridgestone/Firestone, Inc. v. Wilderness Tires Prods. Liab. Litig.*, Master Compl. ¶¶ 98, 100,109, No. IP 00-9373 (S.D. Ind. Jan. 2, 2001).

[4] *See Frito-Lay*, 2013 WL 4647512, at *28; *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing express warranty claim concerning dietary supplements sold by defendant for failure to allege notice required by § 2-607(3)(a)); *Hammer v. Vital Pharms., Inc.*, No. CIV.A. 11-4124, 2012 U.S. Dist. LEXIS 40632, at *30 (D.N.J. Mar. 26, 2012) (dismissing express warranty claim under N.J. Stat. Ann. § 12A:2-607(3)(a) because "this statutory notice is a condition precedent to filing any suit for breach of warranty") (internal quotation marks and citation omitted); *Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) ("Plaintiff's Complaint lacks any allegation that plaintiff notified [the seller] of the claimed defect. Accordingly, the Court grants defendant's motion to dismiss plaintiff's claims for breach of ... warranty for failure to allege notice"); *Moxie Indus., Inc. v. Hayden*, 677 F. Supp. 187, 192 (S.D.N.Y. 1988) (dismissing warranty claim for failure to notify); *JOC, Inc. v. ExxonMobil Oil Corp.*, No. 08-5344 (FSH), 2010 U.S. Dist. LEXIS 32305, at *15-16 (D.N.J. Apr. 1, 2010) (dismissing warranty claim for failure to notify); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, Nos. 96–3125 (JBS), 96–1814 (JBS), 96–3198 (JBS), 2001 WL 1266317, at *14 (D.N.J. Sept. 30, 1997) (dismissing express warranty claims because "[n]owhere in the pleadings do any of these particular named plaintiffs claim to have given this required notice").

*Frito-Lay*, 2013 WL 4647512, at *27-28 (quoting *Martin v. Ford Motor Co.*, 765 F. Supp. 2d

673, 682-83 (E.D. Pa. 2011) (alteration omitted)).

Plaintiff could have provided notice to Costco in many ways—in person, by phone, by

mail, or online.  Instead, he commenced a class-action lawsuit with no advance notice.  New

York and New Jersey law expressly prohibit such gamesmanship, and Plaintiff's breach of

express warranty claim should therefore be dismissed.

> **B.     Plaintiff's Negligent Misrepresentation Claim Must Be Dismissed
> Because All Of The Alleged Damages Are Barred By The Economic
> Loss Doctrine.**

As Costco showed in its opening brief, Plaintiff's claim for negligent misrepresentation is

barred by the economic loss doctrine because this claim is premised on the notion that flushable

wipes allegedly failed to perform their intended purpose.  (Opening Br. at 6-8; *see, e.g., Weiss v.

Polymer Plastics Corp.*, 802 N.Y.S.2d 174, 175-76 (2d Dep't 2005) (tort claim properly

dismissed as "'economic loss' due to product failure" where stucco siding failed to "perform

properly to protect their home").)

Plaintiff does not dispute that his negligent misrepresentation claim is based on the

wipes' alleged failure to perform their intended purpose of "flushability."  (*See* Opp'n at 29.)

And Plaintiff does not contest that two of his three suggested measures of damages—the entire

purchase price of the wipes and the purported difference in value between what he paid for and

what he received—are barred by the economic loss doctrine.  (*See id.* (acknowledging that

Costco's argument is "plausible" with respect to damages for money he "paid or overpaid for

[wipes]").)   In response, Plaintiff asserts only that "plumbing-related damage" is not barred

because the "economic loss doctrine does not apply where a defective product causes damage to

'other property.'"  (*Id.* at 30 (quoting *Praxair v. Gen. Insulation Co.,* 611 F. Supp. 2d 318, 326

(W.D.N.Y. 2009).)

Plaintiff's attempt to circumvent the economic loss doctrine based on alleged plumbing

damage fails for two distinct reasons:  (1) consequential damages to other property *are* barred by

5

the economic loss doctrine when they arise from the failure of a product to perform its intended purpose; and (2) Plaintiff does not allege any damage to "other property" in any event.

The primary cases relied upon by both Costco and Plaintiff—*Weiss* and *Praxair* (*see* Opening Br. at 6; Opp'n at 29-30)—make clear that the economic loss doctrine does bar consequential damages when those damages arise from a product's failure to perform its intended purpose. For example, *Weiss* involved stucco siding that allegedly failed to protect a home from water damage. The Second Department held that the claims were barred by New York's economic loss doctrine, including plaintiffs' claim that, as a consequence of the stucco's failure, "they have suffered direct loss to the stucco siding itself *and consequential damages to the plywood substrate attached to their home*." 802 N.Y.S.2d at 176 (emphasis added).

The "other property" distinction relied upon by Plaintiff becomes relevant only if the damage flows from a defect other than a product's failure to perform its intended purpose, in which case damage to the product itself is still barred by the economic loss doctrine, but damage to other property is not. *See, e.g., Praxair,* 611 F. Supp. 2d at 327. In *Praxair*, the plaintiff alleged that insulation coating, which had been used on aluminum piping, reacted with water to form an acid that damaged plaintiff's cryogenic testing facility. 611 F. Supp. 2d at 320. The court explained that:

> Pursuant to New York's economic loss doctrine, "a plaintiff may not recover in tort against a manufacturer for economic loss that is contractually based, '*whether due to injury to the product itself or consequential losses flowing therefrom*.'" In other words, where a product fails to perform as promised because of negligence or product defect, no recovery of damages for purely economic loss is permitted as a matter of tort law because such claims are "fundamentally and in all relevant respects, essentially contractual, product-failure discoveries."

*Id.* at 326 (emphasis added) (quoting *Hodgson, Russ, Andrews, Woods & Goodyear, LLP v. Isolatek Int'l Corp.*, 752 N.Y.S.2d 767, 769 (4th Dept. 2002) (quoting *Bocre Leasing Corp. v. Gen. Motors Corp. (Allison Gas Turbine Div.)*, 84 N.Y.2d 685, 693 (N.Y. 1995)); *Bocre Leasing*, 84 N.Y.2d at 694).

The analysis differs where the damage flows from something other than a product's failure to perform its intended purpose. *Praxair* drew an analogy to *Hodgson Russ*—a fireproofing case in which "plaintiff sought damages not because the fireproofing material failed to perform its intended purpose of fireproofing" but because the fireproofing caused mold and fungus. *Id.* at 326-27. Therefore, in *Hodgson Russ*, the Fourth Department looked to whether the damage was to the product itself or to "other property" to determine whether the economic loss doctrine would bar the claim. *See id.* Similarly, the *Praxair* plaintiffs did not seek damages for the insulation's failure to insulate, but rather for acidic damage. *Id.* at 327. Because the alleged damages did not flow from the product's failure to perform its intended purpose, the economic loss doctrine did not bar tort claims for loss to "other property." *See id.* at 327-28.[5]

The *Praxair* court expressly distinguished its facts from cases like *Weiss* and *Hemming v. Certainteed Corporation*, 468 N.Y.S.2d 789, 790 (4th Dep't. 1983). In those cases—like the "flushability" case presently before this Court—the fact that "the damages for which the homeowners sought to recover were attributed to the failure of the [product] to properly perform rendered it unnecessary for the court to consider whether the 'other property' exception to the economic loss doctrine applied." *Id.* at 327 (noting that *Hemming*, which involved siding materials, similarly barred claims for "direct loss to the siding itself *and consequential damages to [plaintiffs'] homes.*")(emphasis added). Here, Plaintiff's claims closely mirror *Weiss* and *Hemming* because he alleges that Costco represented its flushable wipes to be "sewer and septic safe" and to "break up after flushing" (Compl. ¶ 107), but that "the goods did not, in fact, flush without adverse consequences to home plumbing and sewer systems." (*Id.* ¶ 109.)[6] Plaintiff's negligent misrepresentation claim is therefore barred.

---

[5] The *Praxair* court declined to dismiss the claim on the pleadings because the damages did not flow from the product's failure to perform its intended purpose and therefore a more developed record was necessary to determine whether the insulation and piping were an "integrated unit" or involved "other property." *See id.* at 328.

[6] None of the cases cited by Plaintiff holds otherwise. *See Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007) (applying the economic loss doctrine to dismiss a negligent misrepresentation claim); *Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 336 (D.N.J. 2010) (same); *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 189 (N.D.N.Y 2009) (defect in an RV caused a fire that destroyed the RV; claim for RV damage and "repair costs" were barred but claim for damages to other property in the RV

It is also worth noting that, even if Plaintiff were correct that the law permitted him to bring a tort claim for damage to other property—and it does not—Plaintiff has not, in fact, alleged any damage to property.  Rather, Plaintiff alleges that he incurred unspecified expenses for plumbers to clear his drains (Compl. ¶ 74), but nowhere does the Complaint allege any damage to the plumbing itself or to any other property.  Plaintiff's attempt to circumvent the economic loss doctrine thus lacks any basis whatsoever.

### C.   Plaintiff's Unjust Enrichment Claim Should Be Dismissed As Duplicative Because There Is No Dispute As To The Existence Of The Sales Contract Between Plaintiff and Costco.

Plaintiff does not dispute that his unjust enrichment claim is factually identical to his breach of express warranty claim and that "[w]here a valid contract governs the subject matter in a lawsuit, a plaintiff may not recover in quasi-contract, and it is appropriate to dismiss a claim for unjust enrichment."  *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485 (E.D.N.Y. 2011).  (*See* Opp'n at 36-38.)  Rather, Plaintiff merely argues that he should be permitted to plead both causes of action in the alternative at this stage in the proceedings.  (Opp'n at 37-39.)

This is not an appropriate case for alternative pleading.  *See, e.g., Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 779 (N.Y. 2012) (dismissing unjust enrichment claim despite being pled as one of four theories, because "unjust enrichment is not a catchall cause of action to be used when others fail.  It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff").  As Plaintiff recognizes, courts allow such alternative pleading only when "there is a genuine dispute as to the existence of a contract." (Opp'n at 36 (citing only cases in which either there was a dispute about the existence or scope

---

were allowed to proceed); *Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*, No. 93-CV-3068, 1996 U.S. Dist. LEXIS 9013, at *8-9 (S.D.N.Y. June 27, 1996) (defective generator part caused the generator to catch fire, damaging generator and its surroundings); *Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*, 793 N.Y.S.2d 576, 579 (3d Dep't 2005) (seeking damages from explosion resulting from defective controller); *Triple R Farm P'ship v. IBA, Inc.*, 801 N.Y.S.2d 666, 667 (4th Dep't 2005) (teat sanitizer caused injury to cow teats).

of a contract, or the unjust enrichment claim was dismissed).)[7]  Here, nothing in Plaintiff's Complaint or in Costco's moving papers suggests any such dispute as to the existence of a contract or provides any other basis for alternative pleading.

Because there is no dispute about the existence or scope of the contractual relationship between Plaintiff and Costco, Plaintiff's unjust enrichment claim against Costco should be dismissed as duplicative under well-settled authority.  *See, e.g.*, *Statler*, 775 F. Supp. 2d at 485 (dismissing unjust enrichment claim in part because plaintiff's breach of contract claim was premised on breach of "specific warranty obligations"); *Haag v. Hyundai Motor Am.*, No. 12-CV-6521L, 2013 WL 4812344, at *3 (W.D.N.Y. Sept. 10, 2013) ("It is well settled that where a valid warranty governs the subject matter of a suit, a plaintiff cannot recover in quasi-contract, and it is appropriate to dismiss an unjust enrichment claim"); *Joy Sys. v. ADT Sec. Servs., Inc.*, No. CIV. 07-3579 (GEB), 2008 WL 682232, at *4 (D.N.J. Mar. 7, 2008) (dismissing unjust enrichment claim under New Jersey law in light of a valid contract covering the dispute).

> **D.    The New Jersey Consumer Fraud Act Claim Should Be Dismissed Because Plaintiff Cannot Use Supplemental Declarations To Meet The Particularity Requirement of Fed. R. Civ. P. 9(b).**

Plaintiff agrees that his NJCFA[8] claim must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  (*See* Opp'n 18-25 (citing *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 99 (D.N.J. 2011)).)  But the Complaint falls short of that standard, and Plaintiff's improper attempt to supplement his pleading with *two* supporting factual declarations

---

[7] *See Graco, Inc. v. PMC Global, Inc.*, No. 08-1304 (FLW), 2009 U.S. Dist. LEXIS 26845, at *94 (D.N.J. Mar. 31, 2009) (dismissing unjust enrichment claim); *Palmeri v. LG Elecs. USA, Inc.*, No. 07-5706 (JAG), 2008 U.S. Dist. LEXIS 58374, at *15 (D.N.J. July 30, 2008) (noting that "[the] Court is not in a position to determine whether the implied contract underlying the unjust enrichment claim and the express contract are about the identical subject"); *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 183 (E.D.N.Y. 2010) (noting that the parties disputed "whether, and to what extent the Agreements governed the parties' conduct"); *Vertex Constr. Corp. v. T.F.J. Fitness L.L.C.*, No. 10 Civ. 683, 2011 U.S. Dist. LEXIS 135453, at *11 (E.D.N.Y. Nov. 23, 2011) (unclear "whether any party will contest the validity of the contract or the extent to which the contract covers all work allegedly performed"); *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735-36 (D.N.J. 2008) (dispute concerned scope of alleged oral contract); *18 KT.TV, LLC v. Entest Biomedical, Inc.*, No. 3:11cv244, 2011 U.S. Dist. LEXIS 128435, at *14 (M.D. Pa. Nov. 7, 2011) (in a case applying Pennsylvania law, "defendants [did] not concede the validity of the contracts in question"); *Blennis v. Hewlett-Packard Co.*, No. 07-00333 JF, 2008 U.S. Dist. LEXIS 106464, at *12 (N.D. Cal. Mar. 25, 2008) (applying California law, defendants disputed the existence of contractual privity).

[8] New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. § 56:8-1 *et seq.*

only highlights the deficiencies of the existing pleading.[9]  Moreover, those supporting

declarations do not cure the deficiency, and the NJCFA claims should therefore be dismissed

with prejudice.  *See Space Hunters, Inc. v. United States*, No. 10 CIV. 6335 CM, 2011 WL

1899627, *6-8 (S.D.N.Y. May 17, 2011) ("Plaintiffs request that a dismissal of the complaint

under Rule 12(b)(6) be without prejudice and with leave to file an amended complaint—

presumably, to allow Plaintiffs to include in the complaint information from the [two supporting]

declarations [submitted with their opposition brief.]  Because it would be futile to permit

Plaintiffs to amend their complaint, the complaint is dismissed with prejudice"), *aff'd*, 500 F.

App'x 76 (2d Cir. 2012); *see also Henry Builders, Inc. v. United States*, No. 1:09-CV-0288

(ENV) (JMA), 2009 WL 185419, at *2 (E.D.N.Y. Jan. 26, 2009) ("because any amendment to

remedy the complaint's fundamental deficiency would be futile, the Court declines to afford

leave to amend […] and dismisses the complaint with prejudice"), *aff'd*, 372 F. App'x 104 (2d

Cir. 2010).

      Plaintiff half-heartedly argues that his existing allegations of an ascertainable loss are

sufficient based on a "benefit of the bargain" theory and an "out of pocket losses" theory, and

also that his threadbare plumbing allegations are also sufficient.  (*See* Opp'n 18-25.)  On the first

point, Plaintiff alleges that Kirkland Signature Moist Flushable Wipes cost $0.028 per wipe,

whereas comparable wipes by Huggies and Pampers that are not labeled as flushable sell for

---

[9] *See* Declaration of Mark S. Reich in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss ("Reich Decl.") (July 1, 2014), ECF No. 31; Declaration of D. Joseph Kurtz in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss ("Kurtz Decl.") (July 1, 2014), ECF No. 32.  Both of these declarations purport to provide the facts necessary to satisfy Rule 9(b).  (*See* Kurtz Decl. ¶¶ 10-11 (alleging plumbing-related costs that Plaintiff paid); Reich Decl. ¶ 2 (listing prices "as of June 27, 2014" for various "flushable" and "non-flushable" wipe products).)  Of course, it is well-settled that Plaintiff cannot resurrect his claims based on allegations made in opposition to a motion to dismiss.  *See Simone v. United States*, No. 09-CV-3904 TCP AKT, 2012 WL 4891617, at *6 (E.D.N.Y. Oct. 9, 2012) ("New facts and allegations, first raised in a Plaintiffs' opposition papers, may not be considered" in deciding a motion to dismiss); a non-pro se plaintiff "may not amend [his] complaint through [his] opposition." *Rodriguez v. Goetz*, No. 09–CV–3728, 2010 WL 451032, at *1 n. 1 (S.D.N.Y. Feb. 1, 2010) (declining to consider factual allegations raised in opposition to motion to dismiss); *see also Space, Inc. v. Simowitz*, No. 08–CV–2854, 2008 WL 2676359, at *4 (S.D.N.Y. July 8, 2008) (declining to consider "new factual allegations that are not contained in the Complaint"); *Simpson v. O'Sullivan*, No. 09-CV-2334 JS ETB, 2010 WL 4608741, at *3 n.2 (E.D.N.Y. Nov. 2, 2010) ("a non-*pro se* plaintiff may not amend [his] complaint through [his] opposition.") (citations and quotations omitted).

$0.02 per wipe" (Compl. ¶ 89), but Plaintiff does not allege where or when those prices were supposedly in effect, in what quantity one would have to purchase each type of wipe to realize those per-wipe prices, or—most critically—that Plaintiff ever purchased any wipes for either of those prices or that he considered these products to be a comparable substitute for the Kirkland product.  (*See id.*)   Therefore, unlike the plaintiff in *Smajlaj*, Plaintiff has not actually "compare[d] the price [he] paid for the product as it was represented to the price of a product that is the equivalent for [Plaintiff's] purposes of the product actually received."  782 F. Supp. 2d at 102.  Plaintiff's benefit of the bargain allegations are therefore more similar to those in *Lieberson v. Johnson & Johnson Consumer Companies, Inc.*, in which the claims were dismissed because the plaintiff "[did] not allege[] the price she paid for the [p]roducts" and "[did] not allege[] the identity or cost of any allegedly comparable products."  865 F. Supp. 2d. 529, 541 (D.N.J. 2011).[10]

With respect to the plumbing issues, Plaintiff misses the core point of Costco's motion to dismiss:  the Complaint fails to allege with particularity facts that support a causal connection between Costco's product and Plaintiff's thinly-alleged plumbing problems.  (*See* Opening Br. at 11 (noting that Plaintiff fails to allege in which of the two residence(s) he used Costco's product as compared to Kimberly-Clark's (or any other company's) product, in what quantities, over what length of time, whether he followed the instructions for use, or what else he flushed down his drains during the same time period).)  Therefore, no particularized facts in the Complaint, even if accepted as true, would allow the Court to determine that Costco's products caused any plumbing problem.  *See Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 530 (D.N.J. 2011) (dismissing NJCFA claim because plaintiffs' "theory of causation in this action is too speculative and attenuated to be cognizable"); *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-CV-5774 (SRC), 2009 WL 2043604, at *25,

---

[10] Plaintiff's improper supporting declaration offers current (i.e. June 2014) pricing of various products (*see* Reich Decl. ¶ 2), which suffers the same defect as the Complaint, suggesting that Plaintiff cannot cure his pleading and leave to amend will be futile.  *See Space Hunters*, 2011 WL 1899627, at *6-8.

31 (D.N.J. July 10, 2009) (dismissing NJCFA claim for failure to plead causation with particularity because "Plaintiffs simply have not established that their purported injuries were proximately caused by Defendants' alleged illegal conduct . . . . Rather than individualized allegations delineating with particularity the connection between the injury to business or property and the alleged RICO violation [on which the NJCFA claim was based], Plaintiffs' allegations resemble prefabricated claims lacking any detail"); *cf. DiMuro v. Clinique Labs., LLC*, No. 13-4551, 2014 WL 3360586, at *2-3 (2d Cir. July 10, 2014) (dismissing consumer fraud claims under Rule 9(b) where plaintiffs used a similar "group-pleading" strategy, failed to distinguish among various products, and did not plead whether they "used the products as directed").

Ignoring causation, Plaintiff instead argues that damages are sufficiently particularized because out-of-pocket expenses are reasonably determinable and because excerpted complaints from Costco's and Kimberly-Clark's websites (which make assertions regarding other consumers' alleged plumbing costs) are purportedly sufficient to quantify "[t]he measure of damages relating to the cost of repairing the plumbing issues caused by Defendants' Flushable Products'." (Opp'n at 23 (citing *Smajlaj*, 782 F. Supp. 2d at 99.) While Plaintiff's out-of-pocket plumbing expenses *may* be ascertainable, that does not solve the problem that those expenses provide no readily determinable measure of damages against Costco because—for many of the same reasons that causation is lacking—it is impossible to ascertain from the Complaint any facts that would allow one to allocate those expenses as between Costco's products, Kimberly-Clark's products, or other factors. [11] Moreover, Plaintiff's attempt to rely on hearsay allegations unrelated to his own claim should be rejected out of hand. Accordingly, Plaintiff has failed to plead his "out-of-pocket" damages with the particularity required under Rule 9(b).

---

[11] For this reason, Plaintiff's claims are distinguishable from the claims in *Dicuio v. Brother Int'l Corp.*, No. 11-1447 (FLW), 2012 U.S. Dist. LEXIS 112047, at *19 (D.N.J. Aug. 9, 2012). In that case, the plaintiff alleged that he paid out of pocket to replace printer toner cartridges that erroneously displayed messages indicating that the cartridges were empty when they were not. *Id.* at *18. It was therefore easy to quantify out-of-pocket expenses because replacing the toner cartridge was directly attributable to the defendant's allegedly defective products. Here, however, there are no allegations to suggest a similar way to quantify relevant out-of-pocket expenses.

## II.   PLAINTIFF'S NATIONAL CLASS ALLEGATIONS SHOULD BE DISMISSED BECAUSE THE REMAINING CLAIMS UNDER THE NEW YORK GENERAL BUSINESS LAW CANNOT SUPPORT A NATIONAL CLASS.

Plaintiff's nationwide class action claims based on GBL §§ 349 and 350 should be dismissed at the pleading stage under well-settled authority, because they are not viable as a matter of law.  (Opening Br. at 11-13); *see* N.Y. Gen. Bus. Law § 349(a) (McKinney 1963) (restricting the scope of the statute to allegations of misconduct "in this state"); *id*. § 350 (same); *see also Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324-25 (2002) (noting that the statutory text "unambiguously evinces a legislative intent to address commercial misconduct occurring within New York"); *Frito-Lay*, 2013 WL 4647512, at *18 (rejecting plaintiffs' request to postpone dismissal of national class allegations for GBL §§ 349 and 350 claims and noting that "[t]he Szymczak court decided the issue on a motion to dismiss. This Court will, as well.") (*citing Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 (VB), 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) (dismissing under Rule 12(b)(6) because GBL §§ 349 and 350 "do not apply to transactions occurring outside the state.")).

Plaintiff offers no contrary authority; his Opposition does not cite a single case certifying a national class asserting Section 349 or 350 claims or any cases holding that dismissal of such claims is inappropriate at the motion to dismiss stage.  (Opp'n at 43-44.)  In fact, one of the cases on which Plaintiff relies approved a nationwide settlement based on a *contract* claim, in part *because* of the risk to the plaintiffs that "[i]t is unlikely that such a nationwide class could proceed to trial, at least with respect to the claims arising under New York General Business Law § 349."  *See Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 235, 240-41 (E.D.N.Y. 2010).

Plaintiff's reliance on *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06 MD 1739, 2006 U.S. Dist. LEXIS 78064, at *10 (S.D.N.Y. Oct. 25, 2006), is misguided.  There, the plaintiffs brought *multi-district* litigation alleging that defendants violated the consumer protection laws of all fifty states and the District of Columbia and defendants argued that the

named plaintiffs lacked standing to assert claims under the consumer protection laws of other states. *Id*. at *1. Here, because Counts III and IV each seek to represent a nationwide class under GBL §§ 349 and 350, which plainly do not permit such claims, the national class allegations should be dismissed. *See Frito-Lay*, 2013 WL 4647512, at *18.[12]

Here, just as in *Frito Lay*, Plaintiff "[does] not cite any cases to support [the] proposition" that the Court should defer ruling on this issue until the class certification stage. *See Frito-Lay*, 2013 WL 4647512, at *18. And, as in *Frito-Lay* and *Szymczak*, the court can—and should—dismiss Plaintiff's national class allegations based on New York GBL Sections 349 and 350 at this early stage of the litigation. *See id*.; *Szymczak*, 2011 WL 7095432, at *12 ("the Court can dismiss plaintiffs' New York law claims as to those plaintiffs who did not purchase their automobiles in New York because the relevant statutes do not apply to transactions occurring outside the state").

Plaintiff also fails to provide any persuasive authority for his argument that national class claims under the NJCFA should not be dismissed at the motion to dismiss stage. (Opp'n at 42-43.) Although Plaintiff cites a number of cases in which courts certified national classes asserting NJCFA claims, all of those cases involved defendants that were New Jersey corporations and/or maintained their principal place of business in New Jersey, which implicated "New Jersey's strong interest in regulating domestic business." *See Kalow & Springut, LLP v. Commence Corp.*, No. 07-3442, 2012 U.S. Dist. LEXIS 173785, at *8 (D.N.J. Dec. 7, 2012) (defendant was incorporated in New Jersey and had its principal place of business in New

---

[12] The same holds true for Count V to the extent it survives at all. Plaintiff's argument that Defendants have "failed to exhibit even a single conflict or material difference between the consumer fraud statutes of either New York (or New Jersey for that matter) and any other state" is unavailing. (Opp'n at 43.) In fact, Plaintiff's own cases show that actual conflicts exist between the NJCFA, GBL §§ 349 and 350, and other state consumer protection laws. *See Dal Ponte v. Am. Mortg. Express Corp.*, No. 04-2152, 2006 U.S. Dist. LEXIS 57675, at *16 (D.N.J. Aug. 17, 2006) (noting that numerous courts have recognized that actual "conflicts exist between the NJCFA and the consumer fraud statues of other states"); *Dupler*, 705 F. Supp.2d at 241 (noting that GBL § 349 requires that the "transaction in which the consumer is deceived must occur in New York") (citations and quotations omitted). Plaintiff's reliance on *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (reversing Kansas Supreme Court judgment applying Kansas law to out-of-state transactions), is not to the contrary. Plaintiff's reliance on *Curley v. AMR Corporation* is also inapposite. *See* 153 F.3d 5 (2d Cir. 1998) (determining whether a conflict existed between New York and Mexican law).

Jersey).[13]  In contrast, Costco is incorporated in Washington State (*see* Compl. ¶ 8), and there is therefore no basis on which a non-New Jersey purchaser might bring a NJCFA claim against Costco.  Thus, Plaintiff's national class claim under the NJCFA can—and should—be dismissed to the extent the NJCFA claim survives at all.  *See, e.g., Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (applying choice of law analysis to bar a non-New Jersey purchaser from pursuing claims under the NJCFA).

## CONCLUSION

For the reasons set forth above, Costco respectfully requests that the Court dismiss with prejudice Counts I, II, V, and VI, and the national class allegations with respect to the remaining Counts of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) and, with respect to Count V, pursuant to Federal Rule of Civil Procedure 9(b).

Dated:  August 1, 2014

Morrison & Foerster LLP

/s/ James M. Bergin
James M. Bergin
Kayvan B. Sadeghi
Adam J. Hunt
250 West 55th Street
New York, NY 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
jbergin@mofo.com
ksadeghi@mofo.com
ahunt@mofo.com

*Attorneys for Defendant*
*Costco Wholesale Corporation*

---

[13] *See also, In re: Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 48 (D.N.J. 2009) (defendant maintained its principal place of business in New Jersey); *Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 236 (D.N.J. 2008) (defendant was a New Jersey corporation); *Dal Ponte*, 2006 U.S. Dist. LEXIS 57675, at *18 (defendant was a New Jersey corporation with its principal place of business in New Jersey); *Int'l Union of Operating Eng'rs Local 68 Welfare Fund v. Merck & Co.*, 894 A.2d 1136, 1139 (N.J. App. Div. 2006) (defendant was a New Jersey corporation).