UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
D. Joseph Kurtz, Individually and on  :
Behalf of All Others Similarly Situated,  :
                                       :
                        Plaintiff,  :
                                       :
        vs.                           :   No. 1:14-cv-01142-JBW-RML
                                       :
Kimberly-Clark Corporation and  :
Costco Wholesale Corporation  :
                                       :
                        Defendants.  :
----------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

WHEREAS the parties recognize that during the course of this matter they may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary ("Confidential Information");

WHEREAS the parties wish to preserve the confidentiality of Confidential Information through a Protective Order; and

WHEREAS the parties have a legitimate interest in maintaining the confidentiality of the categories of Confidential Information that the parties may exchange;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Order shall be entered; and good cause appearing for the entry of this Protective Order (hereinafter "Order"),

IT IS THIS _____ day of August, 2014, ORDERED as follows:

1. **PARTIES TO THE ORDER**. This Order governs the named Plaintiff, D. Joseph Kurtz, and Defendants Kimberly-Clark Corporation and Costco Wholesale

Corporation, in the above-captioned matter (the "Action"), as well as any third parties who produce or receive information in the Action (collectively "Parties"). Parties who produce data, documents, information, or tangible things are "Producing Parties." Parties receiving data, documents, information, or tangible things are "Receiving Parties."

2. **SCOPE OF THE CONFIDENTIALITY ORDER.** This Order shall govern the use of Confidential Information produced during discovery in this Action, including but not limited to documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to requests for production of documents, responses to subpoenas, admissions, and other written discovery responses ("Discovery Materials"). For purposes of this Order, the Party designating Discovery Materials as "Confidential" or "Highly Confidential" (the "Designating Party"), and not another Party ("Non-Designating Party"), bears the burden of establishing that such Discovery Materials are entitled to confidential treatment under this Order.

3. **DESIGNATION OF CONFIDENTIAL MATERIALS.** Any Designating Party shall have the right to designate as "Confidential" any information, document, or thing that it is disclosing and that it believes in good faith constitutes, contains, embodies, discloses, or reflects trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists; business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins; personal financial or other personally sensitive information; and any other material that is confidential pursuant to applicable law.

Any Designating Party shall also have the right to designate as "Highly Confidential" any Confidential Information for which the Producing Party in good faith reasonably believes that

disclosure other than that as permitted pursuant to Section 8 of this Order may cause competitive injury to the Producing Party.

Copies or excerpts of information contained within, or summaries, notes, or charts containing any information from, a document or thing designated as "Confidential" or "Highly Confidential" shall also be treated respectively as "Confidential" or "Highly Confidential."

"Confidential" and "Highly Confidential" Discovery Materials shall not include information that at the time of the disclosure hereunder is available to the public, or after disclosure hereunder becomes available to the public through no act, or failure to act, by a Non-Designating Party.

4. **MARKING DOCUMENTS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."** The Designating Party shall designate Discovery Materials as "Confidential" or "Highly Confidential" by physically or electronically marking copies of the Discovery Material produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Any such marking shall not cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the Discovery Material. The Parties shall meet and confer and agree upon a method for designating as Confidential Information documents produced in native file form, or in any other medium that cannot be designated by electronic or physical marking as set forth above.

5. **TIMING OF CONFIDENTIALITY DESIGNATIONS.** Except for Discovery Materials produced for inspection, designation of Discovery Materials as "Confidential" or "Highly Confidential" shall be made before, or at the time of, production or disclosure. If Discovery Materials are produced for inspection, such Discovery Materials may be produced for inspection before being marked as "Confidential" or "Highly Confidential" and, at the option of the Producing Party, before they are reviewed for privilege, work product, or other applicable

3

privilege, pursuant to a "quick peek" agreement among the parties as contemplated by Fed. R. Civ. P. 26(f) and Fed. R. Evid. 502(d). There will be no waiver of privilege, work product, or other applicable privileges or objections in this or any other proceeding by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked "Confidential" or "Highly Confidential" pursuant to this procedure. Once specific Discovery Materials have been designated for copying, any Discovery Materials containing Confidential Information will then be marked as provided for above before delivery to the Party who inspected and designated the Discovery Materials. Any Discovery Materials designated for copying that are protected by privilege, work product, or other applicable privileges or objections may be removed before copying, but shall be maintained by the Producing Party and described in a privilege log conforming to the applicable federal rules.

6. **DESIGNATING DEPOSITIONS AS "CONFIDENTIAL."** With respect to any deposition, confidential treatment under this Order may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition from the court reporter. All deposition transcripts shall be treated as "Highly Confidential" for 30 days following receipt of the transcript (and during the period, if any, when the transcript is available in "rough" form) regardless of whether designations of any portions thereof have been designated as Confidential Information before that time.

7. **"QUALIFIED PERSONS" FOR CONFIDENTIAL INFORMATION.** All Discovery Materials produced in this Action may only be used for purposes of preparation, trial,

and appeal of this lawsuit, and not for any other purpose. Discovery Materials designated as "Confidential" may be disclosed only to the following "Qualified Persons":

    A.    The Court, including Court personnel necessary to assist the Court in its function with regard to the Action;

    B.    Named plaintiff and Designees of the Defendants with whom Defendants' counsel may deem it necessary to consult for the preparation of trial of this case, provided that no access shall be given to such Designees until each such individual has executed the "Certification to Agree to Terms of Stipulated Protective Order Regarding Confidentiality of Discovery Materials" ("Certification") attached hereto as Exhibit A. For purposes of this Protective Order, a "Designee" shall be an officer, director, or employee (including in-house counsel) selected by a Defendant and employed by such Defendant or its subsidiary, affiliate, agent, or other entity involved in the development or manufacture of the flushable wipes referenced in the Complaint.

    C.    Counsel of record for the Parties, including all partners and associate attorneys and staff of such counsel's law firms who are actually assisting in the conduct of the Action;

    D.    Consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the Discovery Materials received be held in confidence, and must execute the Certification attached hereto as Exhibit A; and

    E.    Vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial,

jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services.

8. **"QUALIFIED PERSONS" FOR HIGHLY CONFIDENTIAL INFORMATION**. "Highly Confidential" Information may be disclosed only to the following "Qualified Persons":

    A. The Court, including Court personnel necessary to assist the Court in its function with regard to the Action;

    B. Counsel of record for the Parties, including all partners and associate attorneys and staff of such counsel's law firms who are actually assisting in the conduct of the Action;

    C. Up to two in-house counsel Designees for each Defendant who execute the Undertaking for Defendants' In-House Counsel attached as Exhibit B and provide a copy of the executed Undertaking for Defendants' In-House Counsel to the Designating Party's Counsel, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such in-house counsel. No Discovery Materials designated as "Highly Confidential" shall be disclosed to any such individual until at least 7 days have elapsed following written notice (via email) to the Designating Party of the identity of the individual to whom disclosure will be made. A fully executed copy of Exhibit B completed by the individual shall be included with said written notice. If the Designating Party makes a written objection within the 7-day period, the Parties agree to meet and confer as to whether and what materials may be shown to the individual. If the Parties cannot reach agreement, any Party may bring the issue to the Court for resolution;

    D. Consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

6

*provided, however*, that before disclosure to any such experts is made, the identity of the expert must be disclosed in writing to the producing party. The Producing Party shall have 14 days to object to the expert being shown "Highly Confidential" materials. If the Producing Party objects, the Parties agree to meet and confer as to whether and what materials may be shown to the expert. If the Parties cannot reach agreement, either Party may bring the issue to the Court for resolution. The expert must also be informed of and agree in writing to be subject to the provisions of this Order requiring that the Discovery Materials be held in confidence, and must execute the Certification attached hereto as Exhibit A; and

    E. Vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services.

"Confidential" or "Highly Confidential" Discovery Materials may be disclosed to a person, not already allowed access to such information under this Order if: (a) the Discovery Materials were written or were previously received by the person; (b) the Discovery Materials were written or received by a director, officer, employee, or agent of the entity for which the person is testifying as a Rule 30(b)(6) designee; or (c) counsel for the party designating the Discovery Materials agrees in writing or otherwise on the record that the materials may be disclosed to the person. Disclosure of Discovery Materials pursuant to this Section (Section 8) shall not constitute a waiver of the confidential status of the materials so disclosed.

Except as provided in Sections 7 and 8, counsel for the parties shall keep all Discovery Materials designated as "Confidential" or "Highly Confidential" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such

Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

9. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**. A Party or other person objecting to designation of any Discovery Material as "Confidential" or "Highly Confidential" ("Objecting Party") shall give written notice to the Designating Party. That notice shall provide sufficient identification so that the Designating Party can identify the Discovery Materials whose designation is being challenged. If the Discovery Materials being challenged are documents having identification numbers, the documents shall be identified by those numbers. Objections to designations of Discovery Materials as "Confidential" or "Highly Confidential" shall be made in good faith and the Objecting Party shall confer directly (in voice-to-voice dialogue) with the Designating Party. The Designating Party shall respond, in good faith, to the Objecting Party. If the Objecting Party and the Designating Party cannot resolve their dispute through such good-faith meet and confer discussions within a reasonable time, the Designating Party may, within 14 days after the meet and confer process is complete, raise the issue with the Court in accordance with the local rules. Provided that the Designating Party raises the issue with the Court in accordance with the local rules within the time period set forth above, any Discovery Material so designated shall remain "Confidential" or "Highly Confidential," and shall be subject to all of the restrictions on its disclosure and use set forth in this Order, until such time as the Court may determine otherwise. If the Court rules that the challenged Discovery Material is not "Confidential" or "Highly Confidential," the Designating Party shall re-produce copies of all such materials without the "Confidential" or "Highly Confidential" designation.

10. **NON-PARTY DISCOVERY MATERIALS**. The existence of this Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such Discovery Materials. Any such person may designate Discovery Materials confidential pursuant to this Order.

11. **INADVERTENT FAILURE TO DESIGNATE**. The failure to designate Discovery Materials as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of a Party's claim of protection under this Order, either as to the specific Discovery Material or as to any other Discovery Material concerning the same or related subject matter. Such failure to designate may be rectified by notifying in writing counsel for all Parties to whom the Discovery Material was disclosed, within a reasonable time after discovery of the failure to designate, advising them that the Discovery Material should have been designated "Confidential" or "Highly Confidential." Such notice shall constitute a designation of the information, document, or thing, as "Confidential" or "Highly Confidential" under this Order. Upon such designation, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the Discovery Material about the protected status of the newly designated Confidential Information, and to retrieve the newly designated Confidential Information from any person who would not be permitted by this Order to have such information if it had been designated as Confidential Information prior to receipt.

12. **INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIALS**. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), if a Producing Party informs another Party or non-party that a document or information received by the other Party or non-party is material protected by the attorney-client privilege, work product doctrine, or other applicable privilege ("Protected Material") and

was produced inadvertently, the recipient of such Protected Material shall, upon discovery or notification of such a disclosure: (a) promptly return the Protected Material and all copies or summaries thereof in its possession; (b) delete any electronic versions of the Protected Material and all copies or summaries from any data source, or any database it maintains; (c) retrieve all electronic and paper copies and all summaries of the Protected Material provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the Protected Material; and (e) make no use of the information contained in the Protected Material or copies or summaries thereof. The production of Protected Material shall not constitute a waiver of any privilege or protection. Instead, the Producing Party shall be entitled to assert such privilege or protection in this or any other Federal, State, or other proceeding, and the Protected Material and its subject matter shall be treated as if there had been no such disclosure.

Within a reasonable time after the discovery of the inadvertent disclosure, the Producing Party will provide a log that describes the basis for the claim that the Protected Material is privileged or otherwise protected from disclosure. The Receiving Party shall have the right to apply to this Court for an order that the Protected Material is not protected from disclosure by any privilege, law, or doctrine. The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production or reveal the protected contents of the Protected Material prior to entry of an Order from this Court that such revelation is permitted.

The Party to whom any Protected Material was returned shall retain the Protected Material until the end of the case, including any appeals. If the substance of the Protected Material is discussed in a deposition or pleading before discovery or notification of the

inadvertent disclosure, such testimony or discussion shall be stricken and may not be used for any purpose.

13. **REQUEST FOR CONFIDENTIAL INFORMATION**. If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce such Confidential Information from a governmental entity or by subpoena or other compulsory process, unless prohibited by applicable law, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Such notification must be done by telephone and in writing (by email and overnight courier) immediately and in no event later than three court days after receiving the subpoena or order. In addition, the Receiving Party shall deliver a copy of this Order promptly to the person or entity that caused the request, subpoena or order to issue. As long as these notice requirements are met, nothing herein shall prevent the Receiving Party from timely complying with a request from a governmental entity or a court order.

14. **UNAUTHORIZED DISCLOSURE OF PROTECTED DISCOVERY MATERIALS**. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed protected Discovery Materials to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

15. **FILING CONFIDENTIAL INFORMATION**. The Parties acknowledge that this Order creates no entitlement to file Confidential Information under seal. All requests to seal documents filed with the Court shall comply with the Court's Steps for E-Filing Sealed Documents in Civil Cases, *available at* https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf

16. **TRIAL OR EVIDENTIARY HEARING(S)**. If the Action proceeds to trial or any evidentiary hearing, absent further order of the Court, all Discovery Materials previously designated as Confidential Information that are admitted into evidence shall become part of the public record in the Action, unless a motion is filed in advance of the trial or hearing, or as soon as practicable after learning of the intent of any other Party to introduce such Confidential Information into evidence.

17. **FINAL TERMINATION**. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, all Discovery Materials not received in evidence—whether treated as confidential under this Order or not—shall be returned to the Producing Party, or the Receiving Party shall certify that it has been destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

18. **MODIFYING THIS ORDER**. Nothing in this Order shall be construed to prohibit the Designating and Receiving Parties from agreeing to modify any provision of this

Order or from seeking relief from the Court, nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

19. **NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS**. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Confidential Information is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Information on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery Material as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

Robert M. Levy, U.S.M.J.

By: /s/ Eamon P. Joyce /JWM
Eamon P. Joyce
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
ejoyce@sidley.com
*Attorney for Defendant Kimberly-Clark Corporation*

By: /s/ James M. Bergin
James M. Bergin
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

Facsimile: (212) 468-7900
jbergin@mofo.com
*Attorney for Defendant Costco Wholesale Corporation*

By: /s/ *[signature]*
Mark S. Reich
ROBBINS GELLER RUDMAN & DOWD, LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
mreich@csgrr.com
*Attorney for Plaintiff D. Joseph Kurtz*

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
D. Joseph Kurtz, Individually and on :
Behalf of All Others Similarly Situated, :
    :
              Plaintiff, :
    :
       vs. : No. 1:14-cv-01142-JBW-RML
    :
Kimberly-Clark Corporation and :
Costco Wholesale Corporation :
    :
              Defendants. :
------------------------------------------------------------x

### CERTIFICATION TO AGREE TO TERMS OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

In consideration of the disclosure to me of information that is subject to the Stipulated Protective Order Regarding Confidentiality of Discovery Materials ("Protective Order") in this action, I agree as follows:

1. I have read the Protective Order in this action and I agree to be bound by its terms.

2. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any "Confidential" or "Highly Confidential" Discovery Materials that are disclosed to me.

3. I agree to take all reasonable and necessary precautions to ensure that "Confidential" or "Highly Confidential" Discovery Materials are appropriately secured.

4. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, I will return to outside counsel for the party by whom I am employed or

1

retained all "Confidential" and "Highly Confidential" Discovery Materials that come into my possession, and documents or things that I have prepared relating thereto. Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.

5. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the United States District Court for the Eastern District of New York.

6. I agree to submit myself to the personal jurisdiction of the United States District Court for the Eastern District of New York, in connection with any proceeding concerning the Protective Order. I hereby also consent to accept service of process in connection with this action or any proceedings related to enforcement of the Protective Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated _____, 201\_\_

By: _____

Printed Name: _____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
D. Joseph Kurtz, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

   vs.                                    No. 1:14-cv-01142-JBW-RML

Kimberly-Clark Corporation and
Costco Wholesale Corporation

                Defendants.
-----------------------------------------------------------------x

## UNDERTAKING OF DEFENDANTS' IN-HOUSE COUNSEL

I, _____, declare as follows:

1. My business address is _____.

2. My present employer and the address of my present employer (if different from above) is _____.

3. My present occupation or job description is _____. My job title is _____.

4. I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Discovery Materials ("Protective Order") in the above-captioned action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I agree to be bound by the terms of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any "Confidential" or "Highly Confidential" Discovery Materials that are disclosed to me.

1

8. I agree to take all reasonable and necessary precautions to ensure that "Confidential" or "Highly Confidential" Discovery Materials are appropriately secured.

9. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, I will return to outside counsel for the party by whom I am employed or retained all "Confidential" and "Highly Confidential" Discovery Materials that come into my possession, and documents or things that I have prepared relating thereto. Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.

10. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____     Signed: _____