FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 10 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

D. JOSEPH KURTZ, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

KIMBERLY-CLARK CORPORATION & COSTCO WHOLESALE CORPORATION,

Defendants.

**MEMORANDUM AND ORDER**

14-CV-1142

Related cases:

14-CV-4090
15-CV-2909
15-CV-2910
15-CV-2928
15-CV-4579

**Appearances**

**D. Joseph Kurtz**:

**Edward Y. Kroub**
**Lauren Elizabeth Karalis**
**Samuel H. Rudman**
**Sean Thomas Masson**
**Mark S. Reich**
Robbins Geller Rudman & Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747

**Mark J. Dearman**
**Stuart A. Davidson**
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432

**Kimberly-Clark Corporation**:

**Eamon Paul Joyce**
Sidley Austin LLP
787 Seventh Ave
New York, NY 10019

**Daniel A. Spira**

**James W. Mizgala**
**Kara L. McCall**
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

**Costco Wholesale Corporation**:

**James M. Bergin**
**Adam James Hunt**
**Kayvan Betteridge Sadeghi**
Morrison & Foerster
250 West 55th Street
New York, NY 10019

**Eamon Paul Joyce**
Sidley Austin LLP
787 Seventh Ave
New York, NY 10019

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ........................................................................ 1
II. Procedural Background ........................................................................ 3
A. Plaintiff's Motion to Lift the Stay ........................................................................ 3
B. Defendants' Opposition ........................................................................ 4
III. Analysis ........................................................................ 6
IV. Settlement ........................................................................ 7
V. Conclusion ........................................................................ 8

## I. Introduction

This case is a putative class action of consumers who purchased wipes manufactured by defendants marked "flushable." Five related actions are pending in this court. Similar cases have been brought by consumers as well as municipalities in other jurisdictions. *See Belfiore v. Procter & Gamble Co.*, No. 14-CV-4090, 2015 WL 6448696, at *1 (E.D.N.Y. Oct. 22, 2015); *Belfiore v. Procter & Gamble Co.*, No. 14-CV-4090, 2015 WL 5781541, at Section III.A (E.D.N.Y. Oct. 5, 2015).

On October 5, 2015 the court issued a comprehensive memorandum and order in the related *Belfiore v. Procter & Gamble Co.* (14-CV-4090) case. The order stayed class certification motions and referred issues to the Federal Trade Commission ("FTC"), including the determination of an appropriate definition of "flushable," pursuant to the primary jurisdiction doctrine. *See Belfiore*, 2015 WL 5781541 at *51–52. The court noted that it retained discretion to lift the stay "to avoid unnecessary delays or for other reasons." *Id.* at *50.

Based on the *Belfiore* decision, on October 9, 2015, the court issued an order staying the present case and referring issues to the FTC. *See* Order, 14-CV-1142, Oct. 9, 2015, ECF No. 183

("Order, Oct. 9, 2015"). The order provided that the stay could be lifted "to avoid unnecessary delays or for any other reason." *Id.*

On October 9, plaintiff in the related *Belfiore* case moved to reconsider the October 5 memorandum and order, including the court's decision to stay the case and refer matters to the FTC. *See* Pl.'s Mem. in Supp. of Recons., 14-CV-4090, Oct. 16, 2015, ECF No. 157. The plaintiff in that case pointed to the definition included in the then draft consent order between the FTC and Nice-Pak Products, Inc. ("Nice-Pak"), arguing that it was sufficient to "guide courts and legislative bodies to a 'single national resolution.'" *Belfiore*, 2015 WL 6448696 at *2.

Plaintiff's motion for reconsideration was denied:

> Referral to the FTC in the present case is appropriate. The FTC is specifically granted broad power to regulate advertising and should be afforded the opportunity to determine a uniform definition of "flushable" applicable on a national, and perhaps international, basis. As noted in the October 5 memorandum and order, allowing the FTC to develop a common definition of "flushable" reduces the substantial risk of inconsistent judgments and facilitates the prospect of an injunctive class settlement, aiding manufacturers, retailers, and the public.

*Belfiore*, 2015 WL 6448696 at *3 (internal citations and quotation omitted); *see also Belfiore*, 2015 WL 5781541 at Section X.C.

Although the consent order between Nice-Pak and the FTC is now final, the FTC has not responded to the referral. The adoption of a definition of "flushable" between Nice-Pak and the FTC does not address the concern with the development of a uniform and nationally applicable definition in related cases. Plaintiff's motion to lift the stay is premature. It is denied.

## II. Procedural Background

### A. Plaintiff's Motion to Lift the Stay

On November 10, 2015, plaintiff Joseph Kurtz filed a motion to lift the October 9, 2015 order staying the case and referring issues to the FTC. *See* Mem. in Supp. of Pl.'s Mot. to Lift Ct.'s Order, Nov. 10, 2015, ECF No. 206 ("Pl.'s Mem.").

Plaintiff argues that the time has come to lift the stay since the FTC "has acted," and "there is no indication that it will or could act further." *Id.* at 1. Specifically, plaintiff points to the fact that the FTC has now finalized its consent order with Nice-Pak. *See* Decl. of Mark S. Reich in Supp. of Pl.'s Mot. to Lift Ct.'s Order, Nov. 10, 2015, ECF No. 207 ("Reich Decl."), at Ex. A. The final consent order includes the following definition of "flushability":

> [D]isperses in a sufficiently short amount of time after flushing to avoid clogging, or other operational problems in, household and municipal sewage lines, septic systems, and other standard wastewater equipment.

*Id.* at 3.

According to plaintiff, this definition "provides a sufficiently detailed and workable definition" and "can and should be universally applied throughout the industry." Pl.'s Mem. at 3. Plaintiff notes that the final consent order between the FTC and Nice-Pak already applies to "a significant portion of the flushable wipes manufacturing and retail market, including Nice-Pak, Costco, CVS, Target and BJ's," because the order requires Nice-Pak to send notice to its "trade customers, wholesalers, and retailers" requesting that they "immediately stop using all packaging, advertising, and marketing materials previously provided . . . by Nice-Pak about these wipes." Pl.'s Mem. at 3, n.9; *see also* Reich Decl., Ex. A at 3–4, 7.

Plaintiff also refers to the FTC's response letters to public comments on the proposed consent order with Nice-Pak. *See* Hr'g Tr., 14-CV-1142, Dec. 7, 2015 ("Hr'g Tr."), at 5:9–6:12. In those letters, the FTC writes:

> We believe that the final order will put manufacturers on notice of the quality of substantiation a manufacturer should possess and rely upon before representing that a wipe is "flushable," and we will continue to evaluate such representations on a case-by-case basis.

Ct. Ex. 1, Dec. 7, 2015 Hr'g, 14-CV-1142 (FTC letters regarding *In the Matter of Nice-Pak Products, Inc.*), at 1. According to plaintiff, this language adequately put the industry on notice and evidences the FTC's intent that the definition of "flushability" in the consent order with Nice-Pak be relied upon by other manufacturers in the industry. *See* Hr'g Tr. at 8:1–24. Plaintiff notes, however, that the FTC's consent order is only binding upon Nice-Pak and only reaches those retailers who have sold Nice-Pak wipes. *See id.* at 8:25–9:4.

Plaintiff requests that, at a minimum, the stay be lifted in the *Kurtz*, *Armstrong* and *Palmer* actions as "to Nice-Pak and the retailers that market and sell Nice-Pak's flushable wipes, including Costco and CVS." Pl.'s Mem. at 4–5.

**B. Defendants' Opposition**

Defendants Costco Wholesale Corporation ("Costco") and Kimberly-Clark Corporation ("Kimberly-Clark") filed their respective oppositions to plaintiff's motion to lift the stay on November 23, 2015. Defendants argue that nothing material has changed since the court first stayed the case and referred issues to the FTC. Only about two months have passed since the order was issued. *See* Hr'g Tr. at 13:22–14:3; Order, Oct. 9, 2015. The FTC has not yet been provided with a meaningful opportunity to respond to the referral. Nothing in the final consent order with Nice-Pak suggests that it will not act. *See generally* Def. Costco Wholesale Corp. Opp'n to Pl.'s Mot. to Lift Ct.'s Order, Nov. 23, 2015, ECF No. 211 ("Def. Costco Opp'n"); Def. Kimberly-

Clark Corp. Resp. to Pl.'s Mot. to Lift Ct.'s Order, Nov. 23, 2015, ECF No. 212 ("Def. Kimberly-Clark Resp.").

According to defendants Costco and Kimberly-Clark, the consent order between the FTC and Nice-Pak was considered at the time the stay was issued. Although now final, the consent order does not purport to be a response to the court's referral. *See* Def. Costco Opp'n at 2–3; Def. Kimberly-Clark Resp. at 2–3. Lifting the stay now would be premature:

> While an extended period of silence from the FTC could be interpreted as intent not to respond, we are far from being able to draw such an inference today. Plaintiff's request to lift the stay comes barely a month after the stay was issued and less than three weeks after the Court denied Mr. Belfiore's request for reconsideration. This hardly provides the FTC with a meaningful opportunity to respond to the Court's referral.

Def. Costco Opp'n at 3.

Rather than indicating that it will not act any further, the FTC's responses to comments, issued at the same time as the final consent order, may indicate otherwise. *See* Def. Kimberly-Clark Resp. at 3–4 ("On the contrary, simultaneously with the final order, the FTC issued responses to comments stating that it 'will continue to evaluate such representations [by other manufacturers that a wipe is 'flushable'] on a case-by-case basis.'"); *see also* Decl. of Eamon P. Joyce in Supp. of Def. Kimberly-Clark Corp. Resp. to Pl.'s Mot. to Lift Ct.'s Order, Nov. 23, 2015, ECF No. 213 ("Joyce Decl."), at Ex. E.

Defendant Costco also opposes plaintiff's request to, at a minimum, lift the stay in only a few of the related cases currently pending. According to Costco, the suggested approach would "be an extraordinary waste of judicial and party resources" and would result in unfairness, as "it would compel some parties to proceed without knowing about any further guidance that the FTC might later issue, and conversely it would deprive some defendants of a meaningful opportunity

to participate in the decision-making process at crucial phases of the case." Def. Costco Opp'n at 1; *see also id.* at 3–4.

Rockline Industries ("Rockline") and Wal-Mart Stores, Inc. ("Wal-Mart"), defendants in the related *Richard v. Wal-Mart Stores Inc.* (15-CV-4579) action, also filed opposition papers to plaintiff's motion to lift the stay. Wal-Mart and Rockline argue that nothing significant has changed since the stay; the FTC's consent order with Nice-Pak does not address the issues referred to it; and lifting the stay at this stage would be premature, since the FTC has not had the opportunity to respond to the referral. *See generally* Def. Rockline Opp'n to Pl.'s Mot. to Lift Ct.'s Order, Nov. 23, 2015, 15-CV-4579, ECF No. 36 ("Def. Rockline Opp'n"); Def. Wal-Mart Opp'n to Pl.'s Mot. to Lift Ct.'s Order, Nov. 23, 2015, 15-CV-4579, ECF No. 37 ("Def. Wal-Mart Opp'n").

Rockline also notes that, since the stay, Rockline has approached the Association of Nonwoven Fabrics Industry ("INDA") in order to "actively support INDA's efforts to jointly work with the FTC to ensure an industry wide voice in the FTC's ongoing efforts to develop flushable standards." Def. Rockline Opp'n at 2.

## III. Analysis

In the October 5, 2015 memorandum and order staying the case and referring issues to the FTC, the court noted:

> In light of the FTC's special expertise, in the interest of judicial economy created by a national uniform rule, and in consideration of the New York State policy embodied in N.Y.C.P.L.R. § 901(b), the case is stayed to permit the FTC to determine a uniform definition of "flushable" and related matters.

*Belfiore*, 2015 WL 5781541 at *52.

Finalizing of the consent order between Nice-Pak and the FTC does not sufficiently address the reasons for the referral. The FTC's order does not purport to create a single, uniform, "flushable" definition applicable to manufacturers and retailers nationwide. It concerns wipes

manufactured by Nice-Pak, and is binding only on Nice-Pak and the retailers who sold that product. *See* Hr'g Tr. at 8:25–9:4; *see also* Reich Decl., Ex. A at 3–4, 7. While some manufacturers might voluntarily conform to the FTC's definition, they are not required to do so. *See Belfiore*, 2015 WL 6448696 at *3.

It appears that, at present, the FTC is continuing to investigate additional manufacturers of "flushable" wipes, including two of the defendants in the actions currently before this court. *See* Hr'g Tr. at 15:1–7 (defendant Kimberly-Clark noting that it currently is in a "holding pattern" with respect to the FTC's inquiry and hoping that the FTC will soon issue a "no action" letter with respect to Kimberly-Clark); *see also Belfiore*, 2015 WL 5781541 at *10 (noting that the FTC initiated an "informal inquiry" into defendant Procter & Gamble relating to its "flushablilty"-related claims). It therefore remains possible that the FTC may take further action with respect to related claims of flushability and the concern for an industry-wide uniform definition of "flushable" remains valid.

The FTC must be given a meaningful opportunity to respond to the court's referral. Only two months have passed since the court ordered the stay of the present action and referred issues to the FTC. *See* Order, Oct. 9, 2015. The FTC received an electronic copy of the complete public record in the instant case, as well as related cases, on November 2, 2015. *See* Certificate of Service regarding Order Staying Cases, Dec. 7, 2015, ECF No. 214. Lifting the stay at this time would be premature and would not further the public interest in a uniform and nationally applicable definition of "flushability."

## IV. Settlement

Nothing prevents the parties in this and related cases, with or without the assistance of the magistrate judge or the judge, from seeking to arrange a global settlement or a case-by-case settlement. *See* Hr'g Tr. at 18:18–25 (noting that the parties could explore settlement options with

the aid of the magistrate judge, through mediation or arbitration, the appointment of a special master, or through any other means they found useful); *see also Belfiore*, 2015 WL 6448696 at Section V (stating that the stay does not affect settlement discussions and indicating possible settlement terms) and Section VI (referring all pending cases to the magistrate judge for the purpose of settlement). If the parties agree on the definition of "flushability" provided by the FTC in its consent order with Nice-Pak, the parties might reach a settlement based on that definition. *See* Hr'g Tr. at 18:18–20.

## V. Conclusion

The motion to lift the court's October 9, 2015 order staying cases and referring issues to the FTC is denied. To the extent that any party believed settlement activity was stayed, the stay is lifted.

This memorandum and order shall be filed in all related cases (14-CV-4090, 15-CV-2909, 15-CV-2910, 15-CV-2928, and 15-CV-4579).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

December 8, 2015
Brooklyn, New York