UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————x
D. JOSEPH KURTZ, Individually and on
Behalf of All Others Similarly Situated,                          **MEMORANDUM & ORDER**

                                                                  **14-CV-1142**

                Plaintiff,

      -against-

KIMBERLY-CLARK CORPORATION &
COSTCO WHOLESALE CORPORATION,

                Defendants.
————————————————————x
ANTHONY BELFIORE, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,                          **14-CV-4090**

      -against-

THE PROCTER & GAMBLE COMPANY,

                Defendant.
————————————————————x
DESMOND R. ARMSTRONG, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,                          **15-CV-2909**

      -against-

COSTCO WHOLESALE CORPORATION &
NICE-PAK PRODUCTS, INC.,

                Defendants.
————————————————————x

_____x
GLADYS HONIGMAN, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiff,     **15-CV-2910**

  -against-

KIMBERLY-CLARK CORPORATION,

       Defendant.
_____x
STEVEN and ELLEN PALMER, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiffs,     **15-CV-2928**

  -against-

CVS HEALTH &
NICE-PAK PRODUCTS, INC.,

       Defendants.
_____x
EUGENE and VICTORIA RICHARD, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiff,     **15-CV-4579**

  -against-

WAL-MART STORES, INC. & ROCKLINE INDUSTRIES,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**JACK B. WEINSTEIN, Senior United States District Judge:**

  In October 2015, this court stayed class certification in the above-captioned cases and

referred the critical issue of an appropriate definition of "flushable" wipes and related matters to

the Federal Trade Commission ("FTC"). *See Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29

(E.D.N.Y. 2015), *reconsideration denied*, 140 F. Supp. 3d 241 (E.D.N.Y. 2015); Order Staying Cases 14-CV-1142, 15-CV-2909, 15-CV-2910, 15-CV-2928, and 15-CV-4579, Oct. 9, 2015.

Motions to reconsider and lift the stay were denied in order to provide the FTC with time to reach, in its discretion, a national "flushable" wipes definition applicable to manufacturers and retailers—and protective of consumers nationwide. *See Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 246 (E.D.N.Y. 2015) ("Referral to the FTC in the present case is appropriate. The FTC is specifically granted broad power to regulate advertising and should be afforded the opportunity to determine a uniform definition of 'flushable' applicable on a national, and perhaps international, basis"); *Kurtz v. Kimberly-Clark Corp.*, No. 14-CV-1142, 2015 WL 8481833, at *3-4 (E.D.N.Y. Dec. 10, 2015).  It was noted that "allowing the FTC to develop a common definition of 'flushable' reduces the substantial risk of inconsistent judgments and facilitates the prospect of an injunctive class settlement, aiding manufacturers, retailers, and the public." *Belfiore*, 140 F. Supp. 3d at 246; *see also Belfiore*, 311 F.R.D at 78-79.

The cases before us are individual consumer cases.  There is a larger issue of possible liability to, and protection of, waste disposal plant operations by municipalities and others, not before this court. *See, e.g.*, *City of Perry, Iowa v. Procter & Gamble Co., et al.*, --- F. Supp. 3d ----, 2016 WL 2939511 (S.D.N.Y. May 19, 2016).

At the time of this court's December 10, 2015 memorandum and order in the case of *Kurtz v. Kimberly-Clark Corp.*, the FTC had entered into a final consent decree with Nice-Pak Products, Inc. ("Nice-Pak"), concerning its "flushable" wipe product.  *See Kurtz*, WL 8481833 at *4.  The agency was apparently continuing to investigate additional manufacturers of "flushable" wipes, including two of the defendants in actions currently before this court.  *See id*.

On June 10, 2016, the Administrative Conference of the United States adopted a recommendation providing guidance to administrative agencies "on the use of aggregation techniques to resolve similar claims in adjudications."  *See* Aggregation of Similar Claims in Agency Adjudication, 81 Fed. Reg. 119, 40259-61 (June 21, 2016) (attached to this order).  It recognized "aggregation as a useful tool to be employed in appropriate circumstances."  *Id*. at 40260.  Although the recommendation is non-binding, the Administrative Conference recognized a federal agency's broad discretion to aggregate cases:

> The Administrative Procedure Act (APA) does not provide specifically for aggregation in the context of adjudication, though it also does not foreclose the use of aggregation procedures.  Federal agencies often enjoy broad discretion, pursuant to their organic statutes, to craft procedures they deem ''necessary and appropriate'' to adjudicate the cases and claims that come before them.  This broad discretion includes the ability to aggregate common cases, both formally and informally.

*Id*. (footnotes omitted).

The newly adopted recommendation presents an important route that will be carefully considered by administrative and other agencies, as well as by the Bench, the Bar, and academia, in connection with mass actions that should be aggregated.  *See* Michael Sant'Ambrogio & Adam Zimmerman, Inside the Agency Class Action (June 15, 2016) (unpublished manuscript) (on file with the court and attached to this order) (analyzing the use of aggregate procedures in administrative agencies as well as the challenges and benefits of aggregate agency adjudication); *see also* Michael Sant'Ambrogio & Adam Zimmerman, Administrative Conference of the United States, Aggregate Agency Adjudication (June 9, 2016), available at https://www.acus.gov/report/aggregate-agency-adjudication-final-report.

The captioned cases may be particularly appropriate for aggregate agency resolution.  The parties are encouraged to explore the opportunity for aggregate adjudication of their claims before

the FTC pursuant to the new federal recommendation by the Administrative Conference of the United States.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

June 28, 2016
Brooklyn, New York

4