**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Mark S. Reich
MReich@rgrdlaw.com

February 6, 2017

VIA ECF

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Kurtz v. Kimberly-Clark Corp., et al.*,
     No. 14-cv-1142 (JBW)(RML)

Dear Judge Weinstein:

  As counsel for plaintiff D. Joseph Kurtz in the above-captioned action, we write regarding the Court's request, at the February 2, 2017 hearing, for a letter defining the classes plaintiff seeks to certify.

  Per the Court's direction, plaintiff[1] Kurtz seeks to certify and represent the following classes:[2]

---

[1] Dr. Kurtz is the only plaintiff in the cases pending before Your Honor who has had an opportunity to move for class certification against defendants Kimberly-Clark Corporation and Costco Wholesale Corporation. Three additional actions are pending in this Court, filed on behalf of purchasers of so-called "flushable" wipes. *See Armstrong v. Costco Wholesale Corp., et al.*, No. 15-cv-2909 (JBW)(RML) (filed May 19, 2015); *Honigman v. Kimberly-Clark Corp.*, No. 15-cv-2910 (JBW)(RML) (filed May 20, 2015) *and Palmer v. CVS Health, et al.*, No. 15-cv-2928 (JBW)(RML) (filed July 9, 2015). Defendants in the *Armstrong*, *Honigman* and *Palmer* actions filed an Answer, but did not move to dismiss, on July 8, 2015, July 17, 2015 and September 18, 2015, respectively. Shortly after, and before any discovery was conducted, the Court issued an Order staying each of the actions on October 13, 2015. Dkt. No. 183 (all docket references refer to entries on the *Kurtz* docket). On October 13, 2016, the Court issued an Order maintaining the stay. Dkt. No. 252.

58 South Service Road Suite 200 Melville, NY 11747 Tel 631 367 7100 Fax 631 367 1173 www.rgrdlaw.com



**Robbins Geller**
**Rudman & Dowd** LLP

Honorable Jack B. Weinstein
February 6, 2017
Page 2

- <u>New York Kimberly-Clark Class</u>: All persons and entities who purchased Kimberly-Clark Flushable Products[3] in the State of New York between February 21, 2008 and the present.[4]

- <u>New York Kirkland Signature Class</u>: All persons and entities who purchased Kirkland Signature Flushable Wipes in the State of New York between July 1, 2011 and the present.

- <u>Nationwide Class</u>: All persons and entities in the United States who purchased Kimberly-Clark Flushable Products from February 21, 2008 to the present or Kirkland Signature Flushable Wipes from July 1, 2011 to the present.[5]

---

[2] For the purposes of this letter, plaintiff Kurtz does not articulate a New Jersey State class definition. While his Complaint alleges a New Jersey class and his motion for class certification substantiates a basis for certifying that class, this Court commented and then stated an intention to order, at the February 2 and 3, 2017 hearings, that the Court would not allow plaintiff Kurtz to represent a New Jersey State class.

[3] "Kimberly-Clark Flushable Products" refers to the Kimberly-Clark products identified in the Complaint. Dkt. No. 1 at ¶2.

[4] *See, e.g., In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 409-10 (S.D.N.Y. 2015) (certifying New York damages class of purchasers under New York General Business Law ("GBL") §§349-350); *Meta v. Target Corp., et al.*, 2016 U.S. Dist. LEXIS 128196, at *15-*18 (N.D. Ohio Sept. 20, 2016) (certifying damages class of purchasers of Nice-Pak "flushable" wipes); *Ebin v. Kangadis Food, Inc.*, 297 F.R.D. 561, 569-70 (S.D.N.Y. 2014) (certifying Rule 23(b)(3) New York class of olive oil purchasers under GBL §349); *Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418, 434-36 (S.D.N.Y. 2009) (certifying GBL §§349-350 claims under Rule 23(b)(2) and (b)(3) and noting that New York law "place[s] a high value on this type of injunctive relief"); *Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232, at *68, *70-*71 (E.D.N.Y. July 17, 2013) (recommending certification of Rule 23(b)(2) New York and California classes); *see also Belfiore v. P&G*, 311 F.R.D. 29, 68 (E.D.N.Y. 2015) (noting that "certification of an injunctive class is appropriate" and that "an injunction prohibiting defendant from labeling Freshmates 'flushable' and 'safe for sewer and septic systems' would provide a single solution, applicable to each class member.").

[5] *See, e.g., Ebin*, 297 F.R.D. at 569-70 (S.D.N.Y. 2014) (certifying nationwide class of Capatriti "100% Pure Olive Oil" purchasers under plaintiffs' negligent misrepresentation and fraud causes of actions and finding that "New York law governs the common law claims").

Robbins Geller
Rudman & Dowd LLP

Honorable Jack B. Weinstein
February 6, 2017
Page 3

      Plaintiff's injunctive relief classes will call for defendants to: (1) remove misrepresentations from their flushable products' packaging, including but not limited to representations that the products, *e.g.*, are "flushable," "sewer and septic safe" and "safe for well-maintained sewer and septics," and "break up after flushing"; (2) make disclosures, through corrective labeling, that would reveal the true nature of their "flushable" products; and/or (3) cease selling their flushable products until the proper disclosures and/or labeling is implemented.

                                          Respectfully submitted,

                                          */s/ Mark S. Reich*

                                          Mark S. Reich

cc:     All Counsel (via ECF)