UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

D. JOSEPH KURTZ, Individually and on
Behalf of All Others Similarly Situated,

**ORDER**
14-CV-1142

Plaintiff,

– against –

KIMBERLY-CLARK CORPORATION &
COSTCO WHOLESALE CORPORATION,

Defendants.

**APPEARANCES**

**D. Joseph Kurtz:**　　　　　　　　　　　　　　**Mark J. Dearman**
　　　　　　　　　　　　　　　　　　　　　　　　**Stuart A. Davidson**
　　　　　　　　　　　　　　　　　　　　　　　　Robbins Geller Rudman & Dowd LLP
　　　　　　　　　　　　　　　　　　　　　　　　120 East Palmetto Park Road, Suite 500
　　　　　　　　　　　　　　　　　　　　　　　　Boca Raton, FL 33432

　　　　　　　　　　　　　　　　　　　　　　　　**Samuel H. Rudman**
　　　　　　　　　　　　　　　　　　　　　　　　**Mark S. Reich**
　　　　　　　　　　　　　　　　　　　　　　　　Robbins Geller Rudman & Dowd, LLP
　　　　　　　　　　　　　　　　　　　　　　　　58 South Service Road
　　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Melville, NY 11747

**Kimberly-Clark Corporation:**　　　　　　　　**Eamon Paul Joyce**
　　　　　　　　　　　　　　　　　　　　　　　　Sidley Austin LLP
　　　　　　　　　　　　　　　　　　　　　　　　787 Seventh Ave
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019

　　　　　　　　　　　　　　　　　　　　　　　　**Daniel A. Spira**
　　　　　　　　　　　　　　　　　　　　　　　　**Kara L. McCall**
　　　　　　　　　　　　　　　　　　　　　　　　Sidley Austin LLP
　　　　　　　　　　　　　　　　　　　　　　　　One S Dearborn
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603

**Costco Wholesale Corporation:**　　　　　　　**James M. Bergin**
　　　　　　　　　　　　　　　　　　　　　　　　**Adam James Hunt**
　　　　　　　　　　　　　　　　　　　　　　　　**Kayvan Betteridge Sadeghi**
　　　　　　　　　　　　　　　　　　　　　　　　Morrison & Foerster

250 West 55th Street
New York, NY 10019

**Eamon Paul Joyce**
Sidley Austin LLP
787 Seventh Ave
New York, NY 10019

**JACK B. WEINSTEIN, Senior United States District Judge:**

Three separate but related class actions are before the court. They are brought by consumers who purchased moist toilet wipes sold by retailer defendants, produced by manufacturer defendants, and marked "flushable." Alleged are defects in labeling. Plaintiffs seek money damages and injunctive relief because they claim the product is not "flushable." *See Kurtz v. Kimberly-Clark Corp. & Costco Wholesale Corp.*, No. 14-CV-1142 ("*Kurtz* action") (relying on New Jersey and New York law); *Honigman & Kurtz v. Kimberly-Clark*, 15-CV-2910 ("*Honigman* action") (relying on New York law); and *Belfiore v. Procter & Gamble Co.*, 14-CV-4090 ("*Belfiore* action") (relying on New York law).

A class action involving New Hampshire law and New Hampshire residents was withdrawn after it became likely that the court would transfer the case to the United States District Court for the District of New Hampshire. *See Richard & Richard v. Wal-Mart Stores, Inc. & Rockline Indus.*, 15-CV-4579 ("*Richard* action"); Order, 15-CV-4579, Jan. 19, 2017, ECF No. 95 (order granting stipulation of dismissal with prejudice).

A class action involving Maryland law and Maryland residents and a class action involving Oregon law and Oregon residents were before the court. *Palmer & Palmer v. CVS Health & Nice-Pak Prods., Inc.*, 15-CV-2928 ("*Palmer* action") (relying on Maryland law); *Armstrong & Kurtz v. Costco Wholesale Corp. & Nice-Pak Prods., Inc.*, 15-CV-2909 ("*Armstrong* action") (relying on Oregon law). The *Palmer* action and *Armstrong* action were transferred to the United States

District Court for the District of Maryland and the United States District Court for the District of Oregon, respectively. Order, 15-CV-2909, Feb. 17, 2017, ECF No. 106; Order, 15-CV-2928, Feb. 17, 2017, ECF No. 113.

Remaining before the court are the *Kurtz* action, the *Belfiore* action, and the *Honigman* action.

Plaintiffs in the *Honigman* action have not moved for class certification.

Plaintiff in the *Belfiore* action moved to certify a class of everyone who purchased Charmin Freshmates, a flushable wipes product, in New York. *See* Pl.'s Notice of Mot. for Class Certification, 14-CV-4090, Feb. 27, 2015, ECF No. 58.

Plaintiff in the *Kurtz* action based his complaint on separate claims under New Jersey and New York state law. Compl., 14-CV-1142, Feb. 21, 2014, ECF No. 1. On the court's suggestion that the same plaintiff could not represent a New York class and a New Jersey class, plaintiff agreed not to seek certification of a New Jersey class. *See* Letter, 14-CV-1142, Feb. 6, 2017, ECF No. 282. Remaining are plaintiff's motions to certify a nationwide class and two New York classes of everyone who purchased the Kimberly-Clark flushable wipes product and the Kirkland Signature flushable wipes product in New York. *Id.*; Omnibus Mem. of Law in Supp. of Pl.'s Mot. for Class Certification and Appointment of Class Representative and Class Counsel, 14-CV-1142, Feb. 27, 2015, ECF No. 81 ("Pl.'s Class Cert. Mot.").

I. **New Jersey Claims**

All claims for purchases made in New Jersey by purchasers residing in New Jersey, based on New Jersey law, are severed from the complaint in the instant case. FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *Garber v. Randell,* 477 F.2d 711, 714 (2d Cir.

1973) ("[T]he court's power to sever claims . . . is [ ] discretionary, requiring it to balance the factors of benefit and prejudice that will result from the alternative courses."); 4 Moore's Federal Practice § 21.05 (2017) ("The trial court . . . has great discretion to restructure an action to promote the efficient administration of justice. Rule 21 gives the court tools to jettison those parties and claims that are not within its jurisdiction or that are not conveniently prosecuted together, preserving parties and claims that are properly before it." (footnote omitted)); 4 Moore's Federal Practice § 21.02 (2017) ("In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency. As part of this inquiry, the court should consider whether an order under Rule 21 would prejudice any party, or would result in undue delay. . . . Although courts properly wish to avoid duplicative litigation, they should not hesitate to sever claims based on different factual situations from that of the main action." (internal quotation marks and footnotes omitted)).

Efficiency and fairness require transfer of the New Jersey action to New Jersey. *See* Order, 15-CV-2909, Feb. 17, 2017, ECF No. 106 (transferring case to the District of Oregon); Order, 15-CV-2928, Feb. 17, 2017, ECF No. 113 (transferring case to the District of Maryland). The severance of the New Jersey aspects of the case is not on the merits. No detriment to the proposed class exists by virtue of a transfer.

Plaintiff shall recast the New Jersey elements of his complaint in the instant case as a single complaint, based on New Jersey law. Those claims are transferable to the District of New Jersey. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir.

1979) ("The broad language of 28 U.S.C. [§] 1404(a) would seem to permit a court to order transfer Sua sponte"); *cf.* Order, 15-CV-2909, Feb. 17, 2017, ECF No. 106 (transferring case *sua sponte* to the District of Oregon); Order, 15-CV-2928, Feb. 17, 2017, ECF No. 113 (transferring case *sua sponte* to the District of Maryland).

## II. Nationwide Class

Plaintiff in the instant case is seeking certification of a national class. *See* Pl.'s Class Cert. Mot. While the court has indicated at a previous hearing that classes based on New York purchasers and on New York law claims will be certified, the court will not grant certification of a national class. *See* Hr'g Tr., 14-CV-1142, Feb. 2, 2017 ("Feb. 2 Hr'g Tr."); Hr'g Tr., 14-CV-4090, Feb. 3, 2017; Forthcoming Order, 14-CV-1142 (forthcoming memorandum and order addressing motions for class certification in the instant case).

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members. . . . Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (internal quotation marks and citations omitted).

The named plaintiff in the instant case has not demonstrated the financial or other capacity to adequately represent a national class of consumers who purchased flushable wipes manufactured by defendants Kimberly-Clark Corporation or Costco Wholesale Corporation. Plaintiff has expressed reluctance to conduct a scientific survey of consumers to determine a reasonable consumer's understanding of the term "flushable." Feb. 2, 2017 Hr'g Tr. at 62:10-16

4

("[A survey is] something that has been considered. We're not sure whether or not that's something that's absolutely necessary."). Conducting such a survey on a national scale would be costly. Limiting certification to two New York classes and denying certification of a nationwide class is appropriate when the events underlying his claim took place in New York and discovery has largely been confined to New York. *See, e.g.*, *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 91 (E.D.N.Y. 1989) ("Plaintiffs' counsel . . . has not demonstrated that it would be able adequately to represent members of a proposed class from the [defendant's] United States offices outside New York. Class discovery conducted beyond the New York branch has been very limited. Counsel concedes that financial limitations have precluded further efforts since plaintiffs' counsel has indicated that the discovery necessary to pursue this litigation on behalf of a nationwide class is presently beyond the means of the named plaintiffs, the Court determines that the adequacy of representation requirement can be satisfied only with respect to a class of New York plaintiffs."); *see also Mascol v. E & L Transp., Inc.*, No. CV-03-3343, 2005 WL 1541045, at *6 (E.D.N.Y. June 29, 2005) ("[A] class representative[']s financial resources [are] a relevant factor in determining the adequacy of class representation when the ability of the class representative to finance notice to large, nationwide classes is questionable").

### III. New York Classes

As a result of the above changes to the instant case, the court will certify three class actions – one in the *Belfiore* action and two in the *Kurtz* action – each of which involves different defendants and a different product, but all of which rely on New York law and purchases in New York. *See* Forthcoming Order, 14-CV-1142 (forthcoming memorandum and order addressing motions for class certification)

### IV. *Honigman* Action

Because discovery has not started in the *Honigman* action, it is stayed pending resolution in this court and the Court of Appeals for the Second Circuit of the motions for class certification filed in the *Kurtz* and *Belfiore* actions.

The parties in the *Kurtz* and *Belfiore* actions have the power to seek an appeal of this court's forthcoming decision on certification of three New York classes pursuant to Rule 23(f). FED. R. CIV. P. 23(f). Because the issues in the *Kurtz* and *Belfiore* actions are largely the same as the issues in the *Honigman* action, a decision on certification by the Court of Appeals would largely control the issue of class certification in the *Honigman* action.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

February 24, 2017
Brooklyn, New York