MANDATE

17-1856-cv(L); 17-1861-cv
*D. Joseph Kurtz, et al. v. Costco Wholesale Corp., Kimberly-Clark Corp.*
*Anthony Belfiore, et al. v. Procter & Gamble Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand nineteen.

Present:
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.
_____

D. JOSEPH KURTZ, individually and on behalf of all
others similarly situated,

        *Plaintiff-Appellee*,

        v.                                                                         17-1856
                                                                                   17-1858

COSTCO WHOLESALE CORPORATION, KIMBERLY-
CLARK CORPORATION,

        *Defendants-Appellants*.
_____

ANTHONY BELFIORE, individually and on behalf of
all others similarly situated,

        *Plaintiff-Appellee*,

        v.                                                                         17-1861

1

MANDATE ISSUED ON 05/14/2019

PROCTER & GAMBLE COMPANY,

    *Defendant-Appellant*.

―――――――――――――――――――――――

| | |
|---|---|
| For Plaintiffs-Appellees: | DOUGLAS WILENS (Samuel H. Rudman, Mark S. Reich, Vincent M. Serra, *on the brief*), Robbins Geller Rudman & Dowd LLP, Boca Raton, FL, *for* D. Joseph Kurtz. |
| | LESTER L. LEVY (Matthew Insley-Pruitt, Robert S. Plosky, *on the brief*), Wolf Popper LLP, New York, NY, *for* Anthony Belfiore. |
| For Defendants-Appellants: | BRIAN R. MATSUI (Bryan J. Leitch, James M. Bergin, Kayvan Betteridge Sadeghi, *on the brief*), Morrison & Foerster LLP, Washington, DC, *for* Cotsco Wholesale Corporation. |
| | EAMON P. JOYCE (Kwaku A. Akowuah, Kara L. McCall, Daniel A. Spira, *on the brief*), Sidley Austin LLP, New York, NY, *for* Kimberly-Clark Corporation. |
| | MARK W. MOSIER (Henry Liu, Kevin King, Emily Johnson Henn, *on the brief*), Covington & Burling LLP, Washington, D.C., *for* Procter & Gamble Company. |

Appeal from a March 27, 2017 order of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cases are **REMANDED** for further proceedings consistent with this order.

D. Joseph Kurtz, on behalf of himself and all others similarly situated, filed suit against Costco Wholesale Corporation ("Costco") and Kimberly-Clark Corporation ("Kimberly-Clark") in the United States District Court for the Eastern District of New York ("EDNY") on February 21, 2014. Anthony Belfiore, on behalf of himself and all others similarly situated, initiated suit against Procter & Gamble Company ("P&G") in EDNY on July 1, 2014. Kurtz and Belfiore (collectively, "Plaintiffs") both alleged, *inter alia*, violations of New York General Business Law

2

("GBL") § 349. Plaintiffs claimed, in essence, that Costco, Kimberly-Clark, and P&G (collectively, "Defendants") had falsely represented that their wipes were "flushable" and that all purchasers of these supposedly "flushable" wipes had paid a price premium attributable to that alleged misrepresentation. On March 27, 2017, the district court (Weinstein, *J.*) certified damages and injunctive relief classes in each litigation pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 23(b)(3), under which the district court certified damages classes, requires the plaintiff to prove "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). This requirement of proof applies to all requirements of Rule 23—including the predominance requirement described above. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). On appeal, Defendants contend, *inter alia*, that Plaintiffs have not proven that common issues will predominate because they have not shown that they can establish two necessary elements of their cause of action—injury and causation—by common proof. In particular, Defendants argue that Plaintiffs' expert has not demonstrated, but has merely alleged, that he can apply hedonic regression analysis to establish on a classwide basis whether the class members paid a price premium for Defendants' products attributable to the "flushable" representation.

3

On the record presently before us, the panel cannot decide whether the Defendants' predominance argument has merit, and therefore we conclude that further development of the record is appropriate. Under these circumstances, we conclude that the proper course of action is a remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), so that the parties may be afforded the chance to supplement the record with additional evidence and so that the district court can then make appropriate findings on the predominance issue. In so doing, we follow the approach of our decision in *Davis v. New York City Housing Authority*, 205 F.3d 1322 (2d Cir. 2000) (summary order), where we remanded pursuant to *Jacobson* in search of "further factual development" and instructed that "the district court, after receiving any additional submissions from the parties and their experts, make further express findings and, if warranted, modify its existing findings." *Id.* at 1322. We remand for the same purposes here. In particular, we note our specific concern with the Plaintiffs' proof that they can establish the injury and causation elements of their claims at trial with common evidence.

A mandate shall issue forthwith remanding the case to the district court. On remand, the district court should offer the parties the opportunity to submit additional evidence and should then assess whether the Plaintiffs have "affirmatively demonstrated [their] compliance" with Rule 23(b)(3)'s predominance requirement. *Wal-Mart*, 564 U.S. at 350. After further review of the record, the district court should choose whether to decertify the damages classes or maintain the current certification orders. Any party to these appeals may then restore jurisdiction to this Court within 30 days of entry of the district court's judgment by letter to the Clerk's Office (attaching a copy of the relevant supplemental order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. In the interest of judicial economy, any reinstated appeal will be assigned to this panel. The panel will stay further

4

consideration of these appeals as they relate to the injunctive relief classes until such time as jurisdiction is restored.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5