**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

June 28, 2019

<u>VIA ECF</u>

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Kurtz v. Kimberly-Clark Corp., et al.*,
             <u>No. 1:14-cv-1142-JBW-RML</u>

Dear Magistrate Judge Levy:

      We submit this joint letter on behalf of plaintiff D. Joseph Kurtz and defendant Costco Wholesale Corporation ("Costco") in response to this Court's June 24, 2019 Order.

      The parties have conferred about the scope of the production of supplementary documents and materials, which are focused on, from plaintiff's perspective: (1) Costco sales data for (a) Kirkland Signature Moist Flushable Wipes, (b) Kirkland Signature Baby Wipes, (c) Cottonelle Fresh Care Flushable Wipes, and (d) Huggies Baby Wipes, covering the time period since Costco's January 2015 production through May 2019; and (2) labeling exemplars for Kirkland Signature products included in the updated sales data. As of the filing of this letter, Costco's collection of those materials is ongoing and it anticipates that the materials will be provided to plaintiff no later than July 2, 2019. Within a day or two after receipt of the materials and data, plaintiff is committed to providing Costco with a time frame for which it would take to cull, analyze and incorporate the data into the work being performed by plaintiff's expert, Colin Weir.

      From Costco's perspective, the scope of production of supplementary materials and information is focused on: (a) notice by plaintiff's counsel, as soon as reasonably possible, of any materials already in defendant's possession that has been or will be considered by plaintiff's expert; and (b) production, as soon as reasonably possible, of any materials not previously produced to defendant that have been or will be considered by plaintiff's expert, taking into account the anticipated timing of production of Mr. Weir's report and the time remaining for defendant's expert to prepare a responsive report.

Robbins Geller
Rudman & Dowd LLP

Magistrate Judge Robert M. Levy
June 28, 2019
Page 2

    At this time, the parties do not see a need for Court intervention as to the completion of discovery given the parties' commitment to produce the requested documents and information without objection.

    After the parties have discussed the timing of the submission of their experts' reports, counsel for plaintiff and Costco will immediately submit a follow-up letter to this Court to advise it of the schedule associated with the exchange of such reports. Counsel for both parties are available at the Court's convenience to address any questions or concerns between now and the time the parties submit the to-be-filed supplement to this letter, which they foresee submitting early next week.

    Respectfully submitted,

    /s/ Mark S. Reich

Mark S. Reich
ROBBINS GELLER RUDMAN
& DOWD LLP
*Counsel for Plaintiff D. Joseph Kurtz*

/s/ James M. Bergin

James M. Bergin
MORRISON FOERSTER LLP
*Counsel for Defendant Costco Wholesale Corporation*

cc:    All counsel (via ECF)
       Honorable Jack B. Weinstein (via ECF)