17-1856(L)-cv
*Kurtz v. Costco Wholesale Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty.

Present:
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.
_____

D. JOSEPH KURTZ, individually and on behalf of all others similarly situated,

        *Plaintiff-Appellee*,

    v.                                17-1856-cv
                                        17-1858-cv

COSTCO WHOLESALE CORPORATION, KIMBERLY-CLARK CORPORATION,

        *Defendants-Appellants*.
_____

For Plaintiff-Appellee:        DOUGLAS WILENS, Robbins Geller Rudman & Dowd LLP, Boca Raton, FL (Samuel H. Rudman, Mark S. Reich, and Vincent M. Serra, Robbins Geller Rudman & Dowd LLP, Melville, NY, *on the briefs*) *for* D. Joseph Kurtz

MANDATE ISSUED ON 07/21/2020

| | |
|---|---|
| For Defendants-Appellants: | BRIAN R. MATSUI, Morrison & Foerster LLP, Washington, DC (Bryan J. Leitch, James M. Bergin, and Kayvan Betteridge Sadeghi, Morrison & Foerster LLP, Washington, DC; Adam J. Hunt and Lena H. Hughes, Morrison & Foerster LLP, New York, NY, *on the briefs*) *for* Costco Wholesale Corporation |
| | EAMON P. JOYCE, Sidley Austin LLP, New York, NY, (Kwaku A. Akowuah, Sidley Austin LLP, New York, NY; Kara L. McCall and Daniel A. Spira, Sidley Austin LLP, Chicago, IL, *on the briefs*) *for* Kimberly-Clark Corporation |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.

D. Joseph Kurtz ("Plaintiff"), on behalf of himself and all others similarly situated, filed suit against Costco Wholesale Corporation ("Costco") and Kimberly-Clark Corporation ("Kimberly-Clark," and, with Costco, "Defendants") alleging that the two companies falsely represented that their wipes were "flushable" and that purchasers of these supposedly "flushable" wipes had paid a price premium attributable to that misrepresentation. On March 27, 2017, the district court certified damages and injunctive relief classes pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").[1] *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482 (E.D.N.Y. 2017) ("*Kurtz I*"). The parties appealed. On the record then before us, we could not "decide whether the Defendants' predominance argument ha[d] merit, and therefore we conclude[d] that further

---

[1] The district court also certified a class in a companion suit that was also appealed and consolidated with this case. *See Belfiore v. Procter & Gamble Co.*, No. 17-1861. While these appeals were pending, the parties in *Belfiore* filed a stipulation of dismissal pursuant to Federal Rule of Appellate Procedure 42. We so ordered the stipulation on March 12, 2020.

development of the record [was] appropriate." *Kurtz v. Costco Wholesale Corp.*, 768 F. App'x 39, 40 (2d Cir. 2019) ("*Kurtz II*"). We stayed further consideration of the injunctive relief classes and remanded to the district court. *Id.* at 41.

On remand, the district court received additional evidence, including supplemental expert reports, and conducted a hearing. On October 25, 2019, the court issued a second decision. *See Kurtz v. Kimberly-Clark Corp.*, 414 F. Supp. 3d 317 (E.D.N.Y. 2019) ("*Kurtz III*"). The court concluded that the testimony of Colin Weir, Plaintiff's expert, and Dr. Keith Ugone, Kimberly-Clark's expert, was admissible. *Id.* at 330–32. The court also reaffirmed its prior certification decision, determining that Plaintiff had demonstrated that he could prove injury and causation with common evidence, thereby satisfying Rule 23(b)(3)'s predominance requirement. *Id.* at 332–36. Defendants appealed again.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's decision to certify a class for abuse of discretion." *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 130 (2d Cir. 2010). "To the extent that the court's decision was based on conclusions of law, we review such conclusions *de novo*, and to the extent that its decision was based on findings of fact, we review such findings for clear error." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 86 (2d Cir. 2015).

---

[2] On November 12, 2019, we ordered the parties to file supplemental briefing. Defendants filed reply briefs not expressly authorized by our order and Plaintiff moved to strike those briefs. The motion to strike is **GRANTED**.

**I.     Prerequisites of Rule 23(a)**

To proceed with a class action, a plaintiff must satisfy four prerequisites under Rule 23: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). The party seeking class certification bears the burden of demonstrating compliance with Rule 23's prerequisites by a preponderance of the evidence. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 264 (2d Cir. 2016). Kimberly-Clark contends that Kurtz has not demonstrated that he is both an adequate and typical representative for the class. We disagree.

Kimberly-Clark first contends that Kurtz has sacrificed potentially higher-value plumbing damages claims in order to advance lower-value, but more easily certifiable, claims based on a price premium theory, which amounts to a conflict of interest between himself and other class members. While a conflict of interest between the named plaintiff and absent class members can render the former an inadequate representative under certain circumstances, the "conflict must be 'fundamental' to violate Rule 23(a)(4)." *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011). As the district court explained, the plumbing damages other class members might have suffered are not significantly higher than the statutory damages of $50 per purchase provided for under New York's General Business Law § 349. *See Kurtz I*, 321 F.R.D. at 537. Because the cost of litigating such plumbing damages claims likely would have outweighed any recovery, the district court concluded that the strategic decision to forgo plumbing damages and pursue statutory damages did not amount to a "fundamental" conflict. *Id.* We discern no abuse of discretion in that conclusion.

Kimberly-Clark further argues that Kurtz cannot be a typical class member because he alleges that he continued to buy the wipes after he learned that they were not flushable. But Plaintiff's theory of injury is predicated on the existence of a price premium, so the harm he

suffered occurred at the time of purchase. Accordingly, his purchasing history is largely irrelevant to typicality and does not warrant setting aside the court's certification order.

**II.     Standing to Seek Injunctive Relief under Rule 23(b)(2)**

We now turn to whether the district court properly certified an injunctive relief class pursuant to Rule 23(b)(2). Certification of a class under Rule 23(b)(2) is appropriate where the defendant "has acted or refused to act on grounds that apply generally to the class," thus entitling class members to "final injunctive relief." Fed. R. Civ. P. 23(b)(2). For each form of relief sought, a plaintiff "must demonstrate standing separately." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). In order to pursue injunctive relief, which is a prospective remedy, plaintiffs must allege an injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). We review determinations regarding standing *de novo*. *Dubuisson v. Stonebridge Life Ins. Co.*, 887 F.3d 567, 573 (2d Cir. 2018).

Defendants argue that Kurtz lacks standing to seek an injunction because there is no indication that Kurtz will buy Defendants' flushable wipes products in the future and, therefore, there is no likelihood of future injury. We agree. Our decision in *Nicosia v. Amazon, Inc.*, 834 F.3d 220 (2d Cir. 2016), squarely addresses this issue. In *Nicosia*, the plaintiff asserted that he purchased a weight loss drug from Amazon containing a prohibited stimulant. *Id.* at 226. The plaintiff sought "an order enjoining Amazon from selling weight loss products containing [the stimulant] and requiring Amazon to provide remedial notices to past consumers of those products." *Id.* at 228. We concluded that the plaintiff lacked standing to pursue the injunction because "Amazon ha[d] ceased selling [the diet product] on its website, and [plaintiff] ha[d] failed to allege that he intend[ed] to use Amazon in the future to buy *any* products, let alone food or drug products

generally or weight loss products in particular." *Id.* at 239. Similarly, here, Kurtz makes no assertion that he intends to purchase additional flushable wipes products—from Costco, Kimberly-Clark, or any other company. Absent any stated intention to buy additional flushable wipes products in the future, Kurtz has not pleaded an injury that is "actual and imminent, not conjectural or hypothetical." *Summers*, 555 U.S. at 493; *see also Kommer v. Bayer Consumer Health*, 710 F. App'x 43, 44 (2d Cir. 2018) ("As [plaintiff] concedes, now that he knows of [d]efendants' alleged deception and false advertising, he is no longer likely to purchase another [of defendants' products] ever again. Accordingly, he has no standing under Article III to enjoin the defendants' sales practices . . . ." (quotation marks, brackets, ellipsis, and citation omitted)).

### III. Predominance under Rule 23(b)(3)

Finally, we consider whether the district court properly concluded, on remand, that Plaintiff's claims are susceptible to class-wide proof. A Rule 23(b)(3) class may be certified upon finding that common legal or factual issues predominate over individual issues and that a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3). Plaintiffs need not prove, however, that the legal or factual issues that predominate will be answered in their favor. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013).

In our initial decision, "we note[d] our specific concern with the Plaintiffs' proof that they can establish the injury and causation elements of their claims at trial with common evidence." *Kurtz II*, 768 F. App'x at 41. On remand, the district court "held substantial post-mandate evidentiary hearings with extensive evidence and briefs." *Kurtz III*, 414 F. Supp. 3d at 321. Significantly, Plaintiff's expert, Colin Weir, "developed and performed hedonic regression analyses" indicating "that there is a marketwide price premium for wipes labeled as flushable." *Id.* In other words, Weir actually ran a regression analysis that demonstrated a specific price

6

premium for both Costco and Kimberly-Clark products attributable to the "flushable" representation, rather than merely speculating that such a regression could be run. Defendants' own experts critiqued Plaintiff's expert report, asserting that both the underlying theory and actual computation were flawed. *See id.* at 328–29. Despite these objections, the district court deemed Weir's testimony and analysis admissible, *id.* at 330–32, and found that his regression satisfied Plaintiff's obligation to demonstrate predominance, *id.* at 332–35.

On appeal, Defendants offer a litany of purported failings in Weir's methodology that they contend undermine the district court's conclusion as to predominance or render Weir's expert reports inadmissible.[3] None is persuasive. For example, Defendants contend that Weir's model fails to account for major variables, including attributes that consumers value most. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (1999). While some regressions may be "so incomplete as to be inadmissible as irrelevant," *Bazemore v. Friday*, 478 U.S. 385, 400 n.10 (1986) (Brennan, *J.*, concurring in part and joined by all members of the Court), Weir's model accounts for a wide range of variables, some of which are substantial drivers of consumer purchases. We acknowledge that Weir's model fails to consider some arguably significant variables, but, "[n]ormally, failure to include variables will affect the analysis' probativeness, not its admissibility." *Id.* at 400.

---

[3] The parties appear to assume that Weir's report must be admissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), at the class certification stage. That is far from well-established. *See In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 129–30 (2d Cir. 2013) ("The Supreme Court has not definitively ruled on the extent to which a district court must undertake a *Daubert* analysis at the class certification stage."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 470 (S.D.N.Y. 2018) ("Neither the Supreme Court nor the Second Circuit has definitely decided whether the *Daubert* standard governs the admissibility of expert evidence submitted at the class certification stage."). Nevertheless, because we conclude that the district court did not abuse its discretion in qualifying Weir as an expert, we need not address this issue.

Defendants next argue that Weir's regression does not produce a price premium if the time frame is shifted or if additional products are included in the underlying dataset. Again, as a general matter, cherry-picking data to artificially generate a particular result may render a model so unreliable that it is inadmissible. *See id.* at 400; *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82, 91–97 (1st Cir. 2014). But Weir testified that changing the timeframe of his model while making appropriate adjustments to other variables still yielded a price premium, and the district court found that Weir used a sufficiently wide range of sources to render the end-result "statistically reliable." *Kurtz III*, 414 F. Supp. 3d at 324–25. Under these circumstances, the district court did not abuse its discretion by relying on Weir's report and testimony.

Defendants' reliance on *Comcast Corp. v. Behrend*, 569 U.S. 27 (2014), is similarly unavailing. *Comcast* held that "a model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to that theory." *Id.* at 35. Weir's model does: it purports to measure the price premium attributable to the "flushable" label. The fact that Weir's model may fail to account for other possible sources of a price premium simply means that his model may not ultimately prove Plaintiff's claim. But it still serves as common evidence of plaintiffs' theory of injury and does not run afoul of *Comcast*.

Ultimately, none of Defendants' critiques demonstrates that there exists "some fatal dissimilarity among class members that would make use of the class-action device inefficient or unfair. Instead, what [Defendants] allege[] is a fatal similarity—an alleged failure of proof as to an element of the plaintiffs' cause of action." *Amgen*, 568 U.S. at 470 (quotation marks, brackets, and citation omitted). Defendants' central contention is that Weir's analysis either does not or cannot establish a price premium because of issues such as an incomplete dataset, flawed

parameters of the regression, or business considerations not captured by the model. A factfinder may ultimately agree. But if that is the case, then the class claims will fail as a unit. *See id.*; *cf. Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046–47 (2016) ("One way for respondents to show, then, that the sample relied upon here is a permissible method of proving classwide liability is by showing that each class member could have relied on that sample to establish liability if he or she had brought an individual action."). Accordingly, the district court did not abuse its discretion in concluding that class issues predominate.

\* \* \*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the district court's certification of the injunctive relief class under Rule 23(b)(2), **AFFIRM** the district court's certification of the damages class under Rule 23(b)(3), and **REMAND**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit