# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— x

D. JOSEPH KURTZ, Individually and on
Behalf of All Others Similarly Situated,

                   Plaintiff,

    vs.

KIMBERLY-CLARK CORPORATION, et al.,

                Defendants.

:   Civil Action No. 1:14-cv-01142-PKC-RML
:
:   <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:
:
:

——————————————————— x

GLADYS HONIGMAN, Individually and on
Behalf of All Others Similarly Situated,

                   Plaintiff,

    vs.

KIMBERLY-CLARK CORPORATION,

                Defendant.

:   Civil Action No. 2:15-cv-02910-PKC-RML
:
:   <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:

——————————————————— x

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Representative plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman (together, "Plaintiffs"), on behalf of themselves and all Settlement Class Members (defined below), on the one hand, and defendant Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant" and, with Plaintiffs, the "Settling Parties"), on the other hand, hereby enter into this stipulation of settlement and general release ("Settlement Agreement"), subject to approval of the Court.

WHEREAS, Kimberly-Clark, along with affiliated entities, manufactures and sells flushable wipes in the United States under the Cottonelle brand name and previously did so under various other Kimberly-Clark brand names, including Scott, Huggies Pull-Ups, Poise, and Kotex (the "Products").

WHEREAS, on February 21, 2014, Dr. Kurtz filed a class action complaint (the "*Kurtz* Complaint") against Kimberly-Clark and Costco Wholesale Corporation ("Costco") in the United States District Court for the Eastern District of New York (the "Court"), seeking damages and injunctive relief, asserting claims on behalf of himself and other similarly situated consumers for, *inter alia*, violations of General Business Law ("GBL") §349, which lawsuit is currently pending as *Kurtz v. Kimberly-Clark Corp., et al*., 1:14-cv-01142-PKC-RML (the "*Kurtz* Action").

WHEREAS, on May 20, 2015, Ms. Honigman filed a similar class action complaint (the "*Honigman* Complaint" and, together with the *Kurtz* Complaint, the "Complaints") against Kimberly-Clark in the Court, seeking damages and injunctive relief, asserting claims on behalf of herself and other similarly situated consumers for, *inter alia*, violations of GBL §349, which lawsuit is currently pending as *Honigman v. Kimberly-Clark Corp.*, 2:15-cv-02910-PKC-RML (the "*Honigman* Action" and, together with the *Kurtz* Action, the "Actions").

WHEREAS, Plaintiffs allege in the Actions that the flushability-related claims made on the labeling and packaging of the Products—including that the wipes were "flushable," "break up after flushing," and were safe for sewer or septic systems—were false, deceptive, or misleading.

WHEREAS, on March 27, 2017, the Court in the *Kurtz* Action granted Dr. Kurtz's motion for class certification (the "Certification Order"), certifying a class to pursue damages and injunctive relief against Kimberly-Clark.

WHEREAS, on June 26, 2020, the U.S. Court of Appeals for the Second Circuit affirmed the Certification Order as to the damages class under Rule 23(b)(3), reversed the Certification Order as to the injunctive relief class under Rule 23(b)(2), and remanded the *Kurtz* Action to the District Court for further proceedings.

WHEREAS, notice of pendency and certification of the *Kurtz* Action has not yet been provided to members of the certified class.

WHEREAS, the Actions, if they were to continue, would likely result in expensive and protracted litigation, appeals, and continued uncertainty as to outcome.

WHEREAS, Plaintiffs believe the claims against Kimberly-Clark alleged in the Actions have merit, but, based on extensive discovery and motion practice in the Actions, including reviewing thousands of pages of documents produced by Kimberly-Clark, deposing Fed. R. Civ. P. 30(b)(6) witnesses, subpoenaing third-parties, submitting numerous briefs and expert reports in support of class certification (including in the District Court and on appeal in the Second Circuit), presenting witnesses during evidentiary hearings before the Court, and Settlement Class Counsel's work with consultants who have studied flushable wipes, Plaintiffs and Settlement Class Counsel are of the view that a settlement of the claims against Kimberly-Clark on the terms reflected in this Settlement

Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

WHEREAS, Plaintiffs recognize the tremendous time and expense that would be incurred by further litigation in the Actions and the uncertainties inherent in any such litigation, including the possibilities that summary judgment will be entered against Plaintiffs, and/or that Plaintiffs will be unable to prove liability or damages at trial on a classwide or individual basis, and recognize that the Plaintiffs' and the Settlement Class Members' interests would be best served by a settlement of the litigation.

WHEREAS, while Kimberly-Clark does not dispute that the settlement is fair and reasonable in light of the merits and risks of the case, Kimberly-Clark denies and continues to deny any wrongdoing or legal liability for any alleged wrongdoing; does not admit or concede any actual or potential fault, wrongdoing, or legal liability in connection with any facts or claims that have been or could have been alleged by Plaintiffs in the Actions; and contends that neither Plaintiffs nor any of the Settlement Class Members have been injured or are entitled to any relief.

WHEREAS, to avoid the costs, disruption, and distraction of further litigation, and without admitting the validity of any allegations made by Plaintiffs, or any liability with respect thereto, Kimberly-Clark has concluded that it is desirable to settle the claims against it, which will be dismissed and released on the terms reflected in this Settlement Agreement.

WHEREAS, the agreement reflected in this Settlement Agreement was reached after protracted, arm's-length negotiations, including with JAMS mediator the Honorable Wayne R. Andersen (Ret., N.D. Ill.), for more than a year.

WHEREAS, this Settlement Agreement supersedes and replaces the Memorandum of Understanding to which the Settling Parties previously agreed on December 29, 2021.

- 3 -

WHEREAS, the Settling Parties agree, subject to approval by the Court, that the claims against Kimberly-Clark in the Actions shall be fully and finally compromised, settled, and released on the terms and conditions set forth in this Settlement Agreement.

WHEREAS, this Settlement Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval.  Should the Court not issue Preliminary Approval and Final Approval, the Settling Parties do not waive, and instead expressly reserve, all rights to prosecute and defend the Actions as if this settlement was never reached.

WHEREAS, this Settlement Agreement reflects a compromise between the Settling Parties, and shall in no event be construed as or be deemed an admission or concession by any Settling Party of the truth, or lack thereof, of any allegation, or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Actions, or of any fault on the part of Defendant, and all such allegations are expressly denied by Defendant.  Nothing in this Settlement Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Settling Party hereto.

NOW THEREFORE, in consideration of the promises and mutual covenants set forth herein, and of the releases and dismissals of claims described below, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e) and satisfaction of all the terms and conditions set forth herein, that the Plaintiffs' Released Claims and Defendant's Released Claims (both defined below) shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms.

## I.   DEFINITIONS

Capitalized terms in this Agreement shall be defined as follows:

1.1     "Actions" means *Kurtz v. Kimberly-Clark Corp., et al.*, 1:14-cv-01142-PKC-RML (E.D.N.Y.) and *Honigman v. Kimberly-Clark Corp.*, 2:15-cv-02910-PKC-RML (E.D.N.Y.).

1.2     "Claims Administrator" means Kroll Settlement Administration or another third-party administrator agreed to by the Settling Parties in writing and approved by the Court.

1.3     "Claim Filing Deadline" means the date by which a Claim Form must be received via United States First Class Mail or via electronic submission to be considered timely, unless otherwise ordered by the Court.  The Claim Filing Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, and the Claim Form.  If the Claim Filing Deadline is on a weekend or holiday, the Claim Filing Deadline shall extend to the next business day following the weekend or holiday.

1.4     "Claim Form" means the form that Settlement Class Members must submit to obtain Settlement Benefits, in substantially the same form as Exhibit 1 attached to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement.

1.5     "Claim Period" means the period of time during which a Settlement Class Member must submit a valid Claim Form to be eligible to receive the Settlement Benefit as part of the Settlement, unless otherwise ordered by the Court, which shall be for not more than sixty (60) consecutive days and commence not less than forty-five (45) days before the Final Approval hearing. If the Claim Period ends on a weekend or holiday, the Claim Period shall extend to the next business day.

1.6     "Class Notice" means the Long Form Notice , the Summary Notice, and the Online Notice, as set forth in Exhibits B1, B2, and B3 attached hereto, and as described in the Notice Plan, as set forth in Exhibit A attached hereto.

1.7     "Class Representative Payments" means any awards approved by the Court that are payable to the Plaintiffs to compensate them for their efforts in bringing the Actions and/or

achieving the benefits of this settlement on behalf of the Settlement Class, as further discussed in Section 6.2.

1.8     "Complaints" means the Class Action Complaints filed in the Actions.

1.9     "Court" means the United States District Court for the Eastern District of New York.

1.10    "Defendant" or "Kimberly-Clark" means Kimberly-Clark Corporation.

1.11    "Defendant's Released Claims" means any and all claims Defendant may have against Plaintiffs, Settlement Class Members, and/or Settlement Class Counsel, including claims for damages or injunctive relief arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions, including, but not limited to, Unknown Claims.

1.12    "Defense Counsel" means the law firm of Sidley Austin LLP.

1.13    "Effective Date" means the later of: (a) the expiration of the time to appeal the Final Judgment and Order with no appeal having been filed; (b) if any such appeal is filed, the termination of such appeal on terms that affirm the Final Judgment and Order or dismiss the appeal with no material modification of the Final Judgment and Order; or (c) the expiration of the time to obtain any further appellate review of the Final Judgment and Order; provided, however, that a modification or reversal on appeal of the amount of the attorneys' fees and expenses awarded by the Court to Settlement Class Counsel, or the amount of any Class Representative Payment, shall not prevent this settlement from becoming final and effective if all other aspects of the Final Judgment and Order have been affirmed.

1.14    "Final Approval" means issuance of the Final Judgment and Order by the Court, substantially in the form of Exhibit D, granting final approval of this Settlement Agreement and the releases herein, as binding upon the Settling Parties.

- 6 -

1.15   "Final Judgment and Order" means an order by the Court, substantially in the form of Exhibit D, granting final approval of this Agreement as binding upon the Settling Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves; ordering that the Settlement Benefits be provided as set forth in this Agreement; ordering the releases as set forth in Section VII of this Agreement; entering judgment in this case; and retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

1.16   "Household" means, without limitation, all persons who share a single physical address.

1.17   "Long Form Notice" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B1.

1.18   "Notice Date" means the date on which the Settlement Administrator commences dissemination of the Class Notice, which shall be not less than forty-five (45) days before the Final Approval hearing, and consistent with the Preliminary Approval Order.

1.19   "Notice Plan" means the procedure for providing notice to the class, as set forth in Exhibit A.

1.20   "Objection Deadline" means twenty-one (21) calendar days before the Final Approval hearing and consistent with the Preliminary Approval Order.

1.21   "Online Notice" means the Court-approved forms of online notice to Settlement Class Members in substantially the same form as Exhibit B3.

1.22   "Opt-Out Deadline" means twenty-one (21) calendar days before the Final Approval hearing and consistent with the Preliminary Approval Order.

1.23   "Plaintiffs" means Dr. D. Joseph Kurtz and Gladys Honigman.

1.24    "Plaintiffs' Released Claims" means any and all claims, suits, debts, liens, demands, rights, causes of action, continuing prosecutions, obligations, controversies, damages, costs, expenses, attorneys' fees, or liabilities, of any nature, whether arising under local, state, or foreign law, whether by statute, regulation, contract, common law, or equity, that arise from or relate to the claims and allegations in the Complaints, including, but not limited to, Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiffs in the Actions related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates.  Plaintiffs' Released Claims shall in all respects be construed as broadly as possible as to the claims asserted, consistent with all applicable law, to effect complete finality over the Actions with respect to Kimberly-Clark. Once the settlement is approved, the Settlement Class Members will also be bound to the same release.

1.25    "Preliminary Approval" means issuance of an order, substantially in the form of Exhibit C, granting preliminary approval to this Agreement; approving notice to the Settling Class Members; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

1.26    "Products" means Kimberly-Clark's flushable wipes sold in the United States during the Settlement Class Period under the Cottonelle, Scott, Huggies Pull-Ups, Poise, or Kotex brands.

1.27    "Proof of Purchase" means: (i) either the actual label or bar code portion of the package of the Product (not a photocopy or digital image file); or (ii) an original or photocopy or digital image of an itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.  The Product package and/or sales

receipt must be provided to and validated by the Claims Administrator to qualify as Proof of Purchase.

1.28    "Released Parties" means the parties receiving a release, including Plaintiffs; Settlement Class Counsel; Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, owners, predecessors, and successors, and all of their respective former, present, and future officers, agents, administrators, directors, employees, shareholders, partners, independent contractors, representatives, insurers, servants, attorneys, assignees, heirs, and executors; Defense Counsel; and all Settlement Class Members, whether specifically named herein and whether or not participating in the settlement by payment or otherwise.

1.29    "Releasing Parties" means the parties granting a release, including Plaintiffs, all Settlement Class Members, and Defendant.

1.30    "Settlement Agreement" means this Settlement Agreement, including all exhibits hereto.

1.31    "Settlement Benefits" means the benefits provided to Settlement Class Members as set forth in Part II of this Agreement.

1.32    "Settlement Class" means all individuals over the age of 18 who purchased the Products not for the purpose of resale, during the Settlement Class Period.  Excluded from the Class are: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) any of Kimberly-Clark's officers, directors, employees, or legal representatives; and (3) any person who timely opts out of the Settlement Class.

1.33    "Settlement Class Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.34    "Settlement Class Member" means a person who falls within the definition of the Settlement Class.

1.35    "Settlement Class Period" means the period between February 21, 2008 and the date the Preliminary Approval Order is issued.

1.36    "Settlement Website" means an internet website created and maintained by the Claims Administrator for purposes of administering this Settlement Agreement.  The URL of the Settlement Website shall be provided in the language of the Long-Form Notice and Online Notice.

1.37    "Settling Parties" means Plaintiffs and Kimberly-Clark.

1.38    "Summary Notice" means the Court-approved form of summary notice to Settlement Class Members in substantially the same form as Exhibit B2.

1.39    "Unknown Claims" means Plaintiffs' Released Claims and Defendant's Released Claims that any of the Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision not to object to this settlement or the releases contained herein.  With respect to any and all Plaintiffs' Released Claims and Defendant's Released Claims, the Releasing Parties stipulate and agree that upon the Effective Date, the Releasing Parties shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to such claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code, and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

1.40    "Valid Claim" means a claim that complies with Part II of this Settlement.

1.41    The plural of any term defined herein includes the singular, and vice versa.

## II.    SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

2.1    Every Settlement Class Member shall have the right to submit a claim for Settlement Benefits.  A claim shall be a Valid Claim only if submitted pursuant to, and in compliance with, the procedures set forth herein.

2.2    At the election of the Settlement Class Member, a Claim Form (in substantially the same form as Exhibit 1 attached to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement) may be submitted in paper form via first-class mail or online at the Settlement Website.  Claim Forms must be mailed such that they are received by the Claims Administrator (not just postmarked) or submitted online no later than the Claim Filing Deadline.  Claim Forms received or submitted online after that date will not be Valid Claims, unless otherwise ordered by the Court for good cause shown.  The Claims Administrator will track Claim Forms with unique security identifiers or control numbers issued to Settlement Class Members who seek to file a claim.  For Claim Forms submitted online, the Settlement Class Member shall have the opportunity to upload Proof of Purchase image files (*e.g.*, jpg, tif, pdf), but Proof of Purchase in the form of actual labels or bar codes portion of the packages of the Product must be submitted via first-class mail.

2.3    On the Claim Form, the Settlement Class Member must certify the truth and accuracy of the following under penalty of perjury, including by signing the Claim Form physically or by e-signature, or the claim will not be considered a Valid Claim by the Claims Administrator:

(a)    The Settlement Class Member's name and physical address;

- 11 -

(b)     That all sections of the Claim Form are completed truthfully, accurately, and completely;

(c)     The Settlement Class Member's email address, if the Settlement Class Member elects to provide that information;

(d)     The number of packages of the Product purchased during the Settlement Class Period; and

(e)     That the claimed purchases were not made for purposes of resale.

For avoidance of doubt, the Claims Administrator may request and/or require Settlement Class Members to provide additional information on the Claim Form to facilitate the identification of Valid Claims, as well as fraudulent or otherwise invalid claims, and/or to cure a deficiency or infirmity in the Claim Form.  Any deficiency or infirmity in the Claim Form must be cured within twenty (20) calendar days of the Settlement Class Member receiving notice of such deficiency or infirmity in the Claim Form.  Claim Forms may not be submitted *en masse*, by a third-party, or with the Claim Forms of any other Settlement Class Member.

2.4     Each Settlement Class Member who submits a Valid Claim without Proof of Purchase shall receive a payment of up to seventy cents ($0.70) for each Product package purchased during the Settlement Class Period, regardless of the price the Settlement Class Member paid for the package or the number of wipes contained in each package, subject to the following limitations: (i) a maximum of seven dollars ($7.00) (*i.e.*, a maximum of 10 packages) shall be paid on any claim submitted by any one Household for claimed purchases that are not corroborated by Proof of Purchase, and (ii) only one claim may be submitted per Household (either with or without proof of purchase, but not both).  Each Settlement Class Member who submits a Valid Claim corroborated by Proof of Purchase shall receive a payment of up to one dollar and ten cents ($1.10) for each Product

- 12 -

package purchased during the Settlement Class Period, regardless of the price the Settlement Class Member paid for the package or the number of wipes contained in each package, subject to the following limitations: (i) a maximum of fifty dollars and sixty cents ($50.60) (*i.e.*, maximum of 46 packages) shall be paid on any claim submitted by any one Household for claimed purchases that are corroborated by Proof of Purchase, and (ii) only one claim may be submitted per Household (either with or without proof of purchase, but not both).  This Settlement Agreement does not create any vested property interest or unclaimed property rights for Settlement Class Members who do not file Valid Claims.

2.5     A $20 million cap on all claims made shall apply.  If the Valid Claims exceed the $20 million cap, the Claims Administrator shall fulfill all Valid Claims on a *pro rata* basis so that the total amount of payments does not exceed the $20 million cap.  The $20 million cap is separate and apart from, and shall not be affected in any way by, the amount ultimately paid by Kimberly-Clark for any award of attorneys' fees and expenses, Class Representative Payments, and settlement administration costs.

2.6     The Claims Administrator shall be responsible for processing Claim Forms and administering the Settlement Website, opt-out process, and Settlement Benefit claims process described herein.  The Claims Administrator shall use industry standard efforts to validate claims and supporting documentation.  The Claims Administrator shall use adequate and customary procedures and standards to prevent the payment of fraudulent claims and pay only Valid Claims. The Claims Administrator will approve Valid Claims and issue payment pursuant to the Settlement Agreement and may reject claims that are invalid or evidence fraud.  The determination of the validity of all claims shall occur within 30 days of the end of the Claim Period, except where a corrected claim is timely submitted in which case the determination of the validity of the corrected

claim shall occur within 30 days of its submission.  The Claims Administrator shall approve or deny all claims, and its decision shall be final, binding, and non-appealable.

2.7     The Claims Administrator and the Settling Parties (or their designated agents) shall have the right to audit claims, and the Claims Administrator may seek additional information from claimants with invalid claims that are otherwise curable in order to provide Settlement Class Members the opportunity to cure such deficiencies.  Neither Plaintiffs, nor Kimberly-Clark, nor their respective counsel or agents, shall have any liability whatsoever for any act or omission of the Claims Administrator.

2.8     As to claims that are denied, within thirty (30) days after the Effective Date, the Claims Administrator shall email all Settlement Class Members whose claims are denied to state the reasons for denial, at the email address (if any) provided by the Settlement Class Member on the Claim Form.  If no email address is provided by the Settlement Class Member on the Claim Form, the Claims Administrator shall not have an obligation to provide the Settlement Class Member any notification of the reasons for denial of the claim.  Plaintiffs' or Kimberly-Clark's choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by Plaintiffs or Kimberly-Clark as to any of its audit and other rights under the Settlement Agreement.  No person shall have any claim against Plaintiffs, Kimberly-Clark, Settlement Class Counsel, Defense Counsel, or the Claims Administrator based on any determination of a Valid Claim, or distributions or awards made in accordance with this Settlement Agreement and the exhibits hereto.

2.9     Valid Claims shall be paid by check to the Settlement Class Member and mailed to the address provided on the Claim Form, as updated in the National Change of Address Database.

The Claims Administrator shall also have the right (but not the obligation) to allow Settlement Class Members to elect to receive their payments by direct bank deposit or electronic transfer (*e.g.*, PayPal) and if such election is made, shall pay the Valid Claims of such Settlement Class Members through the method so elected.  All Valid Claims shall be paid by the Claims Administrator within sixty (60) days after the Effective Date except that, in the event of an appeal from Final Approval that challenges only the award of attorneys' fees and expenses and/or the Class Representative Payments and does not challenge any other aspect of the Settlement, all Valid Claims shall be paid within ninety (90) days after Final Approval, unless otherwise ordered by the Court.

2.10    All settlement checks shall be subject to a one hundred fifty (150)-day void period, after which the checks shall no longer be negotiable.  If a settlement check is not negotiated within this period, the Settlement Class Member shall not be entitled to any further payment under this Settlement Agreement.

2.11    No deductions for taxes will be taken from any Settlement Benefits at the time of distribution.  Settlement Class Members are responsible for paying all taxes due on such Settlement Benefits.  Under no circumstance shall Kimberly-Clark be held liable for any tax payments with respect to the Settlement Benefits, if any.  All Settlement Benefit payments shall be deemed to be paid solely in the year in which such payments are actually issued.  Neither Settlement Class Counsel nor Defense Counsel purport to provide legal advice on tax matters.

2.12    Other than provided in Section 6.4 herein, Kimberly-Clark shall bear all fees and expenses incurred by the Claims Administrator, as well as the cost of paying Valid Claims.

## III.    PRELIMINARY APPROVAL

3.1    As soon as practicable after the execution of this Settlement Agreement, Settlement Class Counsel shall move for a Preliminary Approval Order, substantially in the form of Exhibit C, preliminarily approving this Settlement Agreement and this settlement as fair, reasonable, and

- 15 -

adequate; certifying the Settlement Class for purposes of settlement only; approving Notice to the Settlement Class Members as described in Part IV below and Exhibit A hereto; preliminarily enjoining Settlement Class Members from commencing or prosecuting any action asserting any of the Plaintiffs' Released Claims; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

3.2    Defense counsel may, but is not required to, file a brief in further support of preliminary approval.

## IV.    NOTICE, OPT OUTS, AND OBJECTIONS

4.1    <u>Notice</u>.  No more than fourteen (14) calendar days after the Preliminary Approval Order is issued, the Claims Administrator shall establish the Settlement Website, which shall contain: (a) the Long Form Notice; (b) answers to frequently asked questions; (c) a Contact Information page that includes the address for the Claims Administrator and addresses and telephone numbers for Settlement Class Counsel; (d) this Settlement Agreement; (e) the signed order of Preliminary Approval; (f) a downloadable and online version of the Claim Form; and (g) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class.  The Claims Administrator shall add to the Settlement Website all other material settlement-related filings, including Plaintiffs' application for attorneys' fees and expenses and Class Representative Payments, the memorandum in support of the motion for final approval, and any orders with respect to such application and motions.

4.2    The Settlement Website shall remain accessible until 180 days after all Settlement Benefits are distributed.

4.3    Notice shall be provided according to the Notice Plan attached hereto as Exhibit A, and substantially in the forms attached hereto as Exhibits B1, B2, and B3, except as may be modified by the Court.

4.4     The Claims Administrator, on behalf of and solely under the supervision of Kimberly-Clark, shall provide notice as required by the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA").  Kimberly-Clark shall pay all costs of CAFA notice.

4.5     Settlement Class Counsel and Kimberly-Clark shall supervise the Claims Administrator in the performance of the notice functions set forth in this Part IV, with the exception of providing CAFA notice, which Kimberly-Clark shall solely supervise.

4.6     At least seven (7) days before the Final Approval hearing, the Claims Administrator shall certify to the Court that it has complied with the notice requirements set forth herein, and that the notice provided sufficient reach and frequency to alert Settlement Class Members to the pendency of the Actions, this Settlement Agreement, and their rights thereunder.

4.7     <u>Opt-Out Requests</u>.  If any Settlement Class Member wishes to opt-out (in other words, be excluded from) the Settlement, the Class Member may do so by completing the online exclusion form at the Settlement Website or downloading and submitting the exclusion form to the Claims Administrator via first-class mail at [address].  Opt-out requests must be received by the Opt-Out Deadline or they shall not be valid.  Settlement Class Members who elect to opt-out from the Settlement shall not be permitted to object to or intervene in this Settlement, or to submit a claim for a Settlement Benefit.  Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their opt-out requests.  So-called "mass" or "class" opt-outs shall not be allowed.  For the avoidance of doubt, any Settlement Class Member who does not timely opt-out of this settlement will be deemed a member of and will be included within the Settlement Class, and subject to the releases contained in Section VII, without any action on his or her part.

4.8     Plaintiffs affirmatively support this settlement and agree not to opt-out of this settlement.  Any such request shall be void and of no force or effect.

4.9     None of the Plaintiffs, Settlement Class Counsel, Defendant, or Defense Counsel shall in any way encourage any Settlement Class Member to opt-out or discourage any Settlement Class Member from participating in the settlement.  This section shall not restrict Settlement Class Counsel from advising Settlement Class Members consistent with counsel's duty to the Settlement Class Members.

4.10     The Claims Administrator shall deliver to the Settling Parties a copy of any requests for exclusion in a timely manner.  Settlement Class Counsel shall file a list of all requests for exclusion with the Court no later than seven (7) calendar days prior to the Final Approval hearing.

4.11     Kimberly-Clark shall have the unilateral right to terminate the Settlement Agreement in the event that more than 3,500 individuals exclude themselves from the Settlement Class, by providing notice of termination within three (3) calendar days of delivery by the Claims Administrator of the list of individuals who made timely requests for exclusion.

4.12     If a Settlement Class Member submits both a Claim Form and an opt-out request, the Claim Form shall take precedence and be considered valid and binding, and the opt-out request shall be deemed to have been sent by mistake and rejected.

4.13     Objections.  Any Settlement Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the settlement.  Any such objection must be mailed to the Claims Administrator or Settlement Class Counsel no later than the Objection Deadline.  To be effective, any such objection must be in writing and include the contents described below:

(a)     The case names and numbers, *Kurtz v. Kimberly-Clark Corp., et al.*, 1:14-cv-01142-PKC-RML (E.D.N.Y.) and/or *Honigman v. Kimberly-Clark Corp.*, 2:15-cv-02910-PKC-RML (E.D.N.Y.);

(b)     The name, address, telephone number, and, if available, the email address of the person objecting, and if represented by counsel, of his/her counsel;

(c)     A statement of all grounds for the objection, accompanied by any legal support for such objection;

(d)     A statement as to whether he/she intends to appear at the Final Approval hearing, either with or without counsel;

(e)     A statement of his/her membership in the Settlement Class, including all information required by the Claim Form;

(f)     A detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement; and

(g)     The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

4.14     Any Settlement Class Member who fails to timely submit a written objection containing all the information listed in the items 4.13(a) through (g) herein shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.  If any objection is received by the Claims Administrator, the Claims Administrator shall immediately forward the objection and all supporting documentation to counsel for the Settling Parties.

- 19 -

4.15    A Settlement Class Member who objects to the Settlement may also submit a Claim Form on or before the Claim Filing Deadline, which shall be processed in the same way as all other Claim Forms.  A Settlement Class Member shall not be entitled to an extension to the Claim Filing Deadline merely because the Settlement Class Member has also submitted an objection.

## V.      CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

5.1    Solely for the purpose of effectuating the settlement set forth in this Settlement Agreement and subject to Court approval, the Settling Parties consent and stipulate that: (1) a Settlement Class shall be certified in accordance with the definition of the Settlement Class set forth in this Settlement Agreement; (2) Plaintiffs shall represent the Settlement Class for settlement purposes; and (3) Settlement Class Counsel shall be appointed as the attorneys for the Settlement Class.

5.2    If this Settlement Agreement fails to receive Final Approval or to be executed, or is terminated pursuant to Section 8.1 of this Settlement Agreement, then Defendant retains all rights it had immediately preceding the execution of this Settlement Agreement to object to the propriety of class certification in all other contexts and for all other purposes, and the Actions will continue as if the Settlement Class had never been certified.

5.3    The fact that Defendant conditionally consented herein to certification of the Settlement Class for purposes of settlement shall not be used against Defendant by any Settling Party or non-party for any purpose in these Actions or any other action, lawsuit, or proceeding of any kind whatsoever.

## VI.     ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE PAYMENT

6.1    Settlement Class Counsel may apply to the Court for an award from Kimberly-Clark of their attorneys' fees and expenses in a total amount not to exceed $4,100,000.  The attorneys' fees and expenses awarded by the Court shall be the total obligation of Kimberly-Clark to pay attorneys'

fees and expenses of any kind to Settlement Class Counsel in connection with the Actions and this Settlement Agreement.

6.2     Plaintiffs may additionally apply to the Court for Class Representative Payments of $10,000 for Dr. Kurtz and $5,000 for Ms. Honigman as compensation for their time and effort undertaken in the Actions.  Any Class Representative Payments awarded by the Court shall be the total obligation of Kimberly-Clark to pay money to Plaintiffs in connection with the Actions and this Settlement Agreement, other than amounts due to the Plaintiffs for any Valid Claims submitted pursuant to Part II of this Settlement Agreement.

6.3     Settlement Class Counsel and Plaintiffs agree that the denial, downward modification, or failure to grant the request for attorneys' fees or expenses or the request for Class Representative Payments shall not constitute grounds for modification or termination of the Settlement Agreement.

6.4     Within thirty (30) calendar days of entry of the order awarding attorneys' fees and expenses and Class Representative Payments, Kimberly-Clark shall pay the amount of the awarded attorneys' fees and expenses and Class Representative Payments to Settlement Class Counsel, not to exceed the limits set forth in Sections 6.1 and 6.2.

## VII.     RELEASES

### 7.1     Release by Plaintiffs and the Settlement Class Members

(a)     Upon the Effective Date, each Settlement Class Member, as well as each Plaintiff, releases and discharges Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, owners, predecessors, and successors, and all of their respective former, present, and future officers, agents, administrators, directors, employees, shareholders, partners, independent contractors, representatives, insurers, servants, attorneys, assignees, heirs, and executors, and Defense Counsel, of and from all Plaintiffs' Released

Claims, including Unknown Claims, provided, however, that Plaintiffs' Released Claims shall not include any claims to enforce the terms of this Settlement Agreement.

(b)     Nothing in this Section 7.1 shall operate to bar or release any claim for personal injury arising out of the use of the Product, nor shall anything in this Section 7.1 operate to bar any defense, cross-claim, or counter-claim in any action initiated by any of the Released Parties against any Settlement Class Member.

(c)     Upon entry of the Preliminary Approval Order, pending determination of whether the settlement shall receive Final Approval, Plaintiffs and all Settlement Class Members are barred and enjoined from commencing, prosecuting, instigating, assisting, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiffs' Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

7.2     Release by Kimberly-Clark.  Upon the Effective Date, Kimberly-Clark and its subsidiaries and affiliates, and all of their respective officers and employees, release and forever discharge Plaintiffs, the Settlement Class Members, and Settlement Class Counsel from all Defendant's Released Claims, including claims arising from or relating to the institution, prosecution, or settlement of the claims against Kimberly-Clark and any defenses or compulsory counterclaims Kimberly-Clark has or may have to the claims in the Complaints or Plaintiffs' and the Settlement Class's settlement of the claims, except that Defendant's Released Claims shall not include any claims to enforce the terms of this Settlement Agreement.

7.3     No Admission of Liability.  This Settlement Agreement reflects, among other things, the compromise and settlement of disputed claims among the Settling Parties hereto, and neither this Settlement Agreement nor the releases given herein, nor any consideration therefor, nor any actions

- 22 -

taken to carry out this Settlement Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Settling Parties.  Kimberly-Clark expressly denies the allegations of the Complaints. Neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement Agreement.  Similarly, neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any weakness or infirmity of any claim asserted in the Complaints by Plaintiffs in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement Agreement.

## VIII.   WITHDRAWAL OR TERMINATION

8.1     The Settling Parties shall each have the right to terminate this Settlement Agreement, except with respect to subparagraphs (c) and (h) below for which only Defendant, in the exercise of its sole discretion, shall have the right to terminate this Settlement, by providing written notice of their election to do so to the other within thirty (30) days of:

(a)     the Court declining to enter the Preliminary Approval Order in substantially the form attached hereto as Exhibit C or failing to maintain preliminary approval of the Settlement Agreement in a form materially similar to the one set forth in this Settlement Agreement;

(b)     the Court refusing to approve this Settlement Agreement or any material part of it;

(c)     the Court requiring a notice program in addition to or in any form materially different from the Notice Plan and Long Form Notice, the Summary Notice, and Online Notice, which are attached hereto as Exhibits A, B1, B2 and B3;

(d)     the Court materially modifying the Settlement Agreement in any manner, including, without limitation, one that increases the financial costs to Defendant, to be determined in Defendant's sole discretion;

(e)     the Court declining to enter Final Approval in substantially the form attached hereto as Exhibit D or failing to maintain final approval of the Settlement Agreement in a form materially similar to the one set forth in this Settlement Agreement;

(f)     in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and neither of the Settling Parties elect to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by any court;

(g)     this Settlement Agreement not being upheld on appeal in any material respect; and/or

(h)     more than 3,500 members of the Settlement Class exclude themselves from the Settlement.

8.2     This Settlement Agreement was entered into only for purposes of settlement.  In the event that Preliminary Approval or Final Approval of this settlement and this Settlement Agreement does not occur for any reason, or if Final Approval is reversed on appeal, then no term or condition of this Settlement Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Settling Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Actions, or in any other proceeding;

- 24 -

and the Actions shall continue as if the settlement had not occurred. Alternatively, in the event that the Court declines to enter the Preliminary Approval order or declines to grant Final Approval (or enters any order that substantially increases the cost or burden of the settlement to Kimberly-Clark beyond what is set forth in this Settlement Agreement), the Settling Parties may, but are not required to, modify this Settlement Agreement. Such a modification shall be binding only if it is in writing and executed by Settlement Class Counsel and Defense Counsel.

8.3     In the event that this Settlement Agreement (including the settlement provided for herein) is not finally approved, or is terminated or cancelled, or fails to become effective for any reason whatsoever, the Actions shall revert to their status as they existed prior to the date of this Settlement Agreement, and the Claims Administrator shall return to Kimberly-Clark any amounts Kimberly-Clark had already deposited that are not required to pay for notice and administration then-completed or incurred but not yet paid.

## IX.     ADDITIONAL PROVISIONS

9.1     <u>Finality</u>.   The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Actions. The Final Judgment will contain a finding that, during the course of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9.2     <u>Best Efforts</u>.   Subject to the limitations expressed herein, Settlement Class Counsel and Defense Counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Settlement Agreement and settlement as promptly as practicable, to take all steps contemplated by this Settlement Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Settlement Agreement.

9.3     <u>Time for Compliance</u>.   If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next

business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement. The Settling Parties reserve the right, by agreement and subject to the Court's approval if the deadline is contained in a Court order, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement, without notice to Class Members except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

9.4     Governing Law. This Settlement Agreement is intended to and shall be governed by the laws of the State of New York, without regard to conflicts of law principles.

9.5     Entire Agreement. The terms and conditions set forth in this Settlement Agreement constitute the complete and exclusive statement of the agreement between the Settling Parties hereto relating to the subject matter of this Settlement Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Settling Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms as between the Settling Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Settlement Agreement. Any amendment or modification of the Settlement Agreement must be in writing signed by each of the Settling Parties and their counsel. Amendments and modifications may be made without notice to the Class Members unless notice is required by law or by the Court.

9.6     Advice of Counsel. The determination of the terms of, and the drafting of, this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Settling Parties hereto and their counsel. Any presumption that uncertainties in a

contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Settling Parties.

9.7     Binding Agreement.  This Settlement Agreement shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Settling Parties hereto.

9.8     No Waiver.  The waiver by any Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

9.9     Execution in Counterparts.  This Settlement Agreement shall become effective upon its execution by all of the undersigned.  The Settling Parties may execute this Settlement Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Settling Parties had signed the same instrument.

9.10    Captions.  Captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Settlement Agreement.

9.11    Enforcement of this Agreement.  The Court shall retain jurisdiction to enforce, interpret, and implement this Settlement Agreement.

9.12    Representation by Class Counsel.  Class Counsel represent that, except as to the claims subject of this Settlement Agreement, they have not been retained to file a lawsuit nor agreed to serve as co-counsel in a lawsuit against Defendant arising out of the subject of the Actions.

9.13    Notices.  All notices to the Settling Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Settlement Class Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
VINCENT M. SERRA
FRANCIS P. KARAM
58 S. Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
email:  vserra@rgrdlaw.com
        fkaram@rgrdlaw.com

If to Defense Counsel:

SIDLEY AUSTIN LLP
EAMON P. JOYCE
787 Seventh Avenue
New York, NY  10019
Telephone: 212/839-8555
email:  ejoyce@sidley.com

9.14    <u>Protective Orders.</u>  All orders and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Settling Parties and counsel remain bound to comply with the Protective Orders, including the provision to certify the destruction of "Confidential" documents.

9.15    <u>No Rescission on Grounds of Mistake</u>.  The Settling Parties acknowledge that they have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.  Therefore, the Settling Parties agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake.  Moreover, the Settling Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in this Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

- 28 -

9.16    Integration of Exhibits.  The exhibits to this Settlement Agreement are an integral and material part of the settlement and are hereby incorporated and made a part of this Settlement Agreement.  Any presumption that uncertainties are interpreted against the drafter is hereby waived by all Settling Parties.

9.17    No Third-Party Beneficiaries.  Nothing in this Settlement Agreement is intended to (nor does it) release, dismiss, or discharge Costco, its insurers, or any of its employees, shareholders, owners, members, partners, related entities, or affiliates.  Neither Costco nor any of its insurers, nor any of their related entities, employees, agents, shareholders, owners, members, partners, or affiliates are intended or incidental beneficiaries to any part of this Settlement Agreement.

9.18    Publicity.  To the extent Plaintiffs, Settlement Class Counsel, Kimberly-Clark, or Defense Counsel make any public statements regarding the settlement of this litigation, any such statements shall be both consistent with the Court-approved documents that comprise this Settlement Agreement and consistent with the current flushability-related characteristics of the flushable wipe products now manufactured and sold by Kimberly-Clark in the United States, or otherwise agreed on by the Settling Parties in writing in advance.  Plaintiffs and Settlement Class Counsel, on the one hand, and Defendant and Defense Counsel, on the other hand, shall make no statements, including statements to the press or any other public statements, that disparage each other or any Released Party regarding this Settlement Agreement or the Actions or the subject matter thereof, or accuse each other or any Released Party of any wrongdoing regarding this Settlement Agreement or the Actions or the subject matter thereof.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED: 3/31/22

ROBBINS GELLER RUDMAN & DOWD LLP

_____
VINCENT M. SERRA

DATED: _____

SIDLEY AUSTIN LLP

_____
EAMON P. JOYCE

**APPROVED AND AGREED:**

DATED: _____

_____
DR. D. JOSEPH KURTZ

DATED: 3/30/2022

_____
GLADYS HONIGMAN

DATED: _____

KIMBERLY-CLARK CORP.

By:_____

Name:_____

Title:_____

- 30 -

**APPROVED AS TO FORM**:

DATED: _____          ROBBINS GELLER RUDMAN & DOWD LLP

_____

VINCENT M. SERRA

DATED: _____          SIDLEY AUSTIN LLP

_____

EAMON P. JOYCE

**APPROVED AND AGREED**:

DATED: _3/30/22_____          _____

DR. D. JOSEPH KURTZ

DATED: _____          _____

GLADYS HONIGMAN

DATED: _____          KIMBERLY-CLARK CORP.

By:_____

Name:_____

Title:_____

- 30 -

**APPROVED AS TO FORM:**

ROBBINS GELLERJRUDMAN & DOWD LLP

DATED: _____

_____
VINCENT M. SERRA


DATED: April 4, 2022
_____

SIDLEY AUSTIN LLP

_____
EAMON P. JOYCE


**APPROVED AND AGREED:**

DATED: _____

_____
DR. D. JOSEPH KURTZ

DATED: 3/30/2022
_____

_____
GLADYS HONIGMAN

DATED: 4/4/2022
_____

KIMBERLY-CLARK CORP.

By: _____

Name: Russell Torres

Title: Group President, KCNA

EXHIBIT A – NOTICE PLAN

# EXHIBIT A

EXHIBIT A – NOTICE PLAN

## SETTLEMENT WEBSITE

No more than fourteen (14) calendar days after the Preliminary Approval Order is issued, the Claims Administrator shall establish the Settlement Website, which shall contain (a) the Long Form Notice; (b) the Summary Notice; (c) answers to frequently asked questions; (d) contact information for the Claims Administrator and Settlement Class Counsel; (e) this Settlement Agreement; (f) the signed order of Preliminary Approval; (g) a downloadable and online version of the Claim Form; and (h) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class.  The Claims Administrator shall add to the Settlement Website all other settlement-related materials filed by the Settling Parties or the Court, including Plaintiffs' application for an award of attorneys' fees and expenses and awards to Plaintiffs, the memorandum in support of the motion for final approval, and any orders with respect to such applications and motions.

## PUBLICATION NOTICE PROGRAM

As soon as reasonably practicable, but beginning no less than 45 days prior to the Fairness Hearing, and continuing for a period of forty-five (45) days thereafter, the Claims Administrator shall cause the Notice Plan, described below, to be published.  The Notice Plan described herein is designed to reach an estimated 72% percent of Settlement Class Members, on average three times.  Such reach and frequency shall be measured using reasonably relied upon media research data, and validation, reach, and frequency tools such as Simmons-GfK Mediamark Research and Intelligence, LLC and comScore.

All notices shall point to (and in the case of online notices shall hyperlink to) the Settlement Website.

EXHIBIT A – NOTICE PLAN

## ONLINE NOTICE

The Claims Administrator shall cause the Online Notice, in the form attached hereto as Exhibit B3, to be published on internet sites through multi-channel and inventory sources including a collection of premium quality web properties, for a total of at least 115 million combined display, social and search impressions (including desktop, laptop, mobile, and tablet impressions).

The online notice program shall include the following:

- Tracking which webpages are generating the highest click-through rate and conversion rate, and to the extent practicable, redirecting future impressions to those higher-performing locations instead of lower-performing locations.

- Implementation of multiple targeting layers to help ensure delivery to the most appropriate users, inclusive of search targeting, transactional data targeting, category contextual targeting, demographic targeting, and interest targeting.

- Online ads will be served to this target group across a list of pre-vetted websites, multiple exchanges, and social media platforms, including Facebook, Instagram, Pinterest, and YouTube. Facebook and Instagram notice will, for example, target people who have liked or followed Kimberly-Clark brand-related pages.

- Display ads will target Cottonelle, Kotex, Pull-Ups, Scott, and Poise brand purchasers as well as adults 18 to 54 years of age who live in urban and suburban areas. Keyword search targeting will show advertisements to users in their Google search results. Example keywords include Kimberly-Clark settlement, wipes class action, Cottonelle, Scott, Kotex, Huggies Pull-Ups, Poise, and flushable wipes, among others.

- Social media ads will be retargeted to users who visit the Settlement Website.

## TOLL-FREE INFORMATION LINE

A toll-free telephone helpline will be established and maintained by the Claims Administrator. It will be available 24 hours a day for callers to obtain information about the Settlement.

Those who call the toll-free information line or who write to the Claims Administrator may request a printed copy of the Long Form Notice and Claim Form, which the Claims Administrator shall provide by first-class mail or email.

EXHIBIT A – NOTICE PLAN

## CAFA NOTICES

Within ten (10) days after the Settlement Agreement is filed in court, the Claims Administrator shall provide the notices to the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. §1715, *et seq*. ("CAFA").

## CERTIFICATION OF COMPLIANCE

At least seven (7) days prior to the hearing on Final Approval, the Claims Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

EXHIBIT B1 - LONG FORM NOTICE

# EXHIBIT B1

EXHIBIT B1 - LONG FORM NOTICE

## United States District Court for the Eastern District of New York

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS

**Attention Purchasers of Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex-branded Flushable Wipes Between February 21, 2008 and [Date of Preliminary Approval Order]: You may be entitled to payment from a proposed class action settlement.**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in the class action cases of *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-01142-PKC-RML, and *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-02910-PKC-RML, both pending in federal court in the Eastern District of New York.

- You may be included in the Settlement Class if you are an individual over the age of 18 who purchased in the United States any Kimberly-Clark flushable wipes product sold under the Cottonelle, Scott, Huggies Pull-Ups, Poise, or Kotex brands (the "Products"), not for the purpose of resale, between February 21, 2008 and [date of Preliminary Approval Order].

- This Settlement will resolve claims of all Settlement Class Members against Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant") involving the Products. The lawsuits contend that the Products were inappropriately labeled and marketed as "flushable" and safe for sewer and septic systems. Kimberly-Clark denies these allegations and maintains that the wipes perform as advertised.

- In connection with this Settlement, you may be entitled to: (i) seventy cents ($0.70) per package of Product purchased, up to $7.00 per Household, without proof of purchase; or (ii) one dollar and ten cents ($1.10) per package of Product purchased, up to $50.60 per Household, with proof of purchase. Recovery is limited to one Claim per Household, regardless of how many persons reside at an address, and each claimant may file only a single claim electing benefits with Proof of Purchase or without Proof of Purchase, but not both.

- The lawyers who brought the lawsuit will ask the Court for up to $4,100,000 to be paid to them by Kimberly-Clark as attorneys' fees and expenses for investigating the facts, litigating the cases, and negotiating the Settlement. They will additionally ask for $10,000 and $5,000 for the two named plaintiffs, Dr. D. Joseph Kurtz and Gladys Honigman ("Plaintiffs"), respectively, who initially brought these lawsuits, to compensate them for taking on this litigation on behalf of the Settlement Class.

- The Settlement has been preliminarily approved by the Court. This notice summarizes the Settlement. For the precise terms and conditions of the Settlement, please: (i) see the Settlement Agreement, which is available at www.flushablewipessettlement.com; (ii) contact the Claims Administrator by calling 1 (___) ___-____ or writing to _____; or (iii) contact

EXHIBIT B1 - LONG FORM NOTICE

Class Counsel at Robbins Geller Rudman & Dowd LLP, Vincent M. Serra, 58 South Service Road, Suite 200, Melville, New York 11747.

- **PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

- *Your legal rights are affected whether you act, or do not act. Read this notice carefully.*

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Submit a claim for payment online or by mail. Be bound by the Settlement and give up your right to sue or continue to sue Defendant for the claims released by the Settlement. This is the only way to receive a payment from the Settlement. | Must be received or submitted online by [60 days after Notice Program starts] |
| **EXCLUDE YOURSELF (or "OPT OUT")** | Remove yourself from the Class and receive no payment by submitting a request for exclusion. This is the only option that allows you to bring or join another lawsuit against Kimberly-Clark related to the Products. You may not submit a Claim Form if you exclude yourself, and will receive no payment from this Settlement if you exclude yourself. | Must be received by [21 days before Final Approval hearing] |
| **OBJECT OR COMMENT** | Write to the Court about what you do or do not like about the Settlement, the amount of attorneys' fees and expenses, or the awards to Plaintiffs. You may still submit a Claim Form even if you object or comment. You will still be bound by the Settlement even if you object or comment. You cannot both request exclusion and also object. | Must be received by [21 days before Final Approval hearing] |
| **GO TO THE FINAL APPROVAL HEARING** | Ask to speak in Court about the fairness of the Settlement, the amount of attorneys' fees, or the awards to the Plaintiffs. You may still submit a Claim Form even if you go to the hearing. If you want your own attorney to represent you, you must pay for that attorney. | Hearing is [Date of Final Approval hearing] If you want to speak, you must submit a request to speak by [21 days before Final Approval hearing] |

- 2 -

EXHIBIT B1 - LONG FORM NOTICE

| DO NOTHING | You will receive no payment. | |
|---|---|---|
| | You will release your claims, and have no right to sue later for the claims released by the Settlement. | |

- These rights and options—and the deadlines to exercise them—are explained in this notice. The deadlines may be moved, canceled, or otherwise modified, so please check the Settlement Website at www.flushablewipessettlement.com regularly for updates and further details.

- The Court in charge of these cases still has to decide whether to finally approve the Settlement. Settlement payments will be made only if the Court approves the Settlement and after any appeals are resolved in favor of upholding the Settlement. This can take time. Please be patient.

**Final Approval Hearing**

On _____, at _____, the Court will hold a hearing to determine: (1) whether the Settlement is fair, reasonable, and adequate and should receive final approval; (2) whether the application for an award of attorneys' fees and expenses brought by Class Counsel should be granted; and (3) whether the application for awards to Plaintiffs who brought the lawsuit should be granted. The hearing will be held in Courtroom 4F North at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, before the Honorable Pamela K. Chen. This hearing date may change without further notice to you. Consult the Settlement website at www.flushablewipessettlement.com, or the Court dockets for these cases at ecf.nyed.uscourts.gov (perform a case number query using case number Case No. 1:14-cv-01142 or 2:15-cv-02910), for updated information on the hearing date and time.

**Important Dates**

_____ Objection Deadline
_____ Exclusion Deadline
_____ Final Approval hearing
_____ Claim Form Deadline

## Table of Contents

How Do I Know If I Am Affected By The Litigation And The Settlement? .............................4
What Is The Lawsuit About? ..................................................................................................5
What Do Plaintiffs Seek To Recover In The Lawsuit?...........................................................5
Why Are These Cases Being Settled? ...................................................................................5
What Is The Settlement?........................................................................................................6
What Can I Get In The Settlement? .......................................................................................6
How Do I Make A Claim?.......................................................................................................7
What Do Plaintiffs And Their Lawyers Get? .........................................................................7
What Claims Are Released By The Settlement? ....................................................................7
Can I Exclude Myself From The Settlement?.........................................................................8
Can I Object To or Comment on The Settlement? .................................................................8

When Will The Court Decide If The Settlement Is Approved?...................................................9
Special Notice For Members Of The Class ...............................................................................10
How Do I Get More Information? .............................................................................................10

## How Do I Know If I Am Affected By The Litigation And The Settlement?

These cases involve wipes labeled as "flushable" and sold under the brand names Cottonelle, Scott, Huggies Pull-ups, Poise, and Kotex.  For purposes of Settlement only, the Court has certified a settlement class (the "Settlement Class").  You are a member of the Settlement Class ("Settlement Class Member") if, between February 21, 2008 and [date of Preliminary Approval Order], you (a person, not a commercial entity) purchased one or more of the Products in the United States, not for purpose of resale.

The Settlement Class excludes: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) any of Kimberly-Clark's officers, directors, employees, or legal representatives, and (3) any individuals who timely opt-out of, or exclude themselves from, the Settlement Class.

If you are a member of the Settlement Class, you will be bound by the Settlement and judgment in these cases, unless you request to be excluded, regardless of whether you submit a claim for monetary payment.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this litigation will continue on behalf of purchasers in New York.  Specifically, a class of people who purchased the Products in New York between February 21, 2008 and March 1, 2017 has already been certified by the Court in the *Kurtz* Action (defined below).  To be clear, this class is somewhat different than the Settlement Class discussed above.  The New York certified class is defined as "All persons and entities who purchased Kimberly-Clark Flushable Products [*i.e.*, flushable wipes sold under the Cottonelle, Scott, Huggies Pull-ups, U by Kotex, and Poise brands] in the State of New York between February 21, 2008 and March 1, 2017."  In this notice, this group will be referred to as the "Certified Class."  Members of the Certified Class have the same rights as all Settlement Class Members, as explained in this notice, except that they will remain part of the *Kurtz* Action even if this Settlement is not approved, as specified in the section "Special Notice for Members of the Certified Class."

EXHIBIT B1 - LONG FORM NOTICE

**What Is The Lawsuit About?**

Plaintiffs assert that labeling on the Products that stated that the Products were "flushable," "break up after flushing," and were safe for sewer and septic systems, is false or misleading, and that the Products damaged or clogged plumbing pipes, septic systems, and sewage lines and pumps. Plaintiffs allege that Kimberly-Clark is liable for violation of New York General Business Law §349. Plaintiffs seek to pursue their claims on behalf of themselves and others who purchased the Products in New York.

Kimberly-Clark denies that there is any factual or legal basis for Plaintiffs' allegations. Kimberly-Clark contends that the labeling of the Products was truthful and not misleading, and that the Products did not cause property damage in well-maintained plumbing systems. Kimberly-Clark therefore denies any liability. Kimberly-Clark also denies that Plaintiffs or any other members of the Settlement Class have suffered injury or are entitled to monetary or other relief.

The Court has not determined the merits of these arguments, or whether Plaintiffs or Kimberly-Clark are correct.

**What Do Plaintiffs Seek To Recover In The Lawsuits?**

The lawsuits contend that, if Kimberly-Clark had not engaged in the labeling, marketing, and advertising that Plaintiffs challenge, the price of the Products would have been lower. Plaintiffs seek to recover, on behalf of a class of individuals who purchased the Products in New York (except for purchases made for resale), the dollar amount of the price "premium" that is attributable to the alleged misrepresentations, or statutory damages under New York General Business Law §349, and Plaintiffs originally sought to pursue claims for property damage that they allegedly incurred as a result of using Kimberly-Clark's flushable wipes.

Kimberly-Clark denies that there is any legal entitlement to a refund, damages, or any other monetary relief.

**Why Are These Cases Being Settled?**

Plaintiffs' counsel has investigated the manufacturing, marketing, labeling, and performance of the Products. Kimberly-Clark has produced thousands of pages of documents for review by Plaintiffs' counsel. Plaintiffs' counsel have taken depositions of two of Kimberly-Clark's employees. The parties also have exchanged written responses to questions posed by the other party. Plaintiffs' counsel have also obtained documents from third-parties, including wastewater treatment professionals and INDA (the trade association for manufacturers of flushable

wipes).  Plaintiffs' counsel also retained two experts to evaluate the Products and the Class's damages, and have had extensive consultations with wastewater professionals.  Plaintiff Kurtz and his expert witnesses have been deposed.  One of Plaintiffs' expert witnesses submitted six separate expert declarations in the *Kurtz* Action alone, and both expert witnesses and a wastewater professional provided testimony before the Court at evidentiary hearings.

Since the initiation of this litigation, Plaintiffs and Kimberly-Clark, through their counsel, have participated in substantial Settlement discussions, both formal and informal, including before a third-party mediator.  This Settlement was reached following those efforts.

After taking into account the risks and costs of further litigation, Plaintiffs and their counsel believe that the terms and conditions of this Settlement are fair, reasonable, adequate, and equitable, and that this Settlement is in the best interest of the Settlement Class Members.  This Settlement provides immediate monetary relief to the Settlement Class without the cost, time, and expense of litigating, which can take years.

**What Is The Settlement?**

Kimberly-Clark will provide monetary payments to Settlement Class Members and to Plaintiffs' counsel ("Class Counsel") and Plaintiffs, as described in the next sections.

**What Can I Get In The Settlement?**

If you are a Settlement Class Member and you file a valid claim without proof of purchase, you will receive up to seventy cents ($0.70) for each package of the Products that you purchased between February 21, 2008 and [date of Preliminary Approval Order], up to $7.00 per Household. If you file a valid claim with proof of purchase, you will receive up to one dollar and ten cents ($1.10) for each package of the Products that you purchased between February 21, 2008 and [date of Preliminary Approval Order], up to $50.60 per Household.  Recovery is limited to one Claim per Household, regardless of how many persons reside at an address, and each claimant may file only a single claim electing benefits with Proof of Purchase or without Proof of Purchase, but not both.

There is a $20 million cap on cash payments to Settlement Class Members, and thus individual cash payment amounts may be reduced *pro rata* (proportionately) so that the total amount of all payments to Settlement Class Members does not exceed the cap.

"Proof of Purchase" means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an

- 6 -

EXHIBIT B1 - LONG FORM NOTICE

itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.

**How Do I Make A Claim?**

To make a claim, you must fill out the claim form available at www.flushablewipessettlement.com.  You can print the claim form and mail it to the Claims Administrator at: [address], or you can submit the claim form online, unless you are providing Proof of Purchase by the actual label or bar code portion of the package, in which case you must mail it to the Claims Administrator.  Claim forms must be submitted online or received, not just postmarked, by [60 days after notice plan/claim period starts].

**What Do Plaintiffs And Their Lawyers Get?**

To date, Class Counsel have not been compensated for any of their work on these cases.  As part of the Settlement, Class Counsel may apply to the Court to award them up to $4,100,000.00 from Kimberly-Clark to pay their attorneys' fees and expenses.  The Court will determine how much to award Class Counsel.

In addition, Plaintiffs Dr. Kurtz and Ms. Honigman may apply to the Court for awards of $10,000 and $5,000, respectively.  These awards are designed to compensate Plaintiffs for their time and effort in pursuing the Actions on behalf of the Settlement Class.  The Court will determine how much to award Plaintiffs.

Neither an award of attorneys' fees and expenses to Class Counsel nor any awards to Plaintiffs will affect compensation to Settlement Class Members from the Settlement.

Plaintiffs and their lawyers will file a motion with the Court on or before [35 days before Final Approval hearing] in support of their applications for attorneys' fees and expenses and awards to Plaintiffs.  A copy of that motion will be available on the Settlement website.

The Court will determine the amount of fees and expenses, and awards to Plaintiffs.

**What Claims Are Released By The Settlement?**

This Settlement releases all "Plaintiffs' Released Claims" by Settlement Class Members (whether or not they file a valid claim) against Kimberly-Clark and its affiliates.  "Plaintiffs' Released Claims" is defined in the Settlement Agreement as any and all claims, suits, debts, liens, demands, rights, causes of action, continuing prosecutions, obligations, controversies, damages, costs, expenses, attorneys' fees, or liabilities, of any nature, whether arising under local, state, or foreign law, whether by statute, regulation, contract, common law, or equity, that arise from or

relate to the claims and allegations in the Complaints, including, but not limited to, Unknown Claims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiffs in the Actions related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates. Plaintiffs' Released Claims shall in all respects be construed as broadly as possible as to the claims asserted, consistent with all applicable law, to effect complete finality over the Actions with respect to Kimberly-Clark. Once the Settlement is approved, the Settlement Class will also be bound to the same release. Plaintiffs' Released Claims does not include the release of claims for personal injury arising out of the use of the Products. For further information regarding the releases, please see Section VIII of the Settlement Agreement, available at www.flushablewipessettlement.com.

**Can I Exclude Myself From The Settlement?**

You can exclude yourself from the Settlement Class if you wish to retain the right to sue Kimberly-Clark separately for the claims released by the Settlement. If you exclude yourself, you cannot file a claim or object to the Settlement, and will not be entitled to any monetary payments from the Settlement. You do not need to exclude yourself if you merely want to retain a right to sue for personal injury arising out of your use of the Products.

To exclude yourself, you must complete and submit the online exclusion request form at the Settlement Website, or download and submit the online exclusion request form to the Claims Administrator via first-class mail at [address]. Exclusion requests must be made online or received (not postmarked) by mail by [21 days before Final Approval hearing].

So-called "mass" or "class" opt-outs shall not be allowed.

**Can I Object To or Comment on The Settlement?**

You can ask the Court to deny approval of the Settlement by submitting an objection. If the Court denies approval to the entire Settlement, no Settlement payments will be made, and the lawsuit will continue. If that is what you want to happen, you must object.

You can also ask the Court to disapprove the requested payments to Plaintiffs and to their attorneys. Even if those payments are disapproved or adjusted, no additional money will be paid to Settlement Class Members.

You can also tell the Court what you like about the Settlement.

You can exercise any of the above options regardless of whether or not you file a claim, but not if you exclude yourself from the Settlement Class. If you exclude yourself from the

EXHIBIT B1 - LONG FORM NOTICE

Settlement Class by submitting an opt-out request, you cannot object or comment on the Settlement.

Any objection must include: (1) the case names and numbers, *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-01142-PKC-RML (E.D.N.Y) and/or *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-02910-PKC-RML (E.D.N.Y.); (2) your name, address, and telephone number and, if available, your email address, and if you are represented by counsel, the name of your counsel; (3) a statement of all grounds for the objection, accompanied by any legal support for such objection; (4) a statement as to whether you intend to appear and be heard at the Final Approval hearing, either with or without counsel; (5) a statement of your membership in the Settlement Class, including all information required by the Claim Form; (6) a detailed list of any other objections submitted by you or your counsel to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If you and/or your counsel have not objected to any other class action settlement in any court in the United States in the previous five (5) years, you shall affirmatively state so in the written materials provided in connection with the objection to this Settlement; and (7) your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). Failure to include this information and documentation may be grounds for overruling and striking your objection.

All written objections, requests to appear, and supporting papers must be mailed to the Claims Administrator or counsel for Plaintiffs at the addresses shown on the Settlement Website, who will then file all objections, requests to appear, and supporting papers with the Court. Documents must be *received*, not merely postmarked, on or before [21 days before Final Approval hearing].

You may also appear at the Final Approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. To appear at the Final Approval hearing, you need to file a written objection to the Settlement and a written request to the Court for permission to appear, which must be filed with or received by the Court before [21 days before Final Approval hearing].

**When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a Final Approval hearing on [hearing date] to consider whether to finally approve the Settlement. The Final Approval hearing will be held in the United States

EXHIBIT B1 - LONG FORM NOTICE

District Court, Eastern District of New York, before the Honorable Pamela K. Chen, in Courtroom 4F North.  The hearing is open to the public.  However, only persons who have filed an objection and a request to appear at the hearing—due 21 days before the Final Approval hearing—may actually address the Court.  This hearing date may change without further notice to you.

Consult www.flushablewipessettlement.com or the Court dockets in these cases at ecf.nyed.uscourts.gov (perform a case number query using case number 1:14-cv-01142 or 2:15-cv-02910) for updated information on the Final Approval hearing date and time.

**Special Notice For Members Of The Certified Class**

As noted above, the Certified Class is different than the Settlement Class and includes "all persons and entities who purchased Kimberly-Clark Flushable Products [*i.e.*, flushable wipes sold under the Cottonelle, Scott, Huggies Pull-ups, U by Kotex, and Poise brands] in the State of New York between February 21, 2008 and March 1, 2017."  This section provides further information about the rights specific to members of the Certified Class.

All sections of this notice apply to you.  You have the right to make a claim under this Settlement, object to the Settlement, or exclude yourself, just like other members of the Settlement Class.  If the Settlement is not approved, or if the Effective Date does not occur for any other reason, as further explained in the Settlement Agreement, and you have not excluded yourself from the Settlement Class, the litigation will continue on your behalf as a member of the Certified Class in the *Kurtz* Action.  The Court has already appointed Plaintiff Dr. D. Joseph Kurtz and Class Counsel to represent the interests of the Certified Class.

If the litigation continues, and a judgment is obtained against the Certified Class in favor of Kimberly-Clark, that judgment will prevent you from bringing a separate lawsuit against Kimberly-Clark for the claims that were or could have been litigated in this case.  If the litigation continues, and a judgment is obtained against Kimberly-Clark in favor of the Certified Class, and you are entitled to any portion of that judgment, you will receive further notification about your rights.

**How Do I Get More Information?**

You can inspect many of the court documents connected with these cases at www.flushablewipessettlement.com.  Other papers filed in this lawsuit are available by accessing the Court dockets in these cases at ecf.nyed.uscourts.gov (perform a case number query using case number 1:14-cv-01142 or 2:15-cv-02910), or by visiting the office of the Clerk of the United States

EXHIBIT B1 - LONG FORM NOTICE

District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, from 8:30 a.m. to 4:45 p.m., Monday through Friday, excluding court holidays.

You can also obtain additional information by contacting the Claims Administrator through the Settlement website (www.flushablewipessettlement.com) or by calling 1 (___) ___-____ or writing to _____ or by emailing to _____.

EXHIBIT B2 – SUMMARY NOTICE

# EXHIBIT B2

EXHIBIT B2 – SUMMARY NOTICE

**Purchasers of Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex-branded Flushable Wipes Between February 21, 2008 and [Date of Preliminary Approval Order]**
**A Proposed Class Action Settlement May Affect Your Rights**

**WHO IS AFFECTED?**

A settlement has been reached in class action cases involving Kimberly-Clark flushable wipes sold under the Cottonelle, Scott, Huggies Pull-Ups, Poise, or Kotex brands (the "Products"). The lawsuits claim that the Products are not actually flushable. Kimberly-Clark denies these allegations and maintains that the Products perform as advertised. You may be included in the Settlement Class if you purchased the Products between February 21, 2008 and [date of Preliminary Approval Order].

**WHAT DOES THE SETTLEMENT PROVIDE?**

In connection with this Settlement, Kimberly-Clark will pay Settlement Class Members up to: (i) seventy cents ($0.70) per package of Products purchased, up to $7.00 per Household without proof of purchase; or (ii) one dollar and ten cents ($1.10) for each package of Products purchased with proof of purchase, up to $50.60 per Household with proof of purchase. Proof of purchase means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt originally generated by a retailer showing the date and place of purchase, name of the product purchased, and the amount paid. Recovery is limited to one Claim per Household, regardless of how many persons reside at an address, and each Claimant may file only a single Claim electing benefits with Proof of Purchase or without Proof of Purchase, but not both.

**WHAT ARE MY OPTIONS?**

You must **submit a claim** online by [date] or by mail so that it is received (not merely postmarked) no later than [date] to receive a payment. You can **opt out of the Settlement Class** and keep your right to sue Kimberly-Clark on the released claims by submitting an Opt-Out Request by [date]. The Settlement will release all claims related to Plaintiffs' contentions that Kimberly-Clark's marketing, advertising, and sale of the Products were false or misleading. There is no release of claims for personal injury arising out of the use of the Products. You can also **object to the Settlement** by filing an objection by [date], which does not affect your ability to file a claim. For details on how to opt out, object, or to file a claim, please visit www.flushablewipessettlement.com or contact the Claims Administrator. If you **do nothing** you will not receive a payment and you will be bound by the decisions of the Court.

**FINAL APPROVAL HEARING AND ATTORNEYS' FEES**

The Court will hold a Final Approval hearing on [Month Day, Year at __:__ _.m. ET] to consider whether to finally approve the Settlement. If the Settlement is approved, the attorneys for the Settlement Class will ask the Court for an award from Kimberly-Clark of up to $4,100,000 in attorneys' fees and expenses, and payments of $10,000 and $5,000 for Plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman ("Plaintiffs"), respectively. Note that the hearing date may change without further notice to you although any such change will be reflected on the Settlement website. You may attend the hearing, but you do not have to. Plaintiffs' motion for final approval of the

EXHIBIT B2 – SUMMARY NOTICE

Settlement and Settlement Class Counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs will be posted on the Settlement website after they are filed.

**MORE INFORMATION**

This is only a Summary.  For more information, please visit: www.flushablewipessettlement.com or contact the Claims Administrator by calling 1-___-___-____ or writing to _____ _____, _____.  You may also contact Plaintiffs' counsel, Robbins Geller Rudman & Dowd LLP, Vincent M. Serra, 58 South Service Road, Suite 200, Melville, New York 11747.  The case names are *Kurtz v. Kimberly-Clark Corp., et al*., 1:14-cv-01142-PKC-RML (E.D.N.Y.) and *Honigman v. Kimberly-Clark Corp.*, 2:15-cv-02910-PKC-RML (E.D.N.Y.).

EXHIBIT B3 – ONLINE NOTICE

# EXHIBIT B3

EXHIBIT B3 – ONLINE NOTICE

**Online Banner Ad**

**Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable
Wipes Purchasers Between 2008 and the Present:
You Could Be Entitled to a Payment from a Class Action
Settlement.  Learn more.**

**Mobile Banner Ad**

**Cottonelle, Scott, Huggies Pull-Ups, Poise, and
Kotex Flushable Wipes Purchasers Between
2008 and the Present: You Could Be Entitled to
Payment from a Class Action Settlement.**

**Facebook Ad**

**Text:** Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable
Wipes Purchasers Between 2008 and the Present - You Could Be Entitled
to Payment from a Class Action Settlement.

**Headline:** Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable Wipes
Settlement

**Website:** www.flushablewipessettlement.com

**Description:** Court Authorized Notice

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

# EXHIBIT C

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————— x

D. JOSEPH KURTZ, Individually and on          :    Civil Action No. 1:14-cv-01142-PKC-RML
Behalf of All Others Similarly Situated,      :
                                              :    <u>CLASS ACTION</u>
                 Plaintiff,                   :
                                              :
        vs.                                   :
                                              :
KIMBERLY-CLARK CORPORATION, et al.,           :
                                              :
                 Defendants.                  :
                                              :
————————————————————— x

GLADYS HONIGMAN, Individually and on          :    Civil Action No. 2:15-cv-2910-PKC-RML
Behalf of All Others Similarly Situated,      :
                                              :    <u>CLASS ACTION</u>
                 Plaintiff,                   :
                                              :
        vs.                                   :
                                              :
KIMBERLY-CLARK CORPORATION,                   :
                                              :
                 Defendant.                   :
                                              :
————————————————————— x

## [PROPOSED] ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, actions are pending before this Court entitled *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-01142-PKC-RML and *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-02910-PKC-RML (collectively, the "Actions");

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Kimberly-Clark Corp. ("Kimberly-Clark," and together with Plaintiffs, the "Settling Parties"), in accordance with a Settlement Agreement filed with the Court on April 5, 2022 ("Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

Settlement of the Actions and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein; and

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of these Actions, and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1.      The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.      **Preliminary Approval of Settlement.** The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.  The Settlement Agreement was reached as a result of arm's-length negotiations between the Settling Parties and their counsel.  The Settling Parties and their counsel had sufficient information to evaluate the strengths and weaknesses of the cases and to conduct informed settlement discussions.

3.      **Conditional Certification of Class.**  For purposes of the settlement only, the Court conditionally certifies the Settlement Class, which consists of all individuals over the age of 18 who purchased the Products in the United States between February 21, 2008 and the date of this Preliminary Approval Order, excluding purchases made for purposes of resale.  Individuals excluded from the settlement are: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) any of Kimberly-Clark's officers, directors, employees, or legal representatives; and (3) any Persons who timely opt out of the Settlement Class.

4.      **Claim Form and Notices.**  The Court approves, as to form and content, Notices that are substantially similar to the forms attached as Exhibits B1, B2 and B3 to the Settlement

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

Agreement, as well as a Claim Form that is substantially similar to the form attached hereto as Exhibit 1. The Claim Form and all the notices are written in plain English and are easy to comprehend. The Settling Parties shall have discretion to jointly make non-material minor revisions to the Claim Form and Notices before publishing. Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claims Administrator, subject to the oversight of the Settling Parties and this Court as described in the Settlement Agreement.

5.      **Notice Plan.** The Court finds that the Settling Parties' plan for providing notice to the Settlement Class (as set forth in the Settlement Agreement and the Notice Plan attached as Exhibit A to the Settlement Agreement) is reasonably calculated to provide notice to the Settlement Class of (a) the pendency of the Actions, (b) certification of the Settlement Class, (c) the existence and terms of the Settlement Agreement, (d) Settlement Class Members' rights to make claims, exclude themselves, or object and (e) the matters to be decided at the Final Approval hearing, and satisfies the due process requirements of the New York and United States Constitutions, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law. The Settling Parties and the Claims Administrator shall comply with the Notice Plan attached as Exhibit A to the Settlement Agreement.

6.      **Claims Administrator**. The Court designates, and approves, Kroll Settlement Administration to serve as Claims Administrator. The Claims Administrator shall provide notice in compliance with 28 U.S.C. §1715. As set forth in the Notice Plan, the Claims Administrator shall do the following:

(a)      No more than fourteen (14) calendar days after the Preliminary Approval Order is issued, the Claims Administrator shall establish the Settlement Website, which shall

- 3 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

contain: (a) the Long Form Notice; (b) answers to frequently asked questions; (c) a Contact Information page that includes the address for the Claims Administrator and addresses and telephone numbers for Settlement Class Counsel; (d) this Settlement Agreement; (e) the signed order of Preliminary Approval; (f) a downloadable and online version of the Claim Form; and (g) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class. The Claims Administrator shall add to the Settlement Website all other material settlement-related filings, including Plaintiffs' application for an award of attorneys' fees and expenses and awards to Plaintiffs, the memorandum in support of the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until 180 days after all Settlement Benefits are distributed.

(b) The Claims Administrator shall initiate the process of providing the Online Notice (in substantially the same form as Exhibit B3 to the Settlement Agreement) on websites as set forth in the Notice Plan, so that overall notice of the Settlement is reasonably calculated to apprise the Settlement Class Members of the Settlement.

(c) The Claims Administrator shall set up a toll-free number as further described in the Notice Plan.

7. **Final Approval hearing.** A Final Approval hearing shall be held before this Court at [_____] on [_____], 2022 [at least 95 days after the date of this Order] in Courtroom 4F North, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn NY 11201, to address: (a) whether Settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs should be approved.

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

8.      **Filing of Claims.**  Valid and completed Claim Forms must be sent by U.S. mail such

that they are received (not just postmarked) by sixty (60) days after the Claims Administrator causes

the Notice Plan to be published, or submitted online by the same date.  The Claims Administrator

shall provide a declaration to the Court, no later than seven (7) calendar days before the Final

Approval hearing, regarding the number and dollar amount of claims received to date.

9.      **Requests for Exclusion.**

(a)      Any member of the Settlement Class who desires to be excluded from the

Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit

a request for exclusion to the Claims Administrator, pursuant to the instructions set forth in the Long

Form Notice.  The request must be submitted online or received by the Claims Administrator (not

just postmarked) by _____, 2022 [21 calendar days before the Final Approval hearing].

(b)      No one shall be permitted to exercise any exclusion rights on behalf of any

other person, whether as an agent or representative of another or otherwise, except upon proof of a

legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may

exclude other persons within the Settlement Class as a group, class, or in the aggregate.  Any

member of the Settlement Class who elects to be excluded shall not receive any benefits of the

Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing

to object to the Settlement or intervene in the litigation.

(c)      No later than fourteen (14) calendar days prior to the Final Approval hearing,

the Claims Administrator shall prepare and deliver to the Settling Parties a list of the names of the

Persons who, pursuant to the Long Form Notice, have excluded themselves from the Settlement

Class in a valid and timely manner.  Plaintiffs' Counsel shall file that list with the Court no later than

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

seven (7) calendar days prior to the Final Approval hearing.  The Court retains jurisdiction to resolve

any disputed exclusion requests.

       10.    **Objections.**

       (a)    Any Settlement Class Member who does not submit a valid and timely request

for exclusion may submit an objection to the Settlement.  The written objection must satisfy the

requirements described in the Long Form Notice.  An objection must be received by the Claims

Administrator or Settlement Class Counsel (and not just postmarked) no later than _____,

2022 [21 calendar days prior to the Final Approval hearing], or it will be rejected.

       (b)    Any Settlement Class Member shall have the right to appear and be heard at

the Final Approval hearing, either personally or through an attorney retained at the Settlement Class

Member's own expense, provided they file a request to be heard and/or objection as described in the

Long Form Notice.  Additionally, if the Settlement Class Member wishes to object to the Settlement

at the Final Approval hearing (either personally or through counsel), the Settlement Class Member

must submit a timely written objection as set forth in the prior paragraph of this Order or

demonstrate good cause excusing the Objector from compliance.  Immediately upon receipt of any

objection, the Claims Administrator shall forward the objection and all supporting documentation to

counsel for the Settling Parties.  No later than _____, 2022 [14 calendar days prior to Final

Approval hearing], Settlement Class Counsel shall file all such objections and supporting

documentation with the Court.  Any Party may submit a response to any objection to the Court by no

later than _____, 2022 [7 calendar days prior to Final Approval hearing].

       11.    **Final Approval, Attorneys' Fees, and Class Representative Payments.**  Plaintiffs

shall file their motions for final approval of the Settlement and Class Counsel shall file its

application for any award of attorneys' fees and expenses and awards to Plaintiffs no later than

- 6 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

_____, 2022 [35 calendar days before the Final Approval hearing], and file the reply in support of that motion and application and in response to any objection and request to intervene no later than _____, 2022 [7 calendar days prior to the Final Approval hearing].  Those motions and applications and all supporting documentation shall simultaneously be posted to the Settlement Website.  Defendant shall have no obligation to make a separate filing in support of the motion for final approval, but may do so if it so desires.

12.     In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in these cases or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Settling Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

13.     Class Representatives and all Settlement Class Members are preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the Plaintiffs' Released Claims (which do not include personal injury claims), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, federal, or foreign court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by any Released Party as a result of the violation.

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

14.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.  The Final Approval hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.  However, any continuance by the Court will be noted on the Settlement Website.

IT IS SO ORDERED.


DATED: _____     _____
                                                                                    THE HONORABLE PAMELA K. CHEN
                                                                                    UNITED STATES DISTRICT JUDGE

EXHIBIT 1 – CLAIM FORM

# EXHIBIT 1

EXHIBIT 1 – CLAIM FORM

```
┌─────────────────────┐
│      MUST BE        │
│     SUBMITTED       │
│   NO LATER THAN,    │
│   MONTH X, 2022     │
└─────────────────────┘
```

For Office Use Only

Class Member ID:                    **Kimberly-Clark Class Action Settlement**
3100000000000                           **[Downloadable] Claim Form**
_____

To make a claim under the Settlement, you must complete this form, print it, and mail it to the address below. Alternatively, you can complete and submit the online claim form at www. flushablewipessettlement.com/claimform. All information will be kept private.  Your claim form must be received, not just postmarked, by _____, 2022 [60 days after notice starts].  It will not be disclosed to anyone other than the Court, the Claims Administrator, and the Settling Parties in this case, and their counsel, and will be used only for purposes of administering this Settlement.

This Settlement involves flushable wipes sold under the brand names Cottonelle, Scott, Huggies Pull-ups, Poise, and Kotex (the "Products").  If your claim is validated and the Court approves the Settlement, then after the Settlement's Effective Date you will receive a payment of up to: (i) seventy cents ($0.70) per package purchased between February 21, 2008 and [date of Preliminary Approval], up to seven dollars ($7.00) per Household, without Proof of Purchase; or (ii) one dollar and ten cents ($1.10) per package purchased if you submit Proof of Purchase, up to fifty dollars and sixty cents ($50.60) per Household.  **Proof of Purchase means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.  Recovery is limited to one claim per Household, regardless of how many persons reside at an address, and each claimant may file only a single claim electing benefits with Proof of Purchase or without Proof of Purchase, but not both.**

Because there is a $20 million cap on payments to Settlement Class Members, depending on the number of Valid Claims, individual cash payment amounts may be reduced *pro rata* (proportionately) so that the total amount of all payments to Settlement Class Members does not exceed the cap.

Please save a copy of this completed form and your Proof of Purchase for your records.  **For further information, visit www.flushablewipessettlement.com.  In order to receive a payment, you must complete all of the information below and on the following pages, as well as sign and date the form**.

```
┌──────────────────────────────────────────────────────────────────────────┐
│ Name: _____     _____     _____    │
│          First Name                 M.I.           Last Name               │
│                                                                            │
│ Street Address: _____        │
│                                                                            │
│ City: _____        │
│                                                                            │
│ State: ___ ___     Zip Code: __ __ __ __ __ - __ __ __ __ (zip4 optional)  │
│                                                                            │
│ Email Address: _____ @ _____        │
└──────────────────────────────────────────────────────────────────────────┘
```

While providing your email address is optional, it will facilitate processing your claim in the event of any deficiencies.

**I purchased:**  [Insert total number here] packages of the Product between February 21, 2008 and [DATE OF Preliminary Approval Order].  Please list the store name(s) and in which state(s) you purchased the Product:

(1) Number of packages:_____Store Name(s):_____ State(s): _____
(2) Number of packages:_____Store Name(s):_____ State(s): _____
[attach additional sheets if needed]

EXHIBIT 1 – CLAIM FORM

These purchases were not made for purpose of resale to others.  I certify under penalty of perjury under the laws of the United States that all of the foregoing is true and correct.

**SIGNATURE:** _____   **PRINTED NAME:** _____

**DATED:**   ___  ___ / ___  ___ / ___  ___  ___  ___

**Mail, WITH YOUR PROOF OF PURCHASE, IF ANY, to: Kimberly-Clark Settlement Claims Administrator, [address]**

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

# EXHIBIT D

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————— x

D. JOSEPH KURTZ, Individually and on　　:　　Civil Action No. 1:14-cv-01142-PKC-RML
Behalf of All Others Similarly Situated,　　:
　　　　　　　　　　　　　　　　　　　　:　　CLASS ACTION
　　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　vs.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
KIMBERLY-CLARK CORPORATION, et al.,　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　:
　　　　　　　　　　　　　　　　　　　　:

————————————————————— x

GLADYS HONIGMAN, Individually and on　:　　Civil Action No. 2:15-cv-02910-PKC-RML
Behalf of All Others Similarly Situated,　　:
　　　　　　　　　　　　　　　　　　　　:　　CLASS ACTION
　　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　vs.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
KIMBERLY-CLARK CORPORATION,　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendant.　　　　　　:
　　　　　　　　　　　　　　　　　　　　:

————————————————————— x

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter came before the Court for hearing on [DATE] pursuant to the Order Granting

Preliminary Approval of Class Action Settlement [ECF No. ____] ("Preliminary Approval Order"),

on the application of the Plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman ("Plaintiffs") for final

approval of the class action settlement [ECF No. ___] with Kimberly-Clark Corporation

("Defendant" or "Kimberly-Clark") set forth in the Settlement Agreement filed with the Court on

April 5, 2022 (the "Settlement Agreement").

In addition to the docket and filings on record, the facts and procedural history of this case, as

well as the terms of the settlement and the process of notifying Settlement Class Members, are more

fully explained in the Preliminary Approval Order, which is incorporated herein by reference.

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order and the Notice Plan set forth in and attached to the Settlement Agreement; and having considered all matters submitted to the Court at the hearings and otherwise, including the complete record of these Actions; and good cause appearing therefore, the Court hereby grants the Motion for Final Approval, and finds and concludes as follows:

1.      The capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as defined in the Settlement Agreement and the Preliminary Approval Order, except as may otherwise be ordered.

2.      The Court has jurisdiction over these cases and over all claims raised therein and all parties thereto.

3.      The Court reaffirms its findings in the Preliminary Approval Order that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

4.      The Settling Parties and the Claims Administrator complied in all material respects with the Notice Plan set forth in the Settlement Agreement.  The Court finds that the Notice Plan set

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

forth in and attached to the Settlement Agreement, and effectuated pursuant to the Preliminary

Approval Order, constituted the best notice practicable under the circumstances and constituted due

and sufficient notice to the Settlement Class of: (a) the pendency of the litigation; (b) certification of

the Settlement Class; (c) the existence and terms of the Settlement Agreement; (d) Settlement Class

Members' rights to make claims, exclude themselves, or object; and (e) the matters to be decided at

the Final Approval hearing.  Further, the Notice Plan satisfied the due process requirements of the

United States and New York Constitutions, Rule 23 of the Federal Rules of Civil Procedure, and any

other applicable law.

5.      A full opportunity has been given to the members of the Settlement Class to exclude

themselves from the Settlement, object to the terms of the Settlement or to Settlement Class

Counsel's request for attorneys' fees and expenses and for payments to the Class Representatives,

and otherwise participate in the Final Approval hearing held on [_____], 2022.  The Court has

considered all submissions and arguments made at the Final Approval hearing provided by

Settlement Class Members objecting to the Settlement, as well as the Settling Parties' responses to

those objections, and has determined, for all the reasons set forth in those responses, that none of the

objections have any merit or warrant disapproval of the Settlement Agreement.  All such objections

to the Settlement are overruled.

6.      The Court finds that the Settlement is in all respects fair, reasonable, and adequate.

The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for

Final Approval including, but not limited to, the fact that the Settlement Agreement was the product

of informed, arm's-length negotiations between competent, able counsel; the record was sufficiently

developed and complete through meaningful discovery and motion proceedings to have enabled

counsel for the Settling Parties to adequately evaluate and consider the strengths and weaknesses of

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

their respective positions; the cases involved disputed claims, and these disputes underscore the uncertainty and risks of the outcome in this matter; the Settlement provides meaningful monetary benefits for the disputed claims; and the Settling Parties were represented by highly-qualified counsel who, throughout this case, vigorously and adequately represented their respective clients' interests.

7.      The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole.  All requirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met and satisfied.

8.      The Settling Parties and the Claims Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

9.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: All individuals over the age of 18 who purchased the Products between February 21, 2008 and [the date of Preliminary Approval Order], excluding purchases for purposes of resale.  Excluded from the Settlement Class are: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) Kimberly-Clark's officers, directors, employees, and legal representatives; and (3) any Persons who timely opted out of the Settlement Class.

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

10. For the purpose of this Settlement, the Court hereby finally certifies Plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman as Class Representatives, and Robbins Geller Rudman & Dowd LLP as Settlement Class Counsel.

11. By operation of this Final Approval Order and Judgment, each Settlement Class Member (whether or not the Settlement Class Member submitted a Valid Claim and/or received a monetary payment pursuant to the Settlement), as well as each Plaintiff, hereby releases and discharges Kimberly-Clark and its present, former, and future, direct and indirect, parents, subsidiaries, affiliates, assigns, divisions, owners, predecessors, and successors, and all of their respective former, present, and future officers, agents, administrators, directors, employees, shareholders, partners, independent contractors, representatives, insurers, servants, attorneys, assignees, heirs, and executors, and Kimberly-Clark's Counsel, whether specifically named in the Settlement Agreement and whether or not participating in the settlement by payment or otherwise, from any and all claims, suits, debts, liens, demands, rights, causes of action, continuing prosecutions, obligations, controversies, damages, costs, expenses, attorneys' fees, or liabilities, of any nature, whether arising under local, state, or foreign law, whether by statute, regulation, contract, common law, or equity, that arise from or relate to the claims and allegations in the Complaints, including, but not limited to, Unknown Claims (as defined in the Settlement Agreement), and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiffs in the Actions related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates. Plaintiffs' Released Claims shall in all respects be construed as broadly as possible as to the claims asserted, consistent with all applicable law, to effect complete finality over the Actions as to Kimberly-Clark.

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

12.     By operation of this Final Approval Order and Judgment, Kimberly-Clark and its subsidiaries and affiliates, and all of their respective officers and employees, release and forever discharge Plaintiffs, the Settlement Class Members, and Settlement Class Counsel from any and all claims Defendant may have against Plaintiffs, each and all of the Settlement Class Members, and/or Settlement Class Counsel, including claims for damages or injunctive relief arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions, including, but not limited to, Unknown Claims.

13.     Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

14.     No action taken by the Settling Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Settling Party of any fault, liability, or wrongdoing of any kind whatsoever to any other Settling Party.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Settlement Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement, in any proceeding in any court, administrative agency, or other tribunal.  Kimberly-Clark's agreement not to oppose the entry of this Final Approval Order and Judgment shall not be construed as an admission or concession by Kimberly-Clark that class

- 6 -

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

certification was appropriate in the cases or would be appropriate in any other action. Similarly, neither the Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any weakness or infirmity of any claim asserted in the Actions by Plaintiffs.

15.     For the reasons stated in the separate Order on Class Counsel's application for an award of attorneys' fees and expenses and Class Representative Payments, the following amounts shall be paid by Kimberly-Clark:

(a)     Fees and expenses to Class Counsel: $_____; and

(b)     Awards to Plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman: $_____ and $_____, respectively.

Such amounts shall be paid according to the terms of the Settlement Agreement.

16.     All Valid Claims shall be paid according to the terms of, and by the deadlines set forth, in the Settlement Agreement.

17.     This Order shall constitute a final judgment binding the Settling Parties with respect to this case.

18.     Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement. In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Settling Parties shall be returned to their pre-settlement respective litigation positions.

- 7 -

EXHIBIT D - [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

19.     During the course of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.


DATED: _____     _____
                                          THE HONORABLE PAMELA K. CHEN
                                          UNITED STATES DISTRICT JUDGE