EXHIBIT A – NOTICE PLAN

# EXHIBIT A

EXHIBIT A – NOTICE PLAN

**SETTLEMENT WEBSITE**

No more than fourteen (14) calendar days after the Preliminary Approval Order is issued, the Claims Administrator shall establish the Settlement Website, which shall contain (a) the Long Form Notice; (b) the Summary Notice; (c) answers to frequently asked questions; (d) contact information for the Claims Administrator and Settlement Class Counsel; (e) this Settlement Agreement; (f) the signed order of Preliminary Approval; (g) a downloadable and online version of the Claim Form; and (h) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class.  The Claims Administrator shall add to the Settlement Website all other settlement-related materials filed by the Settling Parties or the Court, including Plaintiffs' application for an award of attorneys' fees and expenses and awards to Plaintiffs, the memorandum in support of the motion for final approval, and any orders with respect to such applications and motions.

**PUBLICATION NOTICE PROGRAM**

As soon as reasonably practicable, but beginning no less than 45 days prior to the ~~Fairness~~ Final Approval Hearing, and continuing for a period of forty-five (45) days thereafter, the Claims Administrator shall cause the Notice Plan, described below, to be published.  The Notice Plan described herein is designed to reach an estimated 72% percent of Settlement Class Members, on average three times.  Such reach and frequency shall be measured using reasonably relied upon media research data, and validation, reach, and frequency tools such as Simmons-GfK Mediamark Research and Intelligence, LLC and comScore.

All notices shall point to (and in the case of online notices shall hyperlink to) the Settlement Website.

EXHIBIT A – NOTICE PLAN

**ONLINE NOTICE**

The Claims Administrator shall cause the Online Notice, in the form attached hereto as Exhibit B3, to be published on internet sites through multi-channel and inventory sources including a collection of premium quality web properties, for a total of at least 115 million combined display, social and search impressions (including desktop, laptop, mobile, and tablet impressions).

The online notice program shall include the following:

- Tracking which webpages are generating the highest click-through rate and conversion rate, and to the extent practicable, redirecting future impressions to those higher-performing locations instead of lower-performing locations.

- Implementation of multiple targeting layers to help ensure delivery to the most appropriate users, inclusive of search targeting, transactional data targeting, category contextual targeting, demographic targeting, and interest targeting.

- Online ads will be served to this target group across a list of pre-vetted websites, multiple exchanges, and social media platforms, including Facebook, Instagram, Pinterest, and YouTube. Facebook and Instagram notice will, for example, target people who have liked or followed Kimberly-Clark brand-related pages.

- Display ads will target Cottonelle, Kotex, Pull-Ups, Scott, and Poise brand purchasers as well as adults 18 to 54 years of age who live in urban and suburban areas. Keyword search targeting will show advertisements to users in their Google search results. Example keywords include Kimberly-Clark settlement, wipes class action, Cottonelle, Scott, Kotex, Huggies Pull-Ups, Poise, and flushable wipes, among others.

- Social media ads will be retargeted to users who visit the Settlement Website.

**TOLL-FREE INFORMATION LINE**

A toll-free telephone helpline will be established and maintained by the Claims Administrator. It will be available 24 hours a day for callers to obtain information about the Settlement.

Those who call the toll-free information line or who write to the Claims Administrator may request a printed copy of the Long Form Notice and Claim Form, which the Claims Administrator shall provide by first-class mail or email.

EXHIBIT A – NOTICE PLAN

## CAFA NOTICES

Within ten (10) days after the Settlement Agreement is filed in court, the Claims Administrator shall provide the notices to the appropriate state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. §1715, *et seq*. ("CAFA").

## CERTIFICATION OF COMPLIANCE

At least seven (7) days prior to the hearing on Final Approval, the Claims Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

EXHIBIT B1 - LONG FORM NOTICE

# EXHIBIT B1

EXHIBIT B1 - LONG FORM NOTICE

**United States District Court for the Eastern District of New York**

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS
SETTLEMENT NOTICE**

**Your legal rights are affected whether you act, or do not act.  Read this notice carefully.**

> *Formatted: Underline*

**Attention Purchasers of Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex-branded
Flushable Wipes Between February 21, 2008 and [Date of Preliminary Approval Order]:
You may be entitled to payment from a proposed class action settlement.**

*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement (the "Settlement") has been reached in the class action cases of *Kurtz
  v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-01142-PKC-RML ("*Kurtz* Action"),
  and *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-02910-PKC-RML, both
  pending in federal court in the Eastern District of New York (the "Court").

  > *Formatted: Font: Italic*

- You may be included in a class certified by the Court for purposes of settlement
  only (the "Settlement Class") if you are an individual over the age of 18 who
  purchased in the United States any Kimberly-Clark flushable wipes product sold
  under the Cottonelle, Scott, Huggies Pull-Ups, Poise, or Kotex brands (the
  "Products"), not for the purpose of resale, between February 21, 2008 and [date of
  Preliminary Approval Order].

- This Settlement will resolve claims of all Settlement Class Members members
  against Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant") involving
  the Products.  The lawsuits contend that the Products were inappropriately labeled
  and marketed as "flushable" and safe for sewer and septic systems.  Kimberly-Clark
  denies these allegations and maintains that the wipes performed as advertised.

- In connection with this Settlement, you may be entitled to: (i) seventy cents ($0.70)
  per package of Product purchased, up to $7.00 per Household ("Household" means,
  without limitation, all persons who share a single physical address), without proof
  of purchase; or (ii) one dollar and ten cents ($1.10) per package of Product
  purchased, up to $50.60 per Household, with proof of purchase.  Recovery is
  limited to one Claim claim per Household, regardless of how many persons reside
  at an address, and each claimant may file only a single claim electing benefits with
  Proof of Purchase or without Proof proof of Purchase purchase, but not both.

- The lawyers Plaintiffs' counsel ("Class Counsel") who brought the lawsuit will ask
  the Court for up to $4,100,000 to be paid to them by Kimberly-Clark as attorneys'
  fees and expenses for investigating the facts, litigating the cases lawsuits, and
  negotiating the Settlement.  They will additionally ask for $10,000 and $5,000 for
  the two named plaintiffs, Dr. D. Joseph Kurtz and Gladys Honigman ("Plaintiffs"),
  respectively, who initially brought these lawsuits, to compensate them for taking
  on this litigation on behalf of the Settlement Class.

- 1 -

EXHIBIT B1 - LONG FORM NOTICE

- The Settlement has been preliminarily approved by the Court.  This notice summarizes the Settlement.  For the precise terms and conditions of the Settlement, please: (i) see the ~~Settlement~~ settlement ~~Agreement~~agreement, which is available at www.flushablewipessettlement.com; (ii) contact the Claims Administrator by calling 1 (___) ___-____ or writing to _____; or (iii) contact Class Counsel Vincent M. Serra at Robbins Geller Rudman & Dowd LLP, ~~Vincent M. Serra~~, 58 South Service Road, Suite 200, Melville, New York 11747.

**Commented [A1]:** Please ensure all blanks and placeholders are filled in throughout the relevant documents, to the extent known at this time.

- **PLEASE DO NOT CALL~~TELEPHONE~~ THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

- *~~Your legal rights are affected whether you act, or do not act.  Read this notice carefully.~~*

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Submit a claim for payment online or by mail. Be bound by the Settlement and give up your right to sue or continue to sue Kimberly-Clark~~Defendant~~ for the claims released by the Settlement. This is the only way to receive a payment from the Settlement. | Must be received or submitted online by [60 days after Notice Program starts] |
| **EXCLUDE YOURSELF (or "OPT OUT")** | Remove yourself from the Settlement Class and receive no payment by submitting a request for exclusion (or "opt out"). This is the only option that allows you to bring or join another lawsuit against Kimberly-Clark related to the Products. You may not submit a ~~Claim~~claim or object to the Settlement ~~Form~~ if you exclude yourself, and will receive no payment from this Settlement if you exclude yourself. | Must be received by [~~21 days before Final Approval hearing~~]August 17, 2022 |
| **OBJECT OR COMMENT** | Write to the Court about what you do or do not like about the Settlement, the amount of attorneys' fees and expenses, or the awards to Plaintiffs. You may still submit a ~~Claim~~claim Form even if you object or comment. If you submit a claim, y~~Y~~ou will still be bound by the Settlement even if you object or comment. You cannot both request exclusion and also object. | Must be received by August 17, 2022 [~~21 days before Final Approval hearing~~] |

**Formatted Table**

- 2 -

EXHIBIT B1 - LONG FORM NOTICE

| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the Settlement, the amount of attorneys' fees, or the awards to the Plaintiffs. You may still submit a ~~Claim~~ claim ~~Form~~ even if you go to the hearing. If you want your own attorney to represent you, you must pay for that attorney. | Hearing is ~~[Date of Final Approval hearing]~~September 7, 2022 If you want to speak, you must submit a request to speak by August 17, 2022 ~~[21 days before Final Approval hearing]~~ |
|---|---|---|
| DO NOTHING | You will receive no payment. You will release your claims, and have no right to sue later for the claims released by the Settlement. | |

- These rights and options—and the deadlines to exercise them—are explained in this notice. The deadlines may be moved, canceled, or otherwise modified, so please check the Settlement ~~Website~~ website at www.flushablewipessettlement.com regularly for updates and further details.

- The Court in charge of these ~~cases~~ lawsuits still has to decide whether to finally approve the Settlement. Settlement payments will be made only if the Court approves the Settlement and after any appeals are resolved in favor of upholding the Settlement. This can take time. Please be patient.

**Final Approval Hearing**

On _____, September 7, 2022, at 10:00 a.m._____, the Court will hold a hearing (the "Final Approval Hearing") to determine: (1) whether the Settlement is fair, reasonable, and adequate and should receive final approval; (2) whether the application for an award of attorneys' fees and expenses brought by Class Counsel should be granted; and (3) whether the application for awards to Plaintiffs who brought the lawsuit should be granted. The hearing will be held in a Courtroom ~~4F North~~to be determined at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, before the Honorable Pamela K. Chen. This hearing date may change without further notice to you. Consult the Settlement website at www.flushablewipessettlement.com, or the Court dockets in these ~~cases~~ lawsuits at ecf.nyed.uscourts.gov (perform a case number query using ~~case number Case No.~~ 1:14-cv-~~0~~1142 or 2:15-cv-~~0~~2910), for updated information on the hearing date and time.

**Important Dates**

_____ Objection Deadline
_____ Exclusion Deadline
_____ Final Approval ~~H~~hearing
_____ Claim Form Deadline

EXHIBIT B1 - LONG FORM NOTICE

**Table of Contents**

How Do I Know If I Am Affected By The Litigation And The Settlement?............................4
What Is The Lawsuit About?........................................................................................5
What Do Plaintiffs Seek To Recover In The Lawsuit?......................................................5
Why Are These ~~Cases~~ Lawsuits Being Settled? ..........................................................5
What Is The Settlement? .............................................................................................6
What Can I Get In The Settlement? ..............................................................................6
How Do I Make A Claim?............................................................................................7
What Do Plaintiffs And Their ~~Lawyers~~ Counsel Get?...................................................7
What Claims Are Released By The Settlement? ...............................................................7
Can I Exclude Myself From The Settlement?...................................................................8
Can I Object To or Comment on The Settlement? ...........................................................8
When Will The Court Decide If The Settlement Is Approved? ...........................................9
Special Notice For Members Of The Class ...................................................................10
How Do I Get More Information? ...............................................................................10

**How Do I Know If I Am Affected By The Litigation And The Settlement?**

These ~~cases~~ lawsuits involve wipes labeled as "flushable" and sold under the brand names Cottonelle, Scott, Huggies Pull-ups, Poise, and Kotex.  For purposes of Settlement only, the Court has certified ~~a settlement class (~~the "Settlement Class").  You are a member of the Settlement Class ("Settlement Class Member") if, between February 21, 2008 and [date of Preliminary Approval Order], you (a person, not a commercial entity) purchased one or more of the Products in the United States, not for purpose of resale.

The Settlement Class excludes: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) any of Kimberly-Clark's officers, directors, employees, or legal representatives, and (3) any individuals who timely opt-out of, or exclude themselves from, the Settlement Class.

If you are a ~~member of the~~ Settlement Class Member, you will be bound by the Settlement and judgment in these ~~cases~~lawsuits, unless you request to be excluded, regardless of whether you submit a claim for monetary payment.

If the Settlement does not become effective (for example, because it is not finally approved, or the approval is reversed on appeal), then this litigation will continue on behalf of purchasers in New York.  Specifically, a class of people who purchased the Products in New York between February 21, 2008 and March 1, 2017 (the "Certified Class") has already been certified by the Court in the *Kurtz* Action ~~(defined below)~~.  To be clear, th~~is~~e Certified C~~c~~lass is somewhat

EXHIBIT B1 - LONG FORM NOTICE

different than the Settlement Class discussed above.  The New York certified cClass is defined as "All persons and entities who purchased Kimberly-Clark Flushable Products [*i.e.*, flushable wipes sold under the Cottonelle, Scott, Huggies Pull-ups, U by Kotex, and Poise brands] in the State of New York between February 21, 2008 and March 1, 2017."  In this notice, this group will be referred to as the "Certified Class." Members of the Certified Class have the same rights as all Settlement Class Members, as explained in this notice, except that they will remain part of the *Kurtz* Action even if this Settlement is not approved, as specified in the section "Special Notice for Members of the Certified Class."

**What Is The Lawsuit About?**

Plaintiffs assert that labeling on the Products that stated that the Products were "flushable," "break up after flushing," and were safe for sewer and septic systems, is false or misleading, and that the Products damaged or clogged plumbing pipes, septic systems, and sewage lines and pumps.  Plaintiffs allege that Kimberly-Clark is liable for violation of New York General Business Law §349.  Plaintiffs seek to pursue their claims on behalf of themselves and others who purchased the Products in New York.

Kimberly-Clark denies that there is any factual or legal basis for Plaintiffs' allegations. Kimberly-Clark contends that the labeling of the Products was truthful and not misleading, and that the Products did not cause property damage in well-maintained plumbing systems.  Kimberly-Clark therefore denies any liability.  Kimberly-Clark also denies that Plaintiffs or any other members of the Settlement Class have suffered injury or are entitled to monetary or other relief.

The Court has not determined the merits of these arguments, or whether Plaintiffs or Kimberly-Clark are correct.

**What Do Plaintiffs Seek To Recover In The Lawsuits?**

The lawsuits contend that, if Kimberly-Clark had not engaged in the labeling, marketing, and advertising that Plaintiffs challenge, the price of the Products would have been lower. Plaintiffs seek to recover, on behalf of a class of individuals who purchased the Products in New York (except for purchases made for resale), the dollar amount of the price "premium" that is attributable to the alleged misrepresentations, or statutory damages under New York General Business Law §349, and Plaintiffs originally sought to pursue claims for property damage that they allegedly incurred as a result of using Kimberly-Clark's flushable wipes.

EXHIBIT B1 - LONG FORM NOTICE

Kimberly-Clark denies that there is any legal entitlement to a refund, damages, or any other monetary relief.

**Why Are These ~~Cases~~ Lawsuits Being Settled?**

~~Plaintiffs' c~~Class Counsel has investigated the manufacturing, marketing, labeling, and performance of the Products. Kimberly-Clark has produced thousands of pages of documents for review by Plaintiffs' counsel. Plaintiffs' counsel have taken depositions of two of Kimberly-Clark's employees. The parties also have exchanged written responses to questions posed by the other party. Plaintiffs' counsel have also obtained documents from third-parties, including wastewater treatment professionals and INDA (the trade association for manufacturers of flushable wipes). Plaintiffs' counsel also retained two experts to evaluate the Products and the Class's damages, and have had extensive consultations with wastewater professionals. Plaintiff Kurtz and his expert witnesses have been deposed. One of Plaintiffs' expert witnesses submitted six separate expert declarations in the *Kurtz* Action alone, and both expert witnesses and a wastewater professional provided testimony before the Court at evidentiary hearings.

Since the initiation of this litigation, Plaintiffs and Kimberly-Clark, through their counsel, have participated in substantial ~~Ss~~ettlement discussions, both formal and informal, including before a third-party mediator. This Settlement was reached following those efforts.

After taking into account the risks and costs of further litigation, Plaintiffs and their counsel believe that the terms and conditions of this Settlement are fair, reasonable, adequate, and equitable, and that this Settlement is in the best interest of the Settlement Class Members. This Settlement provides immediate monetary relief to the Settlement Class without the cost, time, and expense of litigating, which can take years.

**What Is The Settlement?**

Kimberly-Clark will provide monetary payments to Settlement Class Members and to ~~Plaintiffs' counsel ("~~Class Counsel~~")~~ and Plaintiffs, as described in the next sections.

**What Can I Get In The Settlement?**

If you are a Settlement Class Member and you file a valid claim without proof of purchase, you will receive up to seventy cents ($0.70) for each package of the Products that you purchased between February 21, 2008 and [date of Preliminary Approval Order], up to $7.00 per Household. If you file a valid claim with proof of purchase, you will receive up to one dollar and ten cents ($1.10) for each package of the Products that you purchased between February 21, 2008 and [date

EXHIBIT B1 - LONG FORM NOTICE

of Preliminary Approval Order], up to $50.60 per Household.  Recovery is limited to one ~~Claim~~ claim per Household, regardless of how many persons reside at an address, and each claimant may file only a single claim electing benefits with ~~Proof of Purchase~~ or without ~~Proof~~ proof of ~~Purchase~~purchase, but not both. "Proof of ~~P~~purchase" means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.

There is a $20 million cap on cash payments to Settlement Class Members, and thus individual cash payment amounts may be reduced *pro rata* (proportionately) so that the total amount of all payments to Settlement Class Members does not exceed the cap.

~~"Proof of Purchase" means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.~~

**How Do I Make A Claim?**

To make a claim, you must fill out the claim form available at www.flushablewipessettlement.com.  You can print the claim form and mail it to the Claims Administrator at: [address], or you can submit the claim form online, unless you are providing ~~Proof~~ proof of ~~Purchase~~ purchase by the actual label or bar code portion of the package, in which case you must mail it to the Claims Administrator.  Claim forms must be submitted online or received, not just postmarked, by [60 days after notice plan/claim period starts].

**What Do Plaintiffs And Their ~~Lawyers~~ Counsel Get?**

To date, Class Counsel have not been compensated for any of their work on these ~~cases~~lawsuits.  As part of the Settlement, Class Counsel may apply to the Court to award them up to $4,100,000.00 from Kimberly-Clark to pay their attorneys' fees and expenses.  The Court will determine how much to award Class Counsel.

In addition, Plaintiffs Dr. Kurtz and Ms. Honigman may apply to the Court for awards of $10,000 and $5,000, respectively.  These awards are designed to compensate Plaintiffs for their time and effort in pursuing the ~~Actions~~ lawsuits on behalf of the Settlement Class.  The Court will determine how much to award Plaintiffs.

EXHIBIT B1 - LONG FORM NOTICE

Neither an award of attorneys' fees and expenses to Class Counsel nor any awards to Plaintiffs will affect compensation to Settlement Class Members from the Settlement.

Plaintiffs and their ~~lawyers~~ counsel will file a motion with the Court on or before [~~35 days before Final Approval hearing~~]August 3, 2022, in support of their applications for attorneys' fees and expenses and awards to Plaintiffs. A copy of that motion will be available on the Settlement website (www.flushablewipessettlement.com).

The Court will determine the amount of fees and expenses awarded to the attorneys, and the amount of Plaintiffs' awards ~~to Plaintiffs~~.

**What Claims Are Released By The Settlement?**

This Settlement releases all "Plaintiffs' Released Claims" by Settlement Class Members (whether or not they file a valid claim) against Kimberly-Clark and its affiliates. "Plaintiffs' Released Claims" is defined in the Settlement Agreement as any and all claims, suits, debts, liens, demands, rights, causes of action, continuing prosecutions, obligations, controversies, damages, costs, expenses, attorneys' fees, or liabilities, of any nature, whether arising under local, state, or foreign law, whether by statute, regulation, contract, common law, or equity, that arise from or relate to the claims and allegations in the Complaints, including, but not limited to, ~~Uu~~nknown ~~Cc~~laims, and the acts, facts, omissions, or circumstances that were or could have been alleged by Plaintiffs in the ~~Actions~~ lawsuits related to any wipe products (flushable and non-flushable) currently or formerly manufactured, marketed, or sold by Kimberly-Clark or any of its affiliates. Plaintiffs' Released Claims shall in all respects be construed as broadly as possible as to the claims asserted, consistent with all applicable law, to effect complete finality over the ~~Actions~~ lawsuits with respect to Kimberly-Clark. Once the Settlement is approved, the Settlement Class will also be bound to the same release. Plaintiffs' Released Claims does not include the release of claims for personal injury arising out of the use of the Products. For further information regarding the releases, please see Section VII~~I~~ of the Settlement Agreement, available at www.flushablewipessettlement.com.

**Can I Exclude Myself From The Settlement?**

You can exclude (or "opt out") yourself from the Settlement Class if you wish to retain the right to sue Kimberly-Clark separately for the claims released by the Settlement. If you exclude yourself, you cannot file a claim or object to the Settlement, and will not be entitled to any

EXHIBIT B1 - LONG FORM NOTICE

monetary payments from the Settlement.  You do not need to exclude yourself if you merely want to retain a right to sue for personal injury arising out of your use of the Products.

To exclude yourself, you must complete and submit the online exclusion request form at the Settlement ~~Website~~website (www.flushablewipessettlement.com), or download and submit the online exclusion request form to the Claims Administrator via first-class mail at [address]. Exclusion requests must be made online or received (not postmarked) by mail by [~~21 days before Final Approval hearing~~]August 17, 2022.

So-called "mass" or "class" opt -outs shall not be allowed.

**Can I Object To or Comment on The Settlement?**

You can ask the Court to deny approval of the Settlement by submitting an objection.  If the Court denies approval to the entire Settlement, no Settlement payments will be made, and the lawsuit will continue.  If that is what you want to happen, you must object.

You can also ask the Court to disapprove the requested payments to Plaintiffs and to their ~~attorneys~~counsel.  Even if those payments are disapproved or adjusted, no additional money will be paid to Settlement Class Members.

You can also tell the Court what you like about the Settlement.

You can exercise any of the above options regardless of whether or not you file a claim, but not if you exclude yourself from the Settlement Class.  If you exclude yourself from the Settlement Class by submitting an opt-out request, you cannot object or comment on the Settlement.

Any objection must include: (1) the case names and numbers, *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-0̶1142-PKC-RML (E.D.N.Y) and/or *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-0̶2910-PKC-RML (E.D.N.Y.); (2) your name, address, and telephone number and, if available, your email address, and if you are represented by counsel, the name of your counsel; (3) a statement of all grounds for the objection, accompanied by any legal support for such objection; (4) a statement as to whether you intend to appear and be heard at the Final Approval ~~hearing~~Hearing, either with or without counsel; (5) a statement of your membership in the Settlement Class, including all information required by the ~~Claim~~ claim ~~Form~~form; (6) a detailed list of any other objections submitted by you or your counsel to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If you and/or your counsel have not objected to any other class action settlement in any court in the United

EXHIBIT B1 - LONG FORM NOTICE

States in the previous five (5) years, you shall affirmatively state so in the written materials provided in connection with the objection to this Settlement; and (7) your signature and the signature of your duly authorized ~~attorney~~ counsel or other duly authorized representative (along with documentation setting forth such representation). Failure to include this information and documentation may be grounds for overruling and striking your objection.

All written objections, requests to appear, and supporting papers must be mailed to the Claims Administrator or counsel for Plaintiffs at the addresses shown on the Settlement ~~Website~~website (www.flushablewipessettlement.com), who will then file all objections, requests to appear, and supporting papers with the Court. Documents must be *received*, not merely postmarked, on or before August 17, 2022[~~21 days before Final Approval hearing~~].

You may also appear at the Final Approval ~~hearing~~Hearing, either in person or through your own ~~attorney~~counsel. If you appear through your own ~~attorney~~counsel, you are responsible for paying that ~~attorney~~counsel. To appear at the Final Approval ~~hearing~~Hearing, you need to file a written objection to the Settlement and a written request to the Court for permission to appear, which must be filed with or received by the Court before August 17, 2022[~~21 days before Final Approval hearing~~].

**When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a Final Approval hearing on **September 7, 2022, at 10:00 a.m.**[~~hearing date~~] to consider whether to finally approve the Settlement. The Final Approval ~~hearing~~ Hearing will be held in the United States District Court, Eastern District of New York, before the Honorable Pamela K. Chen, in a Courtroom ~~4F North~~to be determined. The hearing is open to the public. However, only persons who have filed an objection and a request to appear at the hearing—due 21 days before the Final Approval ~~hearing~~Hearing—may actually address the Court. This hearing date may change without further notice to you.

Consult www.flushablewipessettlement.com or the Court dockets in these lawsuits~~cases~~ at ecf.nyed.uscourts.gov (perform a case number query using ~~case number~~ 1:14-cv-~~0~~1142 or 2:15-cv-~~0~~2910) for updated information on the Final Approval ~~hearing~~ Hearing date and time.

**Special Notice For Members Of The Certified Class**

As noted above, the Certified Class is different than the Settlement Class and includes "all persons and entities who purchased Kimberly-Clark Flushable Products [*i.e.*, flushable wipes sold under the Cottonelle, Scott, Huggies Pull-ups, U by Kotex, and Poise brands] in the State of New

> **Formatted:** Font: Bold

EXHIBIT B1 - LONG FORM NOTICE

York between February 21, 2008 and March 1, 2017." This section provides further information about the rights specific to members of the Certified Class.

All sections of this notice apply to you. You have the right to make a claim under this Settlement, object to the Settlement, or exclude yourself, just like other members of the Settlement Class. If the Settlement is not approved, or if the Effective Date does not occur for any other reason, as further explained in the Settlement Agreement, and you have not excluded yourself from the Settlement Class, the litigation will continue on your behalf as a member of the Certified Class in the *Kurtz* Action. The Court has already appointed Plaintiff Dr. D. Joseph Kurtz and Class Counsel to represent the interests of the Certified Class.

If the litigation continues, and a judgment is obtained against the Certified Class in favor of Kimberly-Clark, that judgment will prevent you from bringing a separate lawsuit against Kimberly-Clark for the claims that were or could have been litigated in this ~~case~~lawsuit. If the litigation continues, and a judgment is obtained against Kimberly-Clark in favor of the Certified Class, and you are entitled to any portion of that judgment, you will receive further notification about your rights.

**How Do I Get More Information?**

You can inspect many of the court documents connected with these ~~cases~~ lawsuits at www.flushablewipessettlement.com. Other papers filed in this lawsuit are available by accessing the Court dockets in these ~~cases~~ lawsuits at ecf.nyed.uscourts.gov (perform a case number query using ~~case number~~ 1:14-cv-~~0~~1142 or 2:15-cv-~~0~~2910), or by visiting the office of the Clerk of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, from 8:30 a.m. to 4:45 p.m., Monday through Friday, excluding ~~court~~ federal holidays.

You can also obtain additional information by contacting the Claims Administrator through the Settlement website (www.flushablewipessettlement.com) or by calling 1 (___) ___-____ or writing to _____ or by emailing to _____.

- 11 -

EXHIBIT B2 – SUMMARY NOTICE

# **EXHIBIT B2**

EXHIBIT B2 – SUMMARY NOTICE

**Purchasers of Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex-branded Flushable Wipes Between February 21, 2008 and [Date of Preliminary Approval Order]**
**A Proposed Class Action Settlement May Affect Your Rights**

**WHO IS AFFECTED?**

A settlement (the "Settlement") has been reached in class action ~~cases~~ lawsuits involving Kimberly-Clark Corporation's ("Kimberly-Clark") flushable wipes sold under the Cottonelle, Scott, Huggies Pull-Ups, Poise, or Kotex brands (the "Products"). The lawsuits claim that the Products are not actually flushable. Kimberly-Clark denies these allegations and maintains that the Products perform as advertised. You may be included in a class certified by the Court for purposes of settlement only (the "Settlement Class") if you purchased the Products between February 21, 2008 and [date of Preliminary Approval Order].

**WHAT DOES THE SETTLEMENT PROVIDE?**

In connection with this Settlement, Kimberly-Clark will pay Settlement Class ~~Members~~ members up to: (i) seventy cents ($0.70) per package of Products purchased, up to $7.00 per Household ("Household" means, without limitation, all persons who share a single physical address) without proof of purchase; or (ii) one dollar and ten cents ($1.10) for each package of Products purchased with proof of purchase, up to $50.60 per Household with proof of purchase. Proof of purchase means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt originally generated by a retailer showing the date and place of purchase, name of the product purchased, and the amount paid. Recovery is limited to one ~~Claim~~ claim per Household, regardless of how many persons reside at an address, and each ~~Claimant~~ claimant may file only a single ~~Claim~~ claim electing benefits with ~~Proof of Purchase~~ or without ~~Proof~~ proof of ~~Purchase~~purchase, but not both.

**WHAT ARE MY OPTIONS?**

You must **submit a claim** online by August 17, 2022~~[date]~~ or by mail so that it is received (not merely postmarked) no later than August 17, 2022~~[date]~~ to receive a payment. You can **opt out of the Settlement Class** and keep your right to sue Kimberly-Clark on the released claims by submitting an ~~Opt~~opt-~~Out~~out ~~Request~~ request by August 17, 2022~~[date]~~. The Settlement will release all claims related to Plaintiffs' contentions that Kimberly-Clark's marketing, advertising, and sale of the Products were false or misleading. There is no release of claims for personal injury arising out of the use of the Products. You can also **object to the Settlement** by filing an objection by August 17, 2022~~[date]~~, which does not affect your ability to file a claim. If you opt-out, you may not submit a claim or object to the Settlement and you will receive no payment from this Settlement. For details on how to opt out, object, or to file a claim, please visit www.flushablewipessettlement.com or contact the Claims Administrator. If you **do nothing** you will not receive a payment and you will be bound by the decisions of the Court.

**FINAL APPROVAL HEARING AND ATTORNEYS' FEES**

On September 7, 2022, at 10:00 a.m., t~~T~~he Court will hold a ~~Final Approval~~ hearing ~~on [Month Day, Year at ___:___.m. ET]~~ to consider whether to finally approve the Settlement. If the Settlement is approved, the attorneys for the Settlement Class will ask the Court for an award from

EXHIBIT B2 – SUMMARY NOTICE

Kimberly-Clark of up to $4,100,000 in attorneys' fees and expenses, and payments of $10,000 and $5,000 for Plaintiffs Dr. D. Joseph Kurtz and Gladys Honigman ("Plaintiffs"), respectively.  Note that the hearing date may change without further notice to you although any such change will be reflected on the Settlement website (www.flushablewipessettlement.com).  You may attend the hearing, but you do not have to.  Plaintiffs' motion for final approval of the Settlement and Settlement Class Counsel's counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs will be posted on the Settlement website after they are filed.

**MORE INFORMATION**

This is only a Summarysummary.  For more information, please visit: www.flushablewipessettlement.com or contact the Claims Administrator by calling 1-___-___-____ or writing to _____, _____.  You may also contact Plaintiffs' counsel Vincent M. Serra at. Robbins Geller Rudman & Dowd LLP, Vincent M. Serra, 58 South Service Road, Suite 200, Melville, New York 11747.  The case names are *Kurtz v. Kimberly-Clark Corp., et al.*, 1:14-cv-01142-PKC-RML (E.D.N.Y.) and *Honigman v. Kimberly-Clark Corp.*, 2:15-cv-02910-PKC-RML (E.D.N.Y.).

EXHIBIT B3 – ONLINE NOTICE

# EXHIBIT B3

EXHIBIT B3 – ONLINE NOTICE

**Online Banner Ad**

**Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable
Wipes Purchasers Between 2008 and the Present:
You Could Be Entitled to a Payment from a Class Action
Settlement.  Learn more.**

**Mobile Banner Ad**

**Cottonelle, Scott, Huggies Pull-Ups, Poise, and
Kotex Flushable Wipes Purchasers Between
2008 and the Present: You Could Be Entitled to
Payment from a Class Action Settlement.**

**Facebook Ad**

**Text:** Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable
Wipes Purchasers Between 2008 and the Present - You Could Be Entitled
to Payment from a Class Action Settlement.

**Headline:** Cottonelle, Scott, Huggies Pull-Ups, Poise, and Kotex Flushable Wipes
Settlement

**Website:** www.flushablewipessettlement.com

**Description:** Court Authorized Notice

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

# EXHIBIT C

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x

D. JOSEPH KURTZ, Individually and on     :    Civil Action No. 1:14-cv-01142-PKC-RML
Behalf of All Others Similarly Situated,
                                         :    <u>CLASS ACTION</u>
              Plaintiff,
                                         :

      vs.                                :

                                         :
KIMBERLY-CLARK CORPORATION, et al.,
                                         :
              Defendants.
                                         :
———————————————————————— x

GLADYS HONIGMAN, Individually and on     :    Civil Action No. 2:15-cv-2910-PKC-RML
Behalf of All Others Similarly Situated,
                                         :    <u>CLASS ACTION</u>
              Plaintiff,
                                         :

      vs.                                :

                                         :
KIMBERLY-CLARK CORPORATION,
                                         :
              Defendant.
                                         :
———————————————————————— x

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, actions are pending before this Court entitled *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-01142-PKC-RML and *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-02910-PKC-RML (collectively, the "Actions");

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Kimberly-Clark Corp. ("Kimberly-Clark," and together with Plaintiffs, the "Settling Parties"), in accordance with a ~~Settlement~~ settlement ~~Agreement~~ agreement filed with the Court on April 5, 2022 ("Settlement Agreement"), which, together with the ~~Exhibits~~ exhibits annexed thereto, sets forth

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

the terms and conditions for a proposed ~~Settlement~~ settlement of the Actions and for dismissal of

the Actions with prejudice upon the terms and conditions set forth therein ("Settlement"); and

      Having considered all matters submitted to it ~~at the hearing on the motion and otherwise~~,

including the complete record of these Actions, and good cause appearing therefore, the Court

grants preliminary approval of the Settlement and hereby finds and concludes as follows:

    1.    The capitalized terms used in this Order shall have the same meaning as defined in

the Settlement Agreement except as otherwise expressly provided.

    2.    **Preliminary Approval of Settlement.**  The Court preliminarily approves the

Settlement as within the range of possible final approval, and as meriting submission to the

Settlement Class for its consideration.  The Settlement Agreement was reached as a result of arm's-

length negotiations between the Settling Parties and their counsel.  The Settling Parties and their

counsel had sufficient information to evaluate the strengths and weaknesses of the cases and to

conduct informed settlement discussions.

    3.    **Conditional Certification of Class.**  For purposes of the settlement only, the Court

conditionally certifies the Settlement Class, which consists of all individuals over the age of 18

who purchased the Products in the United States between February 21, 2008 and the date of this

~~Preliminary Approval~~ Order, excluding purchases made for purposes of resale.   Individuals

excluded from the settlement are: (1) the Honorable Pamela K. Chen, the Honorable Robert M.

Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2)

any of Kimberly-Clark's officers, directors, employees, or legal representatives; and (3) any

Persons who timely opt out of the Settlement Class.

    4.    **Claim Form and Notices.**  The Court approves, as to form and content, Notices

that are substantially similar to the forms attached as Exhibits B1, B2 and B3 to the Settlement

- 2 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

Agreement, as well as a Claim Form that is substantially similar to the form attached hereto as Exhibit 1. The Claim Form and all the notices are written in plain English and are easy to comprehend. The Settling Parties shall have discretion to jointly make non-material minor revisions to the Claim Form and Notices before publishing. Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claims Administrator, subject to the oversight of the Settling Parties and this Court as described in the Settlement Agreement.

5.    **Notice Plan.** The Court finds that the Settling Parties' plan for providing notice to the Settlement Class (as set forth in the Settlement Agreement and the Notice Plan attached as Exhibit A to the Settlement Agreement) is reasonably calculated to provide notice to the Settlement Class of (a) the pendency of the Actions, (b) certification of the Settlement Class, (c) the existence and terms of the Settlement Agreement, (d) Settlement Class Members' rights to make claims, exclude themselves, or object and (e) the matters to be decided at the Final Approval hearing, and satisfies the due process requirements of the New York and United States Constitutions, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law. The Settling Parties and the Claims Administrator shall comply with the Notice Plan attached as Exhibit A to the Settlement Agreement.

6.    **Claims Administrator**. The Court designates, and approves, Kroll Settlement Administration to serve as Claims Administrator. The Claims Administrator shall provide notice in compliance with 28 U.S.C. §1715. As set forth in the Notice Plan, the Claims Administrator shall do the following:

(a)    No more than fourteen (14) calendar days after this Preliminary Approval Order is issued, the Claims Administrator shall establish the Settlement Website, which shall

- 3 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

contain: (a) the Long Form Notice; (b) answers to frequently asked questions; (c) a Contact Information page that includes the address for the Claims Administrator and addresses and telephone numbers for Settlement Class Counsel; (d) this Settlement Agreement; (e) the this signed oOrder of Preliminary Approval; (f) a downloadable and online version of the Claim Form; and (g) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class.  The Claims Administrator shall add to the Settlement Website all other material settlement-related filings, including Plaintiffs' application for an award of attorneys' fees and expenses and awards to Plaintiffs, the memorandum in support of the motion for final approval, and any orders with respect to such applications and motions.  The Settlement Website shall remain accessible until 180 days after all Settlement Benefits are distributed.

(b)      The Claims Administrator shall initiate the process of providing the Online Notice (in substantially the same form as Exhibit B3 to the Settlement Agreement) on websites as set forth in the Notice Plan, so that overall notice of the Settlement is reasonably calculated to apprise the Settlement Class Members of the Settlement.

(c)      The Claims Administrator shall set up a toll-free number as further described in the Notice Plan.

7.      **Final Approval hearing.**  A Final Approval hearing shall be held before this Court at [_____],10:00 a.m. on [_____], September 7, 2022 [at least 95 days after the date of this Order] in a Courtroom 4F Northto be determined, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn NY 11201, to address: (a) whether Settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs should be approved.

- 4 -

> Formatted: Font: Bold

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

8.      **Filing of Claims.**  Valid and completed Claim Forms must be sent by U.S. mail such that they are received (not just postmarked) by sixty (60) days after the Claims Administrator causes the Notice Plan to be published, or submitted online by the same date.   The Claims Administrator shall provide a declaration to the Court, no later than seven (7) calendar days before the Final Approval hearing, regarding the number and dollar amount of claims received to date.

9.      **Requests for Exclusion.**

(a)      Any member of the Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a request for exclusion to the Claims Administrator, pursuant to the instructions set forth in the Long Form Notice.  The request must be submitted online or received by the Claims Administrator (not just postmarked) by **August 17,**, **2022** [21 calendar days before the Final Approval hearing].

> Formatted: Font: Bold

(b)      No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.  Any member of the Settlement Class Member who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the litigation.

(c)      No later than fourteen (14) calendar days prior to the Final Approval hearing, the Claims Administrator shall prepare and deliver to the Settling Parties a list of the names of the Persons who, pursuant to the Long Form Notice, have excluded themselves from the Settlement Class in a valid and timely manner.  Plaintiffs' Counsel shall file that list with the Court

- 5 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

no later than seven (7) calendar days prior to the Final Approval hearing.  The Court retains
jurisdiction to resolve any disputed exclusion requests.

10.     **Objections.**

(a)     Any Settlement Class Member who does not submit a valid and timely
request for exclusion may submit an objection to the Settlement.  The written objection must satisfy
the requirements described in the Long Form Notice.  An objection must be received by the Claims
Administrator or Settlement Class Counsel (and not just postmarked) no later than **August
17,** ~~,~~ **2022** [21 calendar days prior to the Final Approval hearing], or it will be rejected.

(b)     Any Settlement Class Member shall have the right to appear and be heard
at the Final Approval hearing, either personally or through an attorney retained at the Settlement
Class Member's own expense, provided they file a request to be heard and/or objection as
described in the Long Form Notice.  Additionally, if the Settlement Class Member wishes to object
to the Settlement at the Final Approval hearing (either personally or through counsel), the
Settlement Class Member must submit a timely written objection as set forth in the prior paragraph
of this Order or demonstrate good cause excusing the Objector from compliance.  Immediately
upon receipt of any objection, the Claims Administrator shall forward the objection and all
supporting documentation to counsel for the Settling Parties.  No later than ~~,~~ **August 24,
2022** [14 calendar days prior to Final Approval hearing], Settlement Class Counsel shall file all
such objections and supporting documentation with the Court.  Any Party may submit a response
to any objection to the Court by no later than ~~,~~ **August 31, 2022** [7 calendar days
prior to Final Approval hearing].

11.     **Final Approval, Attorneys' Fees, and Class Representative Payments.**
Plaintiffs shall file their motions for final approval of the Settlement and Class Counsel shall file

- 6 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

its application for any award of attorneys' fees and expenses, and awards to Plaintiffs, no later than

~~_____,~~ August 3, 2022 ~~[35 calendar days before the Final Approval hearing]~~, and file the

reply in support of that motion and application and in response to any objection and request to

intervene no later than _____, August 31, 2022 ~~[7 calendar days prior to the Final Approval~~

~~hearing]~~.  Those motions and applications and all supporting documentation shall simultaneously

be posted to the Settlement Website.  Defendant shall have no obligation to make a separate filing

in support of the motion for final approval, but may do so if it so desires.

12.     In the event that the proposed Settlement is not finally approved by the Court, or in

the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms,

this ~~Preliminary Approval~~ Order and all orders entered in connection herewith shall become null

and void, shall be of no further force and effect, and shall not be used or referred to for any purposes

whatsoever in these cases or in any other case or controversy; in such event, the Settlement

Agreement and all negotiations and proceedings directly related thereto shall be deemed to be

without prejudice to the rights of any and all of the Settling Parties, who shall be restored to their

respective positions as of the date and time immediately preceding the execution of the Settlement

Agreement.

13.     Class Representatives and all Settlement Class Members are preliminarily enjoined

and barred from commencing or prosecuting any action asserting any of the Plaintiffs' Released

Claims (which do not include personal injury claims), either directly, representatively,

derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise,

in any local, state, federal, or foreign court, or in any agency or other authority or forum wherever

located.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees

and costs incurred by any Released Party as a result of the violation.

- 7 -

EXHIBIT C - PROPOSED ORDER GRANTING PRELIMINARY APPROVAL

14.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.  The Final Approval hearing may, from time to time and without further notice to Settlement Class Members, be continued by Order of the Court.  However, any continuance by the Court will be noted on the Settlement Website.

IT IS SO ORDERED.


DATED: _____   _____
                                 THE HONORABLE PAMELA K. CHEN
                                 UNITED STATES DISTRICT JUDGE

- 8 -

EXHIBIT 1 – CLAIM FORM

# EXHIBIT 1

EXHIBIT 1 – CLAIM FORM

| MUST BE SUBMITTED NO LATER |
|---|

For Office Use Only

Class Member ID:          **Kimberly-Clark Class Action Settlement**
3100000000000                    **[Downloadable] Claim Form**

_____

_____

To make a claim under the Settlement, you must complete this form, print it, and mail it to the address below. Alternatively, you can complete and submit the online claim form at www. flushablewipessettlement.com/claimform. All information will be kept private.  Your claim form must be received, not just postmarked, by _____, 2022 [60 days after notice starts].  It will not be disclosed to anyone other than the Court, the Claims Administrator, and the Settling Parties in this case, and their counsel, and will be used only for purposes of administering this Settlement.

This Settlement involves flushable wipes sold under the brand names Cottonelle, Scott, Huggies Pull-ups, Poise, and Kotex (the "Products").  If your claim is validated and the Court approves the Settlement, then after the Settlement's Effective Date you will receive a payment of up to: (i) seventy cents ($0.70) per package purchased between February 21, 2008 and [date of Preliminary Approval], up to seven dollars ($7.00) per Household, without Proof of Purchase; or (ii) one dollar and ten cents ($1.10) per package purchased if you submit Proof of Purchase, up to fifty dollars and sixty cents ($50.60) per Household.  **Proof of Purchase means the actual label or bar code portion of the package of the Products (not a photocopy or digital image), or the original or photocopy or digital image of an itemized sales receipt generated by a retail seller showing the date and place of purchase, name of the Product purchased, and the amount paid.  Recovery is limited to one claim per Household, regardless of how many persons reside at an address, and each claimant may file only a single claim electing benefits with Proof of Purchase or without Proof of Purchase, but not both.**

Because there is a $20 million cap on payments to Settlement Class Members, depending on the number of Valid Claims, individual cash payment amounts may be reduced *pro rata* (proportionately) so that the total amount of all payments to Settlement Class Members does not exceed the cap.

Please save a copy of this completed form and your Proof of Purchase for your records.  **For further information, visit www.flushablewipessettlement.com.  In order to receive a payment, you must complete all of the information below and on the following pages, as well as sign and date the form.**

**Name** _____   _____
               *First*                              *M.I*              *Last*

**Street** _____

**Address:** _____

City: ____ ____                **Zip** _____ __ __ __ __ __ - __ __ __ __ (zip4

**Email** _____ @ _____

EXHIBIT 1 – CLAIM FORM

<u>While providing your email address is optional, it will facilitate processing your claim in the event of any deficiencies.</u>

**I purchased:**   [Insert total number here] packages of the Product between February 21, 2008 and [DATE OF Preliminary Approval Order].  Please list the store name(s) and in which state(s) you purchased the Product:

(1) Number of packages:_____Store Name(s):_____State(s): _____
(2) Number of packages:_____Store Name(s):_____State(s): _____
[attach additional sheets if needed]

These purchases were not made for purpose of resale to others.  I certify under penalty of perjury under the

laws of the United States that all of the foregoing is true and correct.

**SIGNATUR**_____        **PRINTED** _____
**E:**
**_____**   ___ ___ / ___ ___ / ___ ___ ___ ___

**Mail, <u>WITH YOUR PROOF OF PURCHASE, IF ANY,</u> to: Kimberly-Clark Settlement Claims Administrator, [address]**

- 2 -