UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| D. JOSEPH KURTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:14-cv-01142-PKC-RML<br><br><u>CLASS ACTION</u> |
| GLADYS HONIGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>Defendant. | Civil Action No. 2:15-cv-2910-PKC-RML<br><br><u>CLASS ACTION</u> |

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, actions are pending before this Court entitled *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-1142 (PKC) (RML) and *Honigman v. Kimberly-Clark Corp.*, No. 2:15-cv-2910 (PKC) (RML) (collectively, the "Actions");

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Kimberly-Clark Corp. ("Kimberly-Clark," and together with Plaintiffs, the "Settling Parties"), in accordance with a settlement agreement filed with the Court on April 5, 2022 ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed

settlement of the Actions and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of these Actions, and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. **Preliminary Approval of Settlement.** The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Settlement Agreement was reached as a result of arm's-length negotiations between the Settling Parties and their counsel. The Settling Parties and their counsel had sufficient information to evaluate the strengths and weaknesses of the cases and to conduct informed settlement discussions.

3. **Conditional Certification of Class.** For purposes of the settlement only, the Court conditionally certifies the Settlement Class, which consists of all individuals over the age of 18 who purchased the Products in the United States between February 21, 2008 and the date of this Order, excluding purchases made for purposes of resale. Individuals excluded from the settlement are: (1) the Honorable Pamela K. Chen, the Honorable Robert M. Levy, the Honorable Wayne R. Andersen (Ret.), and any member of their immediate families; (2) any of Kimberly-Clark's officers, directors, employees, or legal representatives; and (3) any Persons who timely opt out of the Settlement Class.

4. **Claim Form and Notices.** The Court approves, as to form and content, Notices that are substantially similar to the forms attached as Exhibits B1, B2 and B3 to the Settlement

Agreement, as well as a Claim Form that is substantially similar to the form attached hereto as Exhibit 1.  The Claim Form and all the notices are written in plain English and are easy to comprehend.  The Settling Parties shall have discretion to jointly make non-material minor revisions to the Claim Form and Notices before publishing.  Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claims Administrator, subject to the oversight of the Settling Parties and this Court as described in the Settlement Agreement.

5. **Notice Plan.**  The Court finds that the Settling Parties' plan for providing notice to the Settlement Class (as set forth in the Settlement Agreement and the Notice Plan attached as Exhibit A to the Settlement Agreement) is reasonably calculated to provide notice to the Settlement Class of (a) the pendency of the Actions, (b) certification of the Settlement Class, (c) the existence and terms of the Settlement Agreement, (d) Settlement Class Members' rights to make claims, exclude themselves, or object and (e) the matters to be decided at the Final Approval hearing, and satisfies the due process requirements of the New York and United States Constitutions, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.  The Settling Parties and the Claims Administrator shall comply with the Notice Plan attached as Exhibit A to the Settlement Agreement.

6. **Claims Administrator**.  The Court designates, and approves, Kroll Settlement Administration to serve as Claims Administrator.  The Claims Administrator shall provide notice in compliance with 28 U.S.C. §1715.  As set forth in the Notice Plan, the Claims Administrator shall do the following:

(a) No more than fourteen (14) calendar days after this Order is issued, the Claims Administrator shall establish the Settlement Website, which shall contain: (a) the Long Form

Notice; (b) answers to frequently asked questions; (c) a Contact Information page that includes the address for the Claims Administrator and addresses and telephone numbers for Settlement Class Counsel; (d) this Settlement Agreement; (e) this Order; (f) a downloadable and online version of the Claim Form; and (g) a downloadable and online version of the form by which Settlement Class Members may opt out of the Settlement Class. The Claims Administrator shall add to the Settlement Website all other material settlement-related filings, including Plaintiffs' application for an award of attorneys' fees and expenses and awards to Plaintiffs, the memorandum in support of the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until 180 days after all Settlement Benefits are distributed.

(b)     The Claims Administrator shall initiate the process of providing the Online Notice (in substantially the same form as Exhibit B3 to the Settlement Agreement) on websites as set forth in the Notice Plan, so that overall notice of the Settlement is reasonably calculated to apprise the Settlement Class Members of the Settlement.

(c)     The Claims Administrator shall set up a toll-free number as further described in the Notice Plan.

7.     **Final Approval hearing.**  A Final Approval hearing shall be held before this Court at **10:00 a.m. on September 7, 2022** in a Courtroom to be determined, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn NY 11201, to address: (a) whether Settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered; and (b) whether Class Counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs should be approved.

8.     **Filing of Claims.**  Valid and completed Claim Forms must be sent by U.S. mail such that they are received (not just postmarked) by sixty (60) days after the Claims Administrator causes

the Notice Plan to be published, or submitted online by the same date. The Claims Administrator shall provide a declaration to the Court, no later than seven (7) calendar days before the Final Approval hearing, regarding the number and dollar amount of claims received to date.

9. **Requests for Exclusion.**

(a) Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a request for exclusion to the Claims Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be submitted online or received by the Claims Administrator (not just postmarked) by **August 17, 2022**.

(b) No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate. Any Settlement Class Member who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the litigation.

(c) No later than fourteen (14) calendar days prior to the Final Approval hearing, the Claims Administrator shall prepare and deliver to the Settling Parties a list of the names of the Persons who, pursuant to the Long Form Notice, have excluded themselves from the Settlement Class in a valid and timely manner. Plaintiffs' Counsel shall file that list with the Court no later than seven (7) calendar days prior to the Final Approval hearing. The Court retains jurisdiction to resolve any disputed exclusion requests.

      10.      **Objections.**

      (a)      Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement. The written objection must satisfy the requirements described in the Long Form Notice. An objection must be received by the Claims Administrator or Settlement Class Counsel (and not just postmarked) no later than **August 17, 2022**, or it will be rejected.

      (b)      Any Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense, provided they file a request to be heard and/or objection as described in the Long Form Notice. Additionally, if the Settlement Class Member wishes to object to the Settlement at the Final Approval hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection as set forth in the prior paragraph of this Order or demonstrate good cause excusing the Objector from compliance. Immediately upon receipt of any objection, the Claims Administrator shall forward the objection and all supporting documentation to counsel for the Settling Parties. No later than **August 24, 2022**, Settlement Class Counsel shall file all such objections and supporting documentation with the Court. Any Party may submit a response to any objection to the Court by no later than **August 31, 2022**.

      11.      **Final Approval, Attorneys' Fees, and Class Representative Payments.** Plaintiffs shall file their motions for final approval of the Settlement and Class Counsel shall file its application for any award of attorneys' fees and expenses, and awards to Plaintiffs, no later than August 3, 2022, and file the reply in support of that motion and application and in response to any objection and request to intervene no later than August 31, 2022. Those motions and applications and all supporting documentation shall simultaneously be posted to the Settlement Website.

Defendant shall have no obligation to make a separate filing in support of the motion for final approval, but may do so if it so desires.

12. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in these cases or in any other case or controversy; in such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Settling Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

13. Class Representatives and all Settlement Class Members are preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the Plaintiffs' Released Claims (which do not include personal injury claims), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, federal, or foreign court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by any Released Party as a result of the violation.

14. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members. The Final Approval hearing may, from time to time and without further notice to the Settlement Class

Members, be continued by Order of the Court. However, any continuance by the Court will be noted on the Settlement Website.

IT IS SO ORDERED.

DATED: May 19, 2022

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge