UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————— x

D. JOSEPH KURTZ, Individually and on    :    Civil Action No. 1:14-cv-01142-PKC-RML
Behalf of All Others Similarly Situated,    :

                                    :    <u>CLASS ACTION</u>

                Plaintiff,    :

                                    :

    vs.                              :

                                    :

KIMBERLY-CLARK CORPORATION, et al., :

                                    :

              Defendants.   :

                                    :

——————————————————————— x

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
(II) CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES
AND EXPENSES; AND (III) CLASS REPRESENTATIVE PAYMENT**

Plaintiff, on behalf of the proposed Settlement Class, and Class Counsel respectfully submit this reply memorandum of law in further support of: (i) Plaintiff's Motion for Final Approval of Class Action Settlement; (ii) Class Counsel's Application for an Award of Attorneys' Fees and Expenses; and (iii) Class Representative Payment.[1]

## I.    INTRODUCTION

In accordance with the Court's Order Granting Preliminarily Approval of Class Action Settlement (ECF No. 482) (the "Preliminary Approval Order"), the Court-approved Claims Administrator for the Settlement, Gilardi & Co. LLC ("Gilardi"), conducted an extensive notice program, including mailing or emailing notice to over 131,000 potential Settlement Class Members.[2] The notice directed Settlement Class Members to the Settlement Website and the Long Form Notice which informed recipients of, among other things, the essential terms of the Settlement, Class Counsel's intention to apply to the Court for attorneys' fees and expenses in an amount not to exceed $3,000,000, and a Class Representative Payment of up to $10,000 to Dr. Kurtz.  Additionally, the notice and Claim Form, along with other case documents, were made available on the website established for the Settlement, https://costcoflushablewipessettlement.com/.  Notably, the Settlement also received extensive media coverage.  *See* Final Approval Brief at 2 and n.3.[3]  The deadline to file

---

[1]   Unless otherwise stated or defined, all capitalized terms herein have the meanings provided in the Settlement Agreement and General Release ("Settlement Agreement") (ECF No. 469-1) or in Plaintiff's Memorandum of Law in Support of: (1) Plaintiff's Motion for Final Approval of Class Action Settlement; (2) Class Counsel's Application for an Award of Attorneys' Fees and Expenses; and (3) Class Representative Payment ("Final Approval Brief") (ECF No. 484).  All internal quotations and citations are omitted, and all emphasis is added.

[2]   *See* Declaration of Derek Smith Regarding Notice Response, dated August 23, 2024 ("Gilardi Resp. Decl."), submitted herewith as Exhibit 1; *see also* Declaration of Derek Smith Regarding Notice Procedures (ECF No. 485-3) ¶¶3-8.

[3]   A recent Google News search for media discussing the Settlement yielded no less than two dozen articles published between July 2, 2024 and August 8, 2024, with many providing direct links to the Settlement Website.

an objection to any aspect of the Settlement or for persons to request exclusion from the Settlement –

August 9, 2024 – has now passed.

Plaintiff and Class Counsel are pleased to advise the Court that they have not received a

*single* objection to *any* aspect of the Settlement, including the requested attorneys' fees and expenses

and Class Representative Payment.  Additionally, Plaintiff, who has prosecuted, monitored, and

overseen this class action Litigation and Settlement for over ten years, has expressly endorsed both

the Settlement and Class Counsel's requested attorneys' fees and expenses in a sworn declaration

(*see* ECF 485-4, ¶5).  Plaintiff's support and the total absence of objections are clear testaments to

the fairness, adequacy, and reasonableness of the Settlement, the fee and expense request, and the

request for a Class Representative Payment.  Therefore, for all the reasons set forth in the briefs and

declarations filed in support, Plaintiff requests that the Court approve the Settlement and the

requested attorneys' fees, expenses and Class Representative Payment.

## II.      ARGUMENT

### A.      The Class's Reaction Strongly Supports Approval of the Settlement

Plaintiff and Class Counsel respectfully submit that the opening papers in support of the

motion for final approval of the Settlement demonstrate that the motion should be granted.  Now that

the time for objecting has passed, the Settlement Class's reaction also clearly supports approval.

As Judge Weinstein confirmed, "[i]t is well settled that the reaction of the class to the

settlement is perhaps the *most* significant factor to be weighed in considering its adequacy. In fact,

the lack of objections may well evidence the fairness of the Settlement."  *In re MetLife*

*Demutualization Litig.*, 689 F. Supp. 2d 297, 333 (E.D.N.Y. 2010) (quoting *Maley v. Del Glob.*

*Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002)); *In re Payment Card Interchange Fee &*

*Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019) (quoting same);

*see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small

number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974)) ("A favorable reception by the class constitutes **strong** evidence that a proposed settlement is fair."). Following the extensive notice program undertaken in accordance with the Court's Preliminary Approval Order, the fact that there was not a single objection strongly supports approval of the Settlement.

While there were 73 requests for exclusion received, each of those potential Settlement Class Members also submitted a claim for monetary relief. *See* Gilardi Resp. Decl. ¶4 and Ex. A, attached thereto. Gilardi is following up with these individuals to advise them that they will not receive Settlement benefits unless they rescind their request for exclusion as the Settlement Notice and website made clear that Settlement Class Members could not both submit a claim and request to be excluded from the Settlement. *Id.* Even presuming none of these Settlement Class Members withdraw their exclusions, such a small number of requests (0.056% of the Settlement Class) strongly favors the settlement. *See, e.g.*, *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 267 (S.D.N.Y. 2012) ("Given the absence of significant exclusion or objection—the rate of exclusion is 5.1% and the rate of objection is less than 1%—[the reaction of the class] weighs strongly in favor of approval.").

## B. The Class's Reaction Also Strongly Supports Approval of Class Counsel's Fee and Expense Request

As is true with the Settlement, not a single Settlement Class Member has objected to Class Counsel's requests for an award of attorneys' fees of $2,849,015.75 and expenses (including court costs) of $150,984.25, and an award of up to $10,000 to Plaintiff for his decade-long representation of class members. In addition to the protracted and contentious nature of the proceedings over the course of a decade, the significant results achieved, the efficient prosecution of Plaintiff and

Settlement Class Member's claims, and the risks associated with continued Litigation, the fact that there are no objections to the fee application is additional strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g.*, *MetLife*, 689 F. Supp. 2d at 364 ("The favorable reaction of the class supports counsel's [fee] application."); *Maley*, 186 F. Supp. 2d at 374 (finding that the "overwhelmingly positive response by the Class" – *i.e.*, the absence of objections following mailing of 2,086 notices and publication in a national periodical – "attests to the approval of the Class with respect to . . . the fee and expense application"); *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.").

## III.    CONCLUSION

For the foregoing reasons and the reasons detailed in their opening papers, Plaintiff and Class Counsel respectfully request that the Court approve: (i) the Class Action Settlement; (ii) Class Counsel's application for an award of attorneys' fees and expenses; and (iii) the Class Representative Payment.

DATED:  August 23, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
VINCENT M. SERRA
FRANCIS P. KARAM
JOSHUA D. FORGY

                                    */s/ Vincent M. Serra*
                                    VINCENT M. SERRA

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
vserra@rgrdlaw.com
fkaram@rgrdlaw.com
jforgy@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com

*Attorneys for Plaintiff*