UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. Joseph Kurtz, *et. al* | Case No. 1:14-cv-01142-PKC-RML |
| Plaintiff, | |
| v. | Hon. Pamela Chen |
| Kimberly Clark Corporation, *et. al* | |
| Defendants | |

**OBJECTION TO RENEWED MOTION FOR SETTLEMENT APPROVAL [DKT. 495]**

Pursuant to Rule 23(e)(5), class member Shiyang Huang files a brief to OPPOSE the renewed motion to approve the proposed class-action settlement. Any necessary extension to file this brief should be granted due to Plaintiff's lack of notice on remand. *Pioneer Inv. Servs. Co. v. Brunswick Assos. Ltd. P'ship,* 507 U.S. 380, 391-95 (1993).

**1.** Huang is a member of the proposed class and ***was deprived of economic incentive to file a claim*** thanks to Plaintiff's high-performance claims-throttling process. As a *pro bono,* experienced class-action watchdog (who helped class members recover $27 million for just $501; *see, e.g.,* https://tinyurl.com/3k2e4jfm), he recalls having little incentive (if at all) to claim with dirty Kimberly Clark flushing wipe UPCs: he must be a lunatic to print a claim form, type/write addresses, and use an envelope plus stamp (for about $0.75) to mail-in this UPC found in a bathroom, for no more than $1 net (*nothing* if the UPC got lost in the mail, or the claim is denied by settlement administrator's opaque settings). *See* Email attached. He opposes the renewed motion—for denial of settlement or to receive more for his claim. *Berni v. Barilla S.p.A.,* 964 F.3d 141, 146 (2d Cir. 2020); *In re Navigant Consulting Inc. Sec. Litig.,* 275 F.3d 616, 620 (7th Cir. 2001).

1

**2**. Plaintiff "[owes] fiduciary duty not to throw away what could be a major component of the class's recovery". *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2015). But Plaintiff *sure did* to Huang's (and others) forcing ~$0.75 cost to claim barely $1 recovery, thanks to this high-performance claims throttling process (*déjà vu* in health insurance approvals). The court of appeals long criticized such "incentives … for the lawyers to agree to a less than optimal settlement "in exchange for red-carpet treatment on fees."" *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 52-53 (2d Cir. 2000) (quoting *Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir. 1991)).

3. Although the vacatur left options for this Court, the choices are apparently clear:

First option is to set Plaintiff's fee at 25% of *actual* claims made—as a reminder of "[c]lass members are not indifferent to whether funds are distributed to them [or not] and class counsel should not be either." *In re Baby Prods. Antitrust Litig.,* 708 F.3d 163, 178 (3d Cir. 2013). *See also Hesse v. Godiva Chocolatier, Inc.,* 2022 WL 22895466, at *11 (S.D.N.Y. Apr. 20, 2022) ("25 percent of … benefit actually obtained[] is appropriate.")

Otherwise this Court should deny settlement approval if the disproportion gravely "thr[e]w away … a major component of the class's recovery" (*Knowles,* 568 U.S. at 594) such that it is better to deny approval until a fair deal comes by. *Briseno v. Henderson,* 998 F.3d 1014 (9th Cir. 2021); *Pearson v. NBTY Inc.,* 772 F.3d 778 (7th Cir. 2014).

The first option may seem expedient, but *Hesse* did just that and could not deter copycat settlements from appearing in federal court dockets. Huang argues that denial of this settlement is needed for better final class recovery vis-à-vis Plaintiff's claims so that Plaintiff can think more about how to get more class relief (not how to protect their fees).

Dated: September 21, 2025                    Respectfully Submitted,

Shiyang Huang
/s/ SHIYANG HUANG
2813 SW Rother Rd
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 21, 2025, the above document was served via EDNY's *pro se* filing service and CM/ECF will serve all counsels of record.

/s/ Shiyang Huang